IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BONE CARE INTERNATIONAL LLC and GENZYME CORPORATION,<br><br>*Plaintiffs,*<br><br>v.<br><br>PENTECH PHARMACEUTICALS, INC.,<br><br>*Defendant.* | Civil Action No.: 08-cv-1083<br><br>Honorable Robert M. Dow Jr.<br>Magistrate Judge Martin C. Ashman |

## JOINT RULE 26(f) REPORT

Pursuant to this Court's March 14, 2008 Order, Rule 26 of the Federal Rules of Civil Procedure, and Local Rule 26.1, a meeting was held on April 14, 2008 between Plaintiffs Bone Care International LLC ("Bone Care") and Genzyme Corporation ("Genzyme"), and Defendant Pentech Pharmaceuticals, Inc. ("Pentech"). The Parties submit this Initial Status Report.

A.   **Attorneys Of Record**

The name of each attorney appearing, the firm name, address, telephone number, facsimile number and the party represented are as follows:

For Plaintiffs Bone Care and Genzyme:

*Local Counsel:*
Sarah R. Wolff
Jennifer Yule DePriest
REED SMITH LLP 10 South Wacker Drive, 40th Floor
Chicago, Illinois 60606-7507
Phone: (312) 207-1000
Facsimile: (312) 207-6400

*Lead Counsel:*
Robert L. Baechtold
Scott K. Reed
Filko Prugo
Fiona E. Darkin
Daniel J. Minion
FITZPATRICK, CELLA, HARPER & SCINTO
30 Rockefeller Plaza
New York, New York 10112-3800
Phone: (212) 218-2100
Facsimile: (212) 218-2200

For Defendant Pentech:

| | |
|---|---|
| *Local Counsel:* | *Lead Counsel:* |
| Robert Breisblatt | Robert S. Silver |
| KATTEN MUCHIN ROSENMAN LLP | Bruce J. Chasan |
| 525 West Monroe Street | Mona Gupta |
| Chicago, Illinois 60661-3693 | William J. Castillo |
| Telephone: (312) 902-5480 | William C. Youngblood |
| Facsimile: (312) 577-8792 | CAESAR, RIVISE, BERNSTEIN, COHEN |
| | & POKOTILOW, LTD. |
| | 1635 Market Street 11th Floor |
| | Philadelphia, PA 19103-2212 |
| | Telephone: (215) 567-2010 |
| | Facsimile: (215) 751-1142 |

The attorney(s) expected to try the case for Plaintiffs are: Robert L. Baechtold, Scott K. Reed, Filko Prugo and Sarah R. Wolff. The attorney(s) expected to try the case for Defendant are: Robert S. Silver, William J. Castillo, Bruce J. Chasan, William C. Youngblood, and Robert Breisblatt.

**B.     Basis For Federal Jurisdiction**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**C.     Nature Of The Claims Asserted**

This is a patent infringement action brought by Plaintiffs under the Hatch-Waxman Act. Plaintiffs allege that Pentech has infringed U.S. Patents Nos. 5,602,116 ("the '116 patent") and 6,903,083 ("the '083 patent") by filing an Abbreviated New Drug Application ("ANDA"), seeking approval from the United States Food and Drug Administration ("FDA") to engage in the commercial manufacture, use, and/or sale of a generic product containing 2 µg/mL of the active ingredient doxercalciferol, before the expiration of the '116 and '083 patents. Plaintiff Genzyme holds approved New Drug Application ("NDA") No. 021-027 for a product containing 2 µg/mL of the active ingredient doxercalciferol, which it sells under the trademark Hectorol®. Plaintiff Bone Care is the owner of the '116 and '083 patents. Genzyme is the sole member of Bone Care. The '116 patent claims, among other things, a method for lowering or maintaining lowered serum parathyroid hormone in human patients suffering from hyperparathyroidism secondary to end stage renal disease by administering doxercalciferol. The '083 patent claims, among other things, a stabilized form of doxercalciferol and pharmaceutical compositions containing that stabilized form. Defendant Pentech's ANDA seeks approval for a generic version of Plaintiffs' Hectorol® product. Plaintiffs seek to enjoin Pentech from engaging in the commercialization or importation of Pentech's generic product until after the expiration of the '116 and/or '083 patents and any exclusivity to which Genzyme and/or Bone Care are or become entitled.

Defendant alleges the '116 and '083 patents are not infringed and/or are invalid.

D. **Identification Of Parties That Have Not Been Served**

All parties have been served.

E. **Principal Legal Issues**

The principal legal issues are the validity of the '116 patent and validity and infringement of the '083 patent.

