## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BONE CARE INTERNATIONAL LLC**<br>**and GENZYME CORPORATION,** ) | |
| ) | |
| ) | **Civil Action No. 08 C 1083** |
| **Plaintiffs,** ) | |
| ) | **JUDGE DOW** |
| **v.** ) | **MAGISTRATE JUDGE ASHMAN** |
| ) | |
| **PENTECH PHARMACEUTICALS,** ) | **JURY TRIAL DEMANDED** |
| **INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## PENTECH'S MEMORANDUM OF LAW IN SUPPORT OF HOLDING CLAIM CONSTRUCTION PROCEEDINGS CONCURRENTLY WITH DISCOVERY

### I.    INTRODUCTION

Defendant proposes that claim construction coincide with fact discovery exchanging claim construction charts on August 8, 2008. Plaintiffs propose claim construction after fact discovery, exchanging claim construction charts on March 6, 2009. Early claim construction streamlines the issues for trial, leading to a more speedy and efficient resolution.

### II.    ARGUMENT

#### A.    Claim Construction is Achievable Without Fact Discovery

Construing claim terms is a question of law. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995), *aff'd* 517 U.S. 370 (1996). "[D]istrict court[s] ha[ve] considerable latitude in determining when to resolve issues of claim construction." *CytoLogix Corp. v. Ventana Medical Systems, Inc.*, 424 F.3d 1168, 1172 (Fed. Cir. 2005).

Disputed claim terms *must* be interpreted before claims can be adjudged invalid or infringed. *Rockwell International Corp. v. U.S.*, 147 F.3d 1358, 1362 (Fed. Cir. 1998).

169398_1

Early claim construction streamlines discovery, reduces expenses, promotes judicial efficiency and leads to a faster resolution.[1]  Additionally, early claim construction can be an impetus for parties to settle sooner.[2]  Construing claims can safely be done prior to completing fact discovery.  *MediaCom Corp. v. Rates Technology, Inc.*, 4 F.Supp.2d 17, 22 (D. Mass. 1998).

Claim terms are generally given their ordinary and customary meaning as understood by one of ordinary skill in the art.  *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (*en banc*).  In interpreting claims, the court *looks first to the intrinsic record evidence, i.e.*, the patent, including the claims, specification and prosecution history.  *Liquid Dynamics Corp. v. Vaughan Co., Inc.*, 355 F.3d 1361, 1367 (Fed. Cir. 2004).  That evidence is the *most significant source* of the legally operative meaning of disputed claim language.  *Id.*

Extrinsic evidence can shed useful light on the relevant art, but it is less significant than the intrinsic record in construing claims.  *Phillips*, 415 F.3d at 1317. Extrinsic evidence may be used only when the claim language is genuinely ambiguous after considering intrinsic evidence, a situation which rarely, if ever, occurs.  *Interactive Gift Express, Inc. v. Compuserve Inc.*, 256 F.3d 1323 (Fed. Cir. 2001).

Dictionaries and treatises can be useful in claim construction, *see Phillips*, 415 F.3d at 1318, but "litigation-derived inventor testimony," concerning the meaning of

---

[1] *See, e.g.*, David H. Binney & Toussaint L. Myricks, *Patent Claim Interpretation After Markman - - How Have the Trial Courts Adapted?*, 38 IDEA 155, 162 (1997) ("[E]arly claim interpretation may lead to resolution or disposition of many cases earlier in time and at far less expense to the litigants.").

[2] David G. Herr, *Annotated Manual for Complex Litigation*, § 33.223 (4th ed. 2007) ("[E]arly claim construction may … facilitate settlement.").

claim language, "is entitled to little, if any, probative value." *Solomon v. Kimberly-Clark Corp.*, 216 F.3d 1372, 1379 (Fed. Cir. 2000).

Expert testimony may provide technological background and explain how an invention works, to ensure the court's technical understanding is consistent with that of one in the art, or to establish that a term has a particular meaning in the field, *Phillips*, 415 F.3d at 1318, but such testimony may not contradict the meaning of terms based on the intrinsic record. *Id.*

It is most likely that the only evidence relevant to claim construction here, is that from the intrinsic record, which is freely available to the parties without any discovery. There is thus no compelling interest in delaying claim construction proceedings until the conclusion of fact discovery.

A judicial trend favors early claim construction. Several courts issued local patent rules favoring the early disposition of claim construction,[3] and "requir[e] the parties to take positions sooner rather than later … [thereby] discourag[ing] gamesmanship and tend[ing] to facilitate early resolution of the dispute." *McKesson Information Solutions LLC v. Epic Systems Corp.*, 495 F.Supp.2d 1329, 1332 (N.D. Ga. 2007). These local rules provide certainty and minimize the overall burden and expense on the Court and litigants. *Id.* They contemplate a claim construction hearing about 205 days after the initial case management conference. For those districts which require exchanging preliminary claim construction charts, the rules call for such an exchange less than 90 days after the initial conference. Defendant proposes that the parties exchange

---

[3] The Northern Districts of California, Georgia and Texas, The Eastern District of Texas, The Western District of Pennsylvania, and The Southern District of California.

preliminary claim construction charts on August 8, 2008, well over 90 days after the April 23, 2008 initial conference.