F. **Principal Factual Issues**

The principal factual issues will involve (1) the state of the art and the knowledge and skill of a hypothetical person of ordinary skill in the art at the time of invention of the '116 and '083 patents and whether the prior art renders the '116 and '083 patents invalid; and (2) whether Pentech's proposed generic product infringes the '083 patent.

G. **Jury Demand**

At the present time, there is no demand for a jury.

H. **Discovery Taken, Anticipated, Suggested Dates For Deadlines And Cutoff**

The parties have not conducted any discovery to date. Discovery is needed on the following issues: the basis for Pentech's invalidity defenses to the '116 and '083 patents and Pentech's infringement of the '083 patent. Parties propose the following dates for discovery:

| EVENT | Proposed Dates |
|---|---|
| Deadline To Join Parties And Amend Pleadings | April 23, 2009 |
| Document Production Completed | October 23, 2008 |
| Fact Discovery Completed | February 20, 2009 |
| Expert Reports For Issues On Which The Party Bears The Burden Of Proof | April 17, 2009 |
| Responding Expert Reports, including commercial success | June 12, 2009 |
| Reply Expert Reports, including response to any commercial success | August 7, 2009 |
| Expert Depositions Begin | August 28, 2009 |
| Expert Depositions End | October 23, 2009 |
| Dispositive Motions | November 20, 2009* |
| Responses To Dispositive Motions | December 31, 2009* |
| Reply To Dispositive Motions | January 15, 2010* |
| Deadline for filing a Pretrial Order | 4 weeks prior to date set for trial |
| Trial | April, 2010 |

3

\*      The parties disagree on the timing of filing of dispositive motions. Plaintiffs propose dispositive motions be filed on November 20, 2009 with responses and replies due per the above schedule. Defendant proposes dispositive motions be filed at any time, but no later than November 20, 2009 with responses due 5 weeks from the initial dispositive motion and replies due 2 weeks from the response.

The parties also disagree on the timing of claim construction proceedings. Plaintiffs propose claim construction begin immediately after the completion of fact discovery, with the exchange of the preliminary claim construction charts occurring March 6, 2009. Defendant proposes claim construction coincide with fact discovery, with the exchange of the preliminary claim construction charts occurring August 8, 2008.

### a)   Discovery Limitations

The parties agree to: fifteen (15) depositions limited to seven (7) hours each, with leave to request additional depositions from the Court for cause; twenty-five (25) interrogatories, including all subparts, per patent; the party with the burden of proof on a given issue concerning a contention interrogatory shall answer first; and requests for admission shall be limited to a maximum of one hundred (100) per patent-in-suit. Plaintiffs will be considered as one party for these limitations.

### b)   Electronic Discovery

The parties have discussed electronic discovery and have agreed to have further discussions on this issue and to work in good faith to resolve any issues that arise. Depending upon the type and scope of discovery requests served in this case, the parties may have a substantial volume of electronic documents, such as email, that could be relevant. As such, the parties may seek the entry of one or more protective orders directed to the search for and production of electronically stored information.

### c)   Privilege Issues

The parties agree to follow the guidelines and procedures set forth in Rule 26(b)(5) regarding claims of privilege.

### d)   Protective Order

The parties recognize the need for a comprehensive protective order. The parties will negotiate the terms of a protective order, and will file a joint motion for a stipulated protective order by May 9, 2008.

### I.   Trial Date And Estimated Length Of Trial

As far as is reasonably ascertainable at this early stage of the case, the parties estimate they will be ready for trial in April, 2010 and the estimated length of trial is seven days.

J.   **Magistrate Judge**

The parties do not consent to the trial being conducted by a Magistrate Judge.

K.   **Status Of Any Settlement Discussions**

Settlement discussions have not occurred at this early stage, but the parties are open to conducting settlement discussions in the future.

L.   **Parties' Request For A Settlement Conference**

The parties do not believe that a settlement conference would be productive at this early stage of the proceedings, but are open to the possibility of a settlement conference in the future.

Respectfully submitted,

/s/ Jennifer Yule DePriest
Sarah R. Wolff
Jennifer Yule DePriest
REED SMITH LLP
10 South Wacker Drive, 40th Floor
Chicago, Illinois 60606-7507
Phone: (312) 207-1000
Facsimile: (312) 207-6400
jdepriest@reedsmith.com

**ATTORNEYS FOR PLAINTIFFS**

/s/ Robert Breisblatt
Robert Breisblatt
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, Illinois 60661-3693
Telephone: (312) 902-5480
Facsimile: (312) 577-8792

**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2008, a copy of the foregoing **Joint Rule 26(f) Report** was filed electronically. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system.

/s/ Jennifer Yule DePriest
Jennifer Yule DePriest