This Court's March 11, 2008 Standing Order For Patent Claim Construction Proceedings ("Standing Order") follows schedules of other courts' local rules. In both the Northern District of California and the Eastern District of Texas, a claim construction hearing occurs approximately 110 days after exchange of preliminary claim construction charts. Although the Standing Order includes two unspecified time increments[4], it is reasonable to assume that the time between exchange of preliminary claim construction charts and the claim construction hearing would be approximately 110 days. If so, Defendant's proposal results in a claim construction hearing on November 26, 2008, three months *before* fact discovery closes. Plaintiffs' proposal results in such a hearing on June 24, 2009, approximately four months *after* fact discovery closes.

## B.    Early Claim Construction Furthers Expediting ANDA Cases

There is a heightened interest in effecting a speedy resolution of Abbreviated New Drug Application ("ANDA") cases. Under the Hatch-Waxman Act, a generic's filing with the FDA of an ANDA for a generic version of a drug such as Pentech's here, is an act of infringement. *Andrx Pharmaceuticals, Inc. v. Biovail Corp.*, 276 F.3d 1368, 1371 (Fed. Cir. 2002). The ANDA applicant notifies the patentee of the filing and the patentee has 45 days to sue the ANDA applicant, *Andrx*, 276 F.3d at 1371, to automatically trigger a stay precluding the FDA from approving the ANDA for 30 months. *Id.* The 30-month stay effectively prevents the ANDA applicant from launching its product during the stay,

---

[4] The Standing Order does not precisely specify the time between: (1) the parties' meeting to determine which claims are in dispute and submission of a joint claim construction chart; and (2) the Plaintiff's reply brief and the parties' joint prehearing statement. Otherwise, a total of 84 days are accounted for in the Standing Order between exchange of preliminary claim charts and the claim construction hearing.

and is intended to provide "an adequate window of time during which to litigate," to a final decision. *Ben Venue Labs., Inc. v. Novartis Pharmaceutical Corp.*, 146 F.Supp.2d 572, 579 (D. N.J. 2001). If litigation is still ongoing after the 30-month stay expires, the ANDA applicant can only launch its product at-risk. The ANDA statute "imposes serious obligations on the parties to expedite the litigation." *Imperial Chemicals Indus., PLC v. Barr Labs., Inc.*, 126 F.R.D. 467, 474 (S.D.N.Y. 1989); *Smithkline Beecham Corp. v. Pentech Pharm., Inc.*, 2002 WL 1303137, at *2 (N.D. Ill. June 13, 2002) ("[T]he Court takes very seriously its judicial responsibility to guide the case to its conclusion before the end of the thirty-month FDA stay."). The Hatch-Waxman Act is designed "to increase competition in the drug industry by facilitating the approval of generic copies of drugs." *CollaGenex Pharmaceuticals, Inc. v. IVAX Corp.*, 375 F.Supp.2d 120, 141 (E.D.N.Y. 2005).

Plaintiffs sued Defendant on February 21, 2008, and the 30-month stay ends on August 21, 2010. If the parties exchange preliminary claim construction charts August 8, 2008, as per Defendant's proposal, a claim construction hearing would occur on or about November 26, 2008, leaving approximately 21 months to litigate until the 30-month stay expires. Under Plaintiffs' proposal, a claim construction hearing would occur on or about June 24, 2009, leaving only 14 months to litigate before the 30-month stay expires.[5] Under Defendant's proposal, it is far more probable that this case will be resolved prior to expiration of the 30-month stay, than under Plaintiffs' proposal.

## III.    CONCLUSION

Defendant respectfully requests scheduling early claim construction proceedings.

---

[5] These calculations do not account for the additional time it will take the Court to render a decision on claim construction.

Dated:  May 23, 2008

Respectfully submitted,

By _____

Robert S. Silver
William J. Castillo
CAESAR, RIVISE, BERNSTEIN,
COHEN & POKOTILOW, LTD.
1635 Market Street, 11th Floor
Philadelphia, PA  19103
Telephone: (215) 567-2010
Facsimile: (215) 741-1142
*rssilver@crbcp.com*

Robert B. Breisblatt
Katten Muchin Rosenman LLP
525 W. Monroe Street | Chicago, IL 60661
Telephone: (312) 902-5480
 Facsimile: (312) 577-8792
*Robert.Breisblatt@kattenlaw.com*
*Attorneys for Defendant, Pentech*
*Pharmaceuticals, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of May, 2008, a true and correct copy of the

**PENTECH'S MEMORANDUM OF LAW IN SUPPORT OF HOLDING CLAIM**

**CONSTRUCTION PROCEEDINGS CONCURRENTLY WITH DISCOVERY** is

being emailed, as well as mailed, via United States Postal Services, first class mail, postage

prepaid in an envelope addressed to:

Sarah R. Wolff
Jennifer Yule DePriest
REED SMITH LLP
10 South Wacker Drive, 40th Floor
Chicago, IL  60606-7507
*swolff@reedsmith.com*
*jdepriest@reedsmith.com*

Robert L. Baechtold
Scott K. Reed
Filko Prugo
FITZPATRICK, CELLA, HARPER & SCINTO
30 Rockefeller Plaza
New York, NY  10112-3800
*rbaechtold@fchs.com*
*sreed@fchs.com*
*fprugo@fchs.com*


William J. Castillo