## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **BONE CARE INTERNATIONAL LLC** | ) |
| **and GENZYME CORPORATION,** | ) |
| | ) **Civil Action No. 08 C 1083** |
| **Plaintiffs,** | ) |
| | ) **JUDGE DOW** |
| v. | ) **MAGISTRATE JUDGE ASHMAN** |
| | ) |
| **PENTECH PHARMACEUTICALS,** | ) |
| **INC.,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

### DECLARATION OF ROBERT S. SILVER, ESQ.

I, ROBERT S. SILVER, declare and state as follows:

1.      I am a shareholder/partner in the law firm of Caesar, Rivise, Bernstein, Cohen & Pokotilow, Ltd., and am lead counsel for Pentech Pharmaceuticals, Inc. ("Pentech") in the above-captioned case.

2.      I submit this declaration based on personal knowledge in support of Defendant Pentech's Brief in Support of Designating Certain Portions of its ANDA as Highly Confidential Under the Proposed Stipulated Protective Order.  I have personal knowledge of the facts set forth herein except where stated to be on information and belief, in which case, I believe those facts to be true.

3.      I certify that the document attached hereto as Exhibit 1 is a true and correct copy of the Stipulated Protective Order executed by the Honorable Joan B. Gottschall on May 29, 2008, in the matter of *Connetics Corporation Stiefel Research Australia Pty. Ltd. v. Pentech Pharmaceuticals, Inc.,* 07 Civ. No. 6297, currently pending in the United States District Court for the Northern District of Illinois, Eastern Division (hereinafter "*Connetics v. Pentech*").

4.    Defendant Pentech in this litigation is the same Defendant as the one in the *Connetics v. Pentech* litigation. I am also lead counsel for Pentech in the *Connetics v. Pentech* litigation and was directly involved in reaching an agreement with opposing counsel as to the terms of the Stipulated Protective Order with the Court's assistance.

5.    I certify that the document attached hereto as Exhibit 2 is a true and correct copy of the Stipulated Protective Order executed by the Honorable Robert P. Patterson on February 15, 2007, in the matter of *Unigene Laboratories, Inc., et al. v. Apotex, Inc., et al.*, 06-CV-5571, currently pending in the United States District Court for the Southern District of New York (hereinafter "*Unigene v. Apotex*").

6.    I am lead counsel for both Apotex, Inc. and Apotex Corp. (hereinafter "Apotex") in the *Unigene v. Apotex* litigation and was directly involved in reaching an agreement with opposing counsel as to the terms of the Stipulated Protective Order.

7.    The Stipulated Protective Orders in both *Connetics v. Pentech* and *Unigene v. Apotex* are two-tier protective orders as they categorize discovery materials as either CONFIDENTIAL or ATTORNEY'S EYES ONLY/HIGHLY CONFIDENTIAL. *See, e.g.*, Exhibit 1 at ¶¶ 2-3 and Exhibit 2 at ¶ 2(a)-(d). In those two cases, in-house counsel do not have access to information designated ATTORNEY'S EYES ONLY or HIGHLY CONFIDENTIAL. Exhibit 1 at ¶¶ 9(a)(5) and 9(b)(1) and Exhibit 2 at ¶¶ 5(a)(ii) and 5(b).

8.    The Stipulated Protective Orders in both *Connetics v. Pentech* and *Unigene v. Apotex* case do not permit in-house counsel to have access to or otherwise review the Abbreviated New Drug Application ("ANDA") at issue in those cases. Nor can in-house counsel have access to or review other documents designated HIGHLY CONFIDENTIAL or

ATTORNEY'S EYES ONLY. In fact, in *Unigene v. Apotex* the ANDA was marked "Outside Attorneys' Eyes Only."

9.      In the *Connetics v. Pentech* litigation, plaintiffs filed a Motion seeking a Protective Order that would allow their in-house counsel access to Pentech's ANDA. Pentech opposed the Motion and filed its own Motion for a Protective Order that would ***not*** allow plaintiffs' in-house counsel access to Pentech's ANDA. On May 29, 2008, the Honorable Gottschall denied plaintiff Connetics' Motion and granted Pentech's Motion. I certify that the document attached hereto as Exhibit 3 is a true can correct copy of docket entry 48 stating the same. I certify that a true and correct copy of the Order mentioned in docket entry 48 is attached hereto as Exhibit 4.

10.     In the *Connetics v. Pentech* litigation, the Honorable Gottschall denied plaintiffs' request for their in-house counsel to have access to Pentech's ANDA despite the assurances in-house counsel provided to prevent any inadvertent disclosure of Pentech's trade secrets. *Id.* at p. 5.

11.     I certify that the document attached hereto as Exhibit 5 is a true and correct copy of the January 29, 2007 letter from Unigene's outside counsel, Joseph A. DeGirolamo, Esq., to the Honorable Theodore H. Katz, the Magistrate Judge in the *Unigene v. Apotex* litigation. In the letter, Mr. DeGirolamo requested a conference with the Court to discuss *inter alia* whether Unigene's designated in-house counsel (James Marino, Esq.) should be permitted access to "Highly Confidential" information, including Apotex's ANDA. Exhibit 5 at p. 1.

12.     Judge Patterson granted Unigene's request for a conference but denied their request that Mr. Marino be granted access to "Highly Confidential" information, including Apotex's ANDA. Judge Patterson denied the request despite the "safeguards" Unigene's

counsel proposed to prevent "inadvertent use or disclosure" of Apotex's confidential information.  Exhibit 5 at p. 3.


I certify under penalty of perjury that the foregoing is true and correct.


Dated: June 3, 2008                      /s/ Robert S. Silver
                                         Robert S. Silver

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

CONNETICS CORPORATION and
STIEFEL RESEARCH AUSTRALIA PTY.
LTD.,

        Plaintiffs,

        v.

PENTECH PHARMACEUTICALS, INC.,

        Defendant.

:
:
:
:
:
:
:
:
:
:
:
:
:

07 Civ. No. 6297

**STIPULATED PROTECTIVE ORDER**

WHEREAS Plaintiffs Connetics Corporation and Stiefel Research Australia Pty. Ltd. ("Connetics") and Defendant Pentech Pharmaceuticals, Inc. ("Pentech") are parties to the above-referenced patent infringement action;

WHEREAS discovery in this action will likely require the disclosure of certain trade secrets or other confidential research, development or commercial information within the meaning of Rule 26 of the Federal Rules of Civil Procedure that are in the possession, custody or control of Connetics, Pentech, and/or non-parties;

WHEREAS such confidential information must be protected in order to preserve the legitimate business interests of the parties and/or non-parties; and

WHEREAS the parties have conferred in good faith and stipulated to the entry of this Protective Order for the purpose of advancing the progress of this case and to prevent unnecessary dissemination or disclosure of such confidential information;

**EXHIBIT**

1

THEREFORE, for good cause shown, pursuant to Rule 26(c), all discovery and other materials exchanged by the parties and/or non-parties, or filed with the Court, in the above-captioned case shall be provided subject to the following conditions:

1.      This Protective Order shall apply to all documents, things, or information subject to discovery in this action that are owned or controlled by a party and/or a non-party and contain its trade secrets and/or other confidential research, development, or commercial information, including without limitation documents, things, deposition testimony, interrogatory answers, answers to requests for admissions, and other discovery materials, whether produced informally or in response to requests for production of documents or things, interrogatories, requests for admission, or other formal methods of discovery (" Designated CONFIDENTIAL Material").

2.      "CONFIDENTIAL Material" shall include (i) information relating to research and development, (ii) submissions to the United States Food and Drug Administration ("FDA") and related documents, and (iii) information relating to the marketing, sales, composition, manufacturing, technical properties, or testing of pharmaceutical formulations (or any of the ingredients, substances, or packaging materials used therein).

3.      Certain limited types of CONFIDENTIAL Material may be further designated by a party and/or non-party as "ATTORNEY'S EYES ONLY" ("Designated ATTORNEY'S EYES ONLY Material"). The "ATTORNEY'S EYES ONLY" designation shall be reserved for the following categories:  (i) information relating to pending patent applications or drafts of patent applications; (ii) information relating to products currently in development and that have not been the subject of an application filed with the FDA, as well as products for which ANDAs ("Abbreviated New Drug Applications") or NDAs ("New Drug Applications") have been filed,

2

including but not limited to the ANDAs/NDAs themselves as well as any related documents;
(iii) business or strategic plans; (iv) future sales/financial projections; (v) current or future
marketing plans; and (vi) other proprietary data, business, financial or commercial information,
including but not limited to commission, structure, cost structure and/or profit margin
information, the disclosure of which is likely to cause harm to the competitive position of the
designating party.

4.      Each party and any non-party shall have the right to designate as confidential and
subject to this Protective Order any CONFIDENTIAL Material that is entitled to protection
under Rule 26(c)(1)(H) of the Federal Rules of Civil Procedure. It shall be the duty of the party
or non-party who seeks to invoke protection under this Protective Order to give notice, in the
manner set forth in Paragraphs 5 and 6, below, of the CONFIDENTIAL Material designated to
be covered by this Protective Order. The duty of the other parties and of all other persons
bound by this Protective Order to maintain the confidentiality of CONFIDENTIAL Material so
designated shall commence with such notice.

5.      The party or non-party producing any documents or things containing
CONFIDENTIAL Material who seeks to invoke protection under this Protective Order for that
material shall designate that material by stamping or labeling each page of that document or
thing with either the legend "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" , or
with the legend "SUBJECT TO PROTECTIVE ORDER-ATTORNEY'S EYES ONLY", at the
time the document or thing, or a copy thereof, is provided to the requesting party. Inadvertent
production of documents or things containing CONFIDENTIAL Material without such legends
shall not waive the confidentiality of that material if written notice is furnished to the receiving
party that the material shall be designated CONFIDENTIAL—SUBJECT TO PROTECTIVE

ORDER or SUBJECT TO PROTECTIVE ORDER-ATTORNEY'S EYES ONLY Material and subject to this Protective Order. With respect to all documents or things provided for inspection by a party's or non-party's counsel, designation by stamping or labeling as "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER-ATTORNEY'S EYES ONLY" need not be made until copies of the documents or things are produced after inspection and selection by counsel. Making documents or things available for inspection shall not constitute a waiver of any claim of confidentiality, and all materials provided for inspection by a party's or non-party's counsel shall be treated as though designated as CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER or SUBJECT TO PROTECTIVE ORDER-ATTORNEY'S EYES ONLY at the time of the inspection.

6.a.    Information provided in a deposition may be designated as CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER or SUBJECT TO PROTECTIVE ORDER-ATTORNEY'S EYES ONLY Material subject to this Protective Order either (1) during the deposition or (2) by written notice to the reporter and all counsel of record given within thirty (30) days after the deposition transcript is received by the designating party or non-party, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the designating party or non-party. Until expiration of that thirty (30) day period, the entire deposition and all exhibits thereto will be treated as subject to protection against disclosure as CONFIDENTIAL Material designated as ATTORNEY'S EYES ONLY under this Protective Order. If no party or non-party timely designates as CONFIDENTIAL or ATTORNEY'S EYES ONLY any information provided in a deposition, then none of the transcript will be treated as confidential; if a timely designation is made, the confidential portions and exhibits, and all copies of those

4

portions and exhibits, shall be treated as Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material pursuant to the terms of this Protective Order; deposition exhibits previously designated as CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER orSUBJECT TO PROTECTIVE ORDER—ATTORNEY'S EYES ONLY do not need to be redesignated to retain their protection under this Protective Order.

      b.    At any deposition session, when counsel for a party or non-party deems that the answer to a question will result in the disclosure of CONFIDENTIAL Material, counsel shall have the option, in lieu of or in addition to taking other steps available under the Federal Rules of Civil Procedure, to direct that the testimony shall be treated as Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material and subject to this Protective Order. Counsel for the party or the non-party whose Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material is involved may also request that all persons other than the reporter, the witness, counsel, and individuals specified in Paragraph 9, below, who may have access to such Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material, leave the deposition room during the confidential portion of the deposition. The failure of such other persons to comply with a request of this type shall constitute substantial justification for counsel to advise the witness that the witness need not answer the question.

      c.    Deposition transcripts containing testimony with Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material shall be prominently marked on the front page with a statement that provides "THIS DEPOSITION TRANSCRIPT CONTAINS CONFIDENTIAL/ATTORNEY'S EYES ONLY INFORMATION THAT IS SUBJECT TO PROTECTIVE ORDER."

7.     Documents, things, and information that are Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material shall include: (a) all copies, extracts, and complete or partial summaries prepared from such documents, things or information that are Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material; (b) portions of deposition transcripts and exhibits thereto that contain, summarize, or reflect the content of any such documents, things, or information; (c) portions of briefs, memoranda, or any other writings filed with the Court and exhibits thereto that contain, summarize, or reflect the content of any such documents, things, or information; and (d) deposition testimony designated in accordance with Paragraph 6, above.

8.     Each party and all other persons bound by the terms of this Protective Order shall use any Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material designated by a party or non-party other than itself only for the purpose of this civil action, 07 Civ. No. 6297, and shall not use any Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material governed by this Protective Order for any other purpose. The Outside Counsel of record for the parties as identified and defined in paragraph 9 below and anyone bound by the terms of this Protective Order shall exercise reasonable care to insure that the information and documents governed by this Protective Order are (a) used only for the purpose specified herein, and (b) disclosed only to those persons specified in Paragraph 9, below.

9.a.     Designated CONFIDENTIAL Material may be disclosed by the non-designating party only to:

1.     the Court and its official personnel;

2. the non-designating party's outside counsel of record in 07 Civ. No. 6297 and their law firms' active members, associate attorneys, paralegals, and office staffs working on this case ("Outside Counsel"), namely:

> Robert B. Breisblatt
> KattenMuchinRosenmanLLP
> 525 West Monroe Street
> Chicago, Illinois 60661-3693
>
> Robert S. Silver
> David M. Tener
> William J. Castillo
> Bruce Chasan
> Mona Gupta
> CAESAR, RIVISE, BERNSTEIN
>    COHEN & POKOTILOW, LTD.
> 1635 Market Street 11th Floor
> Philadelphia, Pennsylvania 19103-2212
> *Attorneys for Defendant Pentech*
> *Pharmaceuticals, Inc.*

156578_1

John R. McCambridge (01812378)
Peter S. Roeser (6257273)
Mark A. Semisch (6281499)
GRIPPO & ELDEN LLC
111 South Wacker Drive
Chicago, IL 60606

Andrew Berdon
Robert Wilson
Mark D. Baker
Jolie Apicella
QUINN EMANUEL URQUHART
  OLIVER & HEDGES, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
*Attorneys for Plaintiffs Connetics
Corporation and Stiefel Research
Australia Pty. Ltd.*

3.      court reporters, translators, third-party photocopy or imaging services contractors, third-party contractors producing graphic or visual aids involved solely in providing litigation support services to Outside Counsel;

4.      outside experts and consultants retained by the non-designating party's Outside Counsel to assist in this litigation, who are not past or present full-time employees of that non-designating or any other party or of an affiliate of that non-designating or any other party, as provided in Paragraph 10, below;

5.      one in-house attorney for each non-designating party and his or her secretarial, clerical and legal assistant staff, identified as follows;

(1)      For Connetics:  Rupa Sen, Esq.

(2)      For Pentech:  None.

6.      jury consultants involved solely in providing litigation support services to Outside Counsel;

8

7.    at a deposition, any person currently an officer, director, employee, patent attorney, or patent agent of or for the party or non-party designating the material as CONFIDENTIAL.

9b.    Any Designated ATTORNEY'S EYES ONLY Material shall be treated the same as Designated CONFIDENTIAL Material, with the following exception:

1.    There shall be no access to Designated ATTORNEY'S EYES ONLY Material by persons described in Paragraph 9.a.5., above.

10.a.    Before Outside Counsel for a non-designating party may disclose Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material to a person described in Paragraph 9.a.4. or 9.a.6, above, that counsel shall give advance notice as follows: Outside Counsel for the non-designating party seeking to make the disclosure shall provide notice in writing to Outside Counselcounsel for the designating party or non-party, and all other parties to this litigation, of the name, address, business affiliation and curriculum vitae of the person(s) to whom the Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material is to be disclosed, as well as an executed copy of the Confidentiality Undertaking (Exhibit A). The designating party or non-party shall have five (5) business days after receiving that notification within which to object to the proposed disclosure, as provided below; such disclosure shall not occur before the time for any objection by the designating party or non-party expires, and, if any such objection is made, before that objection is resolved, as provided below. Any such objection shall be made in writing to the Outside Counsel for the party seeking to make the disclosure. If the parties or party and non-party are unable to resolve the objection, and the party seeking to make the disclosure indicates that it still desires to disclose the Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material to the person or persons in question, the party or non-

9

party seeking the disclosure must file and serve a motion with the Court to allow the disclosure

of such material to such person or persons. Such motion must be filed with the Court within ten

(10) business days of receiving the initial notification under this Paragraph 10, unless agreed

otherwise, in writing, among the Outside Counsel involved. The burden of demonstrating good

cause for the requested relief shall lie with the moving party or non-party (*i.e.*, the non-

designating party or non-party). A failure to object or file a motion within the requisite time

limits shall be deemed a waiver of the objection. Upon a timely objection and motion, and

during the periods set forth above and until any such motion is resolved by Order of the Court or

agreement in writing between the party seeking to make the disclosure and the party or non-party

objecting to the disclosure, no disclosure shall be made to the objected-to person or persons.

     b.    Before Outside Counsel for a non-designating party may disclose Designated

CONFIDENTIAL or ATTORNEY'S EYES ONLY Material to any person and in any manner

not authorized by Paragraph 9, that Outside Counsel must give advance notice in writing to the

designating party or non-party of the name, address, and business affiliation of the person to

whom the Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material is to be

disclosed, as well as an executed copy of the Confidentiality Undertaking (Exhibit A). The

designating party or non-party shall have ten (10) business days after receiving that notification

within which to object to the proposed disclosure, as provided below; such disclosure shall not

occur before the time for any objection by the designating party or non-party expires, and, if any

such objection is made, before that objection is resolved, as provided below. Any such objection

shall be made in writing to the counsel for the party seeking to make the disclosure. Failure by

the designating party or non-party to object within the requisite time limits shall be deemed a

waiver of the objection. If the parties or party and non-party are unable to resolve any objection,

156578_1

and the party seeking to make the disclosure indicates that it still intends to disclose the Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material to the person or persons in question, the party seeking disclosure must file and serve a motion with the Court seeking an order allowing the disclosure to take place. The burden of demonstrating good cause for removing the confidentiality of the Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material shall lie with the moving party or non-party (*i.e.*, the designating party or non-party). Upon a timely objection and motion, and during the periods set forth above and until any such motion is resolved by Order of the Court or agreement in writing between the party seeking to make the disclosure and the party or non-party objecting to the disclosure, no disclosure shall be made to the objected-to person or persons.

11.     In no event shall any Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material be disclosed to any person allowed access under Paragraphs 9.a.4. through 9.a.7. until such person has been shown and has read and understood a copy of this Protective Order and executed a written confidentiality agreement acknowledging and agreeing to be bound by the terms of this Protective Order in the form set forth in Exhibit A hereto.  Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material shall not be disclosed to any person who refuses to execute the written confidentiality agreement (Exhibit A) without prior express written leave of the Court.

12.     Any Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material, if filed with the Court, shall be filed and kept by the Court under seal and shall be made available only to the Court and to persons authorized by the terms of this Protective Order.  The party filing any paper that contains, summarizes, or reflects any Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material shall file such paper in a sealed envelope and in

11

accordance with Local Rule 5.8 of the United States District Court for the Northern District of Illinois.

13.     This Protective Order shall not preclude any party from seeking and obtaining, on an appropriate showing of good cause, such additional protection with respect to the confidentiality of documents, things, or information as that party or non-party may consider appropriate.    Nor shall any party be precluded from claiming that any Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material is not entitled to the protection of this Protective Order; from applying to the Court for an Order permitting the disclosure or use of documents, things, or information otherwise prohibited by this Protective Order; or from applying for an Order modifying this Protective Order in any respect.    No party shall be obligated to challenge the propriety of any confidentiality designation and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

14.     The restrictions set forth in this Protective Order shall not apply to documents, things, or information that is public knowledge prior to its disclosure.    Further, the restrictions contained in this Protective Order shall not apply to information that:

        a.      is, or after disclosure becomes, public;

        b.      was in the possession of the party to whom disclosure is made prior to disclosure, except that any portions of the Pentech ANDA involved in this suit that were disclosed to Plaintiffs prior to the filing of this suit and any documents or information related thereto regardless of whether the information is in documentary form, do not fall within this category and are subject to the confidentiality terms of this Protective Order and shall be treated as ATTORNEY'S EYES ONLY Material; or

156578_1

c.    is public knowledge other than by an act or omission of the party to whom such disclosures is made, or that is legitimately and independently acquired from a source not subject to this Protective Order.

15.    If a party seeks removal of protection for particular items of Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material on the ground that such confidentiality is not warranted under controlling law, the following procedure shall be used:

a.    The party seeking such removal shall give Outside Counsel for the designating party or non-party notice thereof, in writing, specifying the documents, things, or information for which such removal is sought and the reasons for the request. The designating party or non-party shall have ten (10) business days after receiving that notification within which to object to the removal of protection afforded by this Order. Any such objection shall be made in writing or electronic transmission. Failure to object within the requisite time limit is deemed a waiver of any claim to protection for that specific document, thing, or information under this Protective Order.

b.    If the parties, or the party and non-party, after conferring cannot reach agreement concerning the matter, then the party or non-party seeking the removal of protection for Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material must file and serve a motion with the Court; the designated material shall continue to be Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material until the issue is resolved by Order of this Court or by agreement of the parties or the party and non-party.

c.    On any motions arising out of the designation of any material as Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material under this Protective Order, the burden of justifying the designation shall lie with the designating party or non-party.

16.     This Protective Order is intended to provide a mechanism for the handling of Confidential Material for which there is no objection to disclosure or production other than confidentiality as trade secret or other confidential research, development, or commercial information. Each party reserves the right to object to any production or disclosure of any documents, things, or information it deems confidential on any other ground it may deem appropriate, including, without limitation, attorney-client privilege or work product immunity.

17.     Inadvertent production of documents or information subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity shall not constitute a waiver of such privilege(s). Inadvertent production of documents or information shall be handled as follows, but is without prejudice to the right of any party to apply to the Court for further protection or disclosure relating to discovery:

     a.     Immediately after receiving written notice from the producing party that documents or information subject to the attorney-client privilege, work product immunity, or otherwise immune from discovery have been inadvertently produced, the receiving party shall not copy or disseminate such documents or information, and, subject to Paragraph 17.b. below, the receiving party shall return such documents or information and any copies to the producing party within five (5) business days.

     b.     Upon written notification by the producing party of an inadvertent production and request for return of all originals and copies, the receiving party shall return the inadvertently produced documents or information (and return or certify in writing to the destruction of all copies thereof) within five (5) business days of receiving the producing party's written request for return, unless the receiving party has a good faith basis for asserting that the information is not protected by any privilege or immunity. If the receiving party believes it has a

14

good faith basis for challenging the privilege claim, the receiving party need not return such material until ordered to do so by a final order of the Court. Instead, within five (5) business days after receipt of the producing party's request for return, Outside Counsel for the receiving party shall provide the Outside Counsel for the producing party with a written explanation of the good faith basis for refusing to return the inadvertently produced documents or information. In the event that the inadvertently produced documents or information are not returned based upon the receiving party's timely written explanation of the good faith basis for refusing to return those documents or material, the producing party has ten (10) business days from receipt of the receiving party's written explanation to file a motion seeking an order compelling the return of the inadvertently produced documents or information. Failure of the producing party to file such a motion within ten (10) business days from receipt of the receiving party's written explanation or within any other time period agreed to by the parties, waives any claim of privilege or immunity as to the inadvertently produced documents or information at issue.

        c.    Once a document or information has been used during a deposition, used as an exhibit to a pleading filed with the Court, identified for use at trial or otherwise disclosed to the Court, the producing party has ten (10) days from the date of disclosure to provide notice of the inadvertent production. Notwithstanding any other provision of this Order, failure to provide notice within this ten (10) day period shall not constitute a waiver of any and all applicable privileges with respect to the inadvertently produced documents or information only.

        18.    Upon final termination of this action by unappealable judgment, unless otherwise agreed to in writing by counsel of record for the designating party or non-party, each party shall within one hundred and twenty (120) days assemble and return, or certify destruction of, all Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material, including all copies,

15

extracts, and summaries thereof, to the party or non-party from whom the Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material was obtained, except that any such materials that contain or constitute attorney work product may be destroyed rather than returned, and Outside Counsel may retain copies of pleadings and materials that are of record in the litigation, subject to the confidentiality provisions of this Protective Order. As to electronic reports, databases, or other documents that summarize or collect information from Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material, but do not contain other attorney-work product or attorney-client communications, the receiving party shall delete such electronic information. All Outside Counsel shall make certification of compliance herewith and shall deliver the same to counsel for the party or the non-party who produced the documents not more than one hundred and twenty (120) days after the final termination of this civil action.

19.   No part of the restrictions imposed by this Protective Order may be terminated, except by written stipulation executed by counsel of record for each designating party or non-party, or by an Order of this Court for good cause shown. The termination of this civil action shall not automatically terminate the directives of this Protective Order.

20.   This Protective Order governs the confidentiality of Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material before and after trial. If a party intends to disclose Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material in court at any pretrial proceeding open to the public, the issue of whether any such disclosure may be made shall be governed by applicable law or additional Order of this Court. That party, however, shall give counsel for the designating party or non-party notice of that intention, in writing (by facsimile followed by a hard copy sent next business day courier or messenger delivery), at least ten (10) business days before making such disclosure, and shall identify in that

16

notice the specific material intended to be disclosed to the extent feasible and consistent with legitimate trial strategy considerations.

21.    Notice under this Protective Order shall be to the parties' Outside Counsel as follows, unless this provision is modified by the parties in writing: notice to Connetics shall be made to Andrew Berdon, Robert Wilson and Mark Baker, and notice to Pentech shall be to Robert Silver, William Castilloand David Tener of Caesar Rivise,  and Robert Breisblatt of Katten Muchin all at their respective email addresses of record filed with this Court for this case.

22.    Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering legal advice to their clients in this litigation and, in the course thereof, relying generally on examination of Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of the content of any item so designated.

23.    No person subject to this Protective Order may disclose, in public or private, any Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material designated by a party or non-party other than itself, except as provided for in this Protective Order.  Nothing herein, however, shall affect the right of the designating party or non-party to disclose to its officers, directors, employees, consultants, or experts, any documents, things, or information designated by it as CONFIDENTIAL or ATTORNEY'S EYES ONLY material; such disclosure shall not waive the protection of this Protective Order and shall not entitle other parties or their attorneys to disclose such information, documents, things, or information in violation of this Order.

24.    If another court or an administrative agency subpoenas or orders production of any Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material that a party has obtained under the terms of this Protective Order, such party shall notify the designating party or

17

non-party of the pendency of such subpoena or Order within ten (10) business days of receiving said subpoena or Order.

25.    Any violation of this Protective Order may constitute a contempt of court, and be punishable as such, and may subject the offending party or non-party to such additional and further remedies as may be available to the aggrieved party or non-party.

IT IS SO ORDERED THIS _29_ DAY OF _____May_____, 2008.


JOAN B. GOTTSCHALL
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

18

156578_1

April ___, 2008

_____

Robert B. Breisblatt
WELSH & KATZ, LTD.
120 South Riverside Plaza – 22nd Floor
Chicago, IL 60606
Telephone: (312) 655-1500
Facsimile:   (312) 655-0008

Robert S. Silver
David M. Tener
William J. Castillo
CAESAR, RIVISE, BERNSTEIN
   COHEN & POKOTILOW, LTD.
1635 Market Street 11th Floor
Philadelphia, Pennsylvania 19103-2212
Telephone:  (215) 567-2010
Facsimile:   (215) 751-1142

*Attorneys for Defendant Pentech
Pharmaceuticals, Inc.*

156578_1

April ___, 2008

<div style="margin-left:40%">

John R. McCambridge (01812378)
Peter S. Roeser (6257273)
Mark A. Semisch (6281499)
GRIPPO & ELDEN LLC
111 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 704-7700
Facsimile: (312) 558-1195

Andrew Berdon
Robert Wilson
Mark D. Baker
Jolie Apicella
QUINN EMANUEL URQUHART
    OLIVER & HEDGES, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for Plaintiffs Connetics
Corporation and Stiefel Research
Australia Pty. Ltd.*

</div>

20

EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CONNETICS CORPORATION and STIEFEL RESEARCH AUSTRALIA PTY. LTD., | : : : : | |
| Plaintiffs, | : : : | 07 Civ. No. 6297 |
| v. | : : : | |
| PENTECH PHARMACEUTICALS, INC., | : : : | **CONFIDENTIALITY UNDERTAKING** |
| Defendant. | : : : : | |

I, _____, being duly sworn, state that:

    (a)    My present residential address is _____

_____.

    (b)    My present employer is _____

_____ and the address of my present employer

is _____.

    (c)    My present occupation or job description is _____

_____.

    (d)    I have received and carefully read the Stipulated Protective Order (the "Order") in the above-captioned case dated _____, 2008. I certify that I understand the terms of that Order, recognize that I am bound by the terms of that Order, and agree to comply with those terms. Further, I understand that unauthorized disclosure of any Designated CONFIDENTIAL Material, or its substance, may constitute contempt of this Court and may subject me to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the disclosing party.

                                                                      _____

SUBSCRIBED and SWORN to before me
this _____ day of _____, 200_.

_____

Notary Public
My Commission Expires _____

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/16/07

*PATTERSON S.*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

UNIGENE LABORATORIES, INC. and )
UPSHER-SMITH LABORATORIES, )
INC. ) Civil Action No. 06-CV-5571-RPP-THK
)
Plaintiffs, ) ECF CASE
)
v. )
)
APOTEX, INC. and APOTEX CORP. )
)
Defendants. )
)

## [PROPOSED] STIPULATED PROTECTIVE ORDER

To expedite the flow of discovery materials, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial,

and recognizing that in the course of discovery proceedings it may be necessary to disclose to the other parties certain of its confidential information, but each wishing to ensure that such information shall not be used for any purpose other than in this action, and shall not be made public or be otherwise disseminated beyond the extent necessary for purposes of this action, and acknowledging the importance of access by opposing parties to information important to the decision-making of the parties in the prosecution or defense of this litigation,

The parties hereby agree that the following Stipulated Protective Order (hereinafter "Order") be entered pursuant to Fed. R. Civ. P. 26(c)(7) to provide access by the parties to

1

EXHIBIT

tabbies

2
_____

CONFIDENTIAL INFORMATION, subject to certain protective provisions hereinafter set forth.

IT IS HEREBY STIPULATED BY THE PARTIES, AND FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED THAT:

1.      CONFIDENTIAL INFORMATION means any document or thing designated by a party in good faith as confidential because it contains, embodies, reflects or is a trade secret or other confidential non-public proprietary research, development, know how, technical, business, financial, personal or commercial information or other information otherwise covered by a legitimate right or interest of privacy, as used in Fed. R. Civ. P. 26(c), the laws of the State of New York or other applicable laws.

2.      (a)      This Order shall apply to all CONFIDENTIAL INFORMATION that is the subject of discovery or testimony in this action. Discovery materials and testimony as to which a disclosing party or non-party has an interest and as to which confidentiality is asserted in good faith and not (1) to impose any burden or delay on an opposing party, or (2) for tactical or other advantage in litigation, upon designation of the confidential materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL, shall be treated pursuant to the provisions of this Order. Discovery materials or testimony so designated may be referred to collectively hereinafter as "Confidential Material." However, information shall not be designated or considered as "Confidential Material" under the terms of this Order if:

(i)      at the time of the disclosure to a receiving party hereunder it is otherwise available to the public in its entirety as disclosed or in the public domain;

(ii)      after disclosure to a receiving party hereunder it becomes available to the public through no act or failure to act in violation of this Order or any other duty not to disclose owed to the disclosing party;

(iii)    after disclosure to a receiving party hereunder, the receiving party can show by written and dated records that such materials were already known to it before the disclosure; or

(iv)    the receiving party can show by written and dated records that the information disclosed was received by it after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the disclosing party.

For purposes of this Order, disclosing non-parties shall have the same rights and obligations as a disclosing party.

(b)    Documents and other discovery materials shall be designated as CONFIDENTIAL INFORMATION prior to disclosure by labeling such documents and materials in a visible manner with a CONFIDENTIAL or HIGHLY CONFIDENTIAL legend stamped or affixed thereto, or by a manner mutually agreeable to the parties if the materials cannot be readily so labeled. If a disclosing party or non-party thereafter determines that it inadvertently failed to properly designate or label Confidential Materials, it may do so by giving prompt and timely notice to all parties, who shall thereafter treat the materials pursuant to the provisions of this Order.

(c)    Any disclosing party or non-party may designate testimony on oral deposition as CONFIDENTIAL or HIGHLY CONFIDENTIAL under the terms of this Order by (i) so stating on the record during the deposition, or (ii) by notifying all other parties in writing of the portions of such testimony to be so designated within thirty (30) days of receipt of the transcript by the deponent or the deponent's counsel, whichever is earlier. The deposition in its entirety shall be treated as HIGHLY CONFIDENTIAL until such written notification is received, or if no written notification is provided, until the expiration of the thirty (30) day period. With regard to designations made during the deposition, the designating party shall have the right to exclude from the deposition

3

all persons not entitled under this Order to view or receive such CONFIDENTIAL INFORMATION before the taking of such testimony. If a disclosing party or non-party promptly and timely determines that it inadvertently failed to properly designate confidential testimony, it may do so by giving notice to all parties, who shall thereafter treat the materials pursuant to the provisions of this Order. Any transcript portion that contains testimony so designated shall be labeled in a visible manner with the CONFIDENTIAL or HIGHLY CONFIDENTIAL legend, and if requested by the designating party, shall be bound in a separate, sealed volume by the court reporter.

(d)    Documents and things produced for inspection or testing under Fed. R. Civ. P. 34 shall be treated as HIGHLY CONFIDENTIAL under this Order by the non-producing party until such documents or things are taken into possession by the non-producing party for copying or otherwise, at which time the producing party may designate the materials CONFIDENTIAL or HIGHLY CONFIDENTIAL under this Order. This Order shall also apply to results or documentation of such inspection or testing.

3.    This Order does not affect or alter a disclosing party's rights to refuse to disclose information properly subject to the attorney-client privilege, the attorney work product doctrine or other applicable privileges or immunities. If a party, through inadvertence, produces or provides discovery that it believes is subject to a claim of attorney-client privilege, work product immunity, or is otherwise protected from disclosure, the producing party may give written notice, promptly from the time it discovers or reasonably should have discovered the inadvertent disclosure, to the receiving party or parties that the document is subject to a claim of attorney-client privilege, work product immunity, or other protection from disclosure, and request that the discovery be returned to the producing party. The receiving party or parties shall promptly return to the producing party such discovery and shall retain no copies. Return of the document by the receiving party shall not

4

constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a claim of attorney-client privilege, work product immunity, or other protection from disclosure, nor shall it foreclose any party from moving the Court for an order that such document or thing has been improperly designated or should be discoverable and/or usable in this action for reasons other than a waiver caused by the inadvertent production.

4.    A disclosing party may produce materials in redacted form, redacting only information that is protected or immune from or otherwise not subject to disclosure, and shall make the notation "REDACTED" or other similar notation, on each redacted portion of the document. Where a party receiving redacted materials has good cause to believe that the redacted information is subject to disclosure, the parties shall attempt to resolve any dispute without intervention by the Court. Should the parties be unable to resolve their dispute regarding redacted information, the party that redacted the document shall have the burden in any motion brought before the Court to show why the redaction is proper.

5.    (a)    Subject to paragraphs 6, 7 and 8 herein, access to all materials designated with the CONFIDENTIAL legend, and disclosure of the information contained in such materials, shall be restricted solely to:

(i)    attorneys, agents and support staff of the law firms who are formally counsel of record in this action;

(ii)    no more than two (2) in-house counsel, both of whom are counsel to one or more of the defendants in this case, said counsel to be identified by signing the undertaking form attached as Exhibit A hereto (the "APOTEX Attorneys"), and two (2) in-house counsel for plaintiff Upsher-Smith Laboratories, Inc., namely Mark Robbins, Esq. and Brent Eilefson, Esq. (the "Plaintiffs' Attorneys");

(iii)    one (1) non-lawyer employee for each corporate party in this action, who has signed in advance the undertaking described in paragraph 7 of this Order.

5

Substitutions or replacements of such employee shall be subject to the same conditions, and may be made only upon consent of the disclosing party or, if the disclosing party does not consent, by order of the Court. For any motion to the Court brought by a party seeking to substitute or replace an employee under this subparagraph, the moving party shall have the burden to show why such substitution or replacement is necessary;

(iv)    outside vendors for a party or their outside counsel of record who perform photocopying or other clerical or document scanning functions, or who provide graphics or design services, or who provide trial consulting services;

(v)    independent outside experts (and their necessary support staff) retained specifically for this action as consulting or testifying experts and who have signed in advance the agreement contemplated by paragraph 8 of this Order;

(vi)    the Court and its personnel, and court reporters; and

(vii)    external, outside translators who have signed in advance the agreement contemplated by paragraph 8 of this Order.

(b)    CONFIDENTIAL INFORMATION may be designated with the HIGHLY CONFIDENTIAL legend if the disclosing party believes in good faith that the information should not be disclosed to anyone within the provision of paragraphs 5(a)(ii) and 5(a)(iii) or anyone who may become subject to either provision of paragraph 5(a)(ii) or 5(a)(iii) because disclosure of such could have a significant adverse impact on the disclosing party's business, financial condition, ability to compete, or standing in the industry. Such information includes, without limitation, future business plans, financial data, analyses and projections, contractual relationships with third parties, the identification of customers and suppliers, materials and procedures relating to on-going research and development efforts and future products and technical materials used solely for internal purposes in connection with development, production,

engineering, or sales training. Subject to paragraphs 6 and 8 herein, access to all materials designated with the HIGHLY CONFIDENTIAL legend, and disclosure of the information contained in such materials, shall be restricted solely to:

(i)     attorneys, agents and support staff of the law firms who are formally counsel of record in this action;

(ii)     outside vendors for a party or their outside counsel of record who perform photocopying or other clerical or document scanning functions, or who provide graphics or design services, or who provide trial consulting services;

(iii)     independent outside experts (and their necessary support staff) retained specifically for this action as consulting or testifying experts and who have signed in advance the agreement contemplated by paragraph 8 of this Order;

(iv)     the Court and its personnel, and court reporters; and

(v)     external, outside translators who have signed in advance the agreement contemplated by paragraph 8 of this Order.

6.     Subject to paragraph 11 herein, any information designated with the CONFIDENTIAL legend (including extracts and summaries derived from such material) shall not be revealed to anyone other than those encompassed by paragraph 5(a) above, and any information designated with the HIGHLY CONFIDENTIAL legend (including extracts and summaries derived from such material) shall not be revealed to anyone other than those encompassed by paragraph 5(b) above unless:

(a)     the disclosure is to an author or an addressee or recipient on the face of a document being disclosed who is not otherwise shown prior to such disclosure to have failed to author or receive the document;

(b)     the disclosure is to a person who is shown by written and dated records

to have received or seen the information, or who can otherwise be shown to have known or possessed the information, prior to the disclosure;

(c)    the disclosure is to an employee, officer, or agent of the disclosing party who is a deponent or other witness in this action;

(d)    the receiving party demonstrates by written and dated records that the information (i) was already lawfully known to the receiving party before the disclosure hereunder; (ii) was independently developed by the receiving party prior to the disclosure hereunder; or (iii) was lawfully received by the receiving party, after the time of disclosure hereunder, from a third party having the right to make such disclosure and under no obligation of confidentiality to the disclosing party, provided that nothing in this Order shall relieve a party from any other obligation that may exist or come to exist with respect to such information independently of this lawsuit;

(e)    the disclosing party assents in advance in writing to such disclosure; or

(f)    the Court otherwise directs.

7.    For any person so required under paragraph 5(a)(iii) of this Order, prior to that person being given any Confidential Material, such person shall be provided with a copy of this Order, shall agree in writing (per Exhibit A hereto) to be bound by the terms and conditions of this Order, and subject himself or herself to the jurisdiction of the Court for the purpose of enforcing the terms and conditions of this Order, and a copy of the written undertaking shall be provided to all other parties prior to access to such Confidential Material being given to such person. Each non-lawyer employee who is to be given access to any Confidential Material shall first be identified in writing to opposing counsel at least five (5) working days before being given such access. Such written identification shall include a current résumé or curriculum vitae. The opposing party may object to disclosure of the Confidential Material only on the basis of its good faith belief that the non-lawyer employee has a conflict of interest with the opposing party. Should the disclosing party object to the disclosure of its Confidential Material to an identified

8

non-lawyer employee within such five (5) day period, no such Confidential Material shall be disclosed to the non-lawyer employee until the dispute has been resolved by the parties or the Court. For any such motion to the Court, the party seeking to preclude a person identified in this paragraph from having access to another party's Confidential Material shall have the burden to show why such access should be denied.

8.  For any person so required under paragraphs 5(a)(v), 5(a)(vii), 5(b)(iii), and 5(b)(v) of this Order, prior to that person being given any Confidential Material, such person shall be provided with a copy of this Order, shall agree in writing (per Exhibit A hereto) to be bound by the terms and conditions of this Order, and subject himself or herself to the jurisdiction of the Court for the purpose of enforcing the terms and conditions of this Order, and a copy of the written undertaking shall be provided to all other parties prior to access to such Confidential Material being given to such person. Further, each independent expert who is to be given access to any Confidential Material shall first be identified in writing to opposing counsel at least ten (10) working days before being given such access. Such written identification shall include a current résumé or curriculum vitae. The opposing party may object to disclosure of the Confidential Material only on the basis of its good faith belief that the expert has a conflict of interest with the opposing party. Should the disclosing party object to the disclosure of its Confidential Material to an identified independent expert within such ten (10) day period, no such Confidential Material shall be disclosed to the independent expert until the dispute has been resolved by the parties or the Court. For any such motion to the Court, the party seeking to preclude a person identified in this paragraph from having access to another party's Confidential Material shall have the burden to show why such access should be denied.

9.  This Order does not relieve any party or non-party from compliance with the Federal Rules of Civil Procedure or the Local Rules or standing orders of this Court with respect to discovery disputes.

(a)    In the event that a party shall desire to provide access to Confidential Material as defined hereunder to any person or category of persons not included in paragraph 5 hereof, it shall first notify the designating party of its desire to provide such access and identify the person or category of persons who would be provided access, and the specific Confidential Material to be provided. If the designating party objects thereto, the party desiring to provide said access may move this Court for an order that such person or category of persons have access to the Confidential Material. The party desiring to provide such access, however, shall not move this Court for permission until such person or persons have agreed in writing to be bound by the terms of this Order by signing the form Exhibit A hereto, a copy of which shall be filed with the Court. No such access shall be given to such person or persons until the matter has been resolved either through an agreement of the parties or an order of the Court.

(b)    A party may request a designating party to withdraw or alter a CONFIDENTIAL or HIGHLY CONFIDENTIAL designation for specific material. Such request may include a request that the designating party produce redacted copies of specifically identified materials with the CONFIDENTIAL INFORMATION therein redacted. Such request shall be by written notice to counsel for the designating party. The designating party shall not be obligated to redact any documents. If a dispute arises between the parties as a result of such a request, and if that dispute cannot be resolved by agreement between the parties (which may include redaction of CONFIDENTIAL or HIGHLY CONFIDENTIAL material), the requesting party may move this Court for re-designation.

(c)    Nothing in this Order shall limit or preclude any party or person, including members of the public, from applying to the Court to be relieved from any provision thereof, or for modification or termination of this Order, or for any further or additional protective orders.

10.    All Confidential Material obtained by one party from another party or non-party in

10

the course of this lawsuit and subject to this Order may be used by the receiving party solely for the preparation and trial of this lawsuit, and for no other purpose.

11.    Nothing in this Order shall be deemed to place any restrictions or obligations on any party or its attorneys with respect to access, use, disclosure, or disposition of its own Confidential Material. Such access, use, disclosure or disposition shall not affect any designation made pursuant to this Order if the party takes reasonable steps to maintain the confidentiality of the information contained therein.

12.    Confidential Material, or information disclosed therein, shall not be filed with the Court or be included, in whole or in part, in pleadings, motions or briefs; provided, however, that if a party believes Confidential Material or information contained therein is important to such pleading, motion, or brief, then, pursuant to any applicable Local Rule, such information may, be filed in a sealed envelope prominently marked with the caption of the case and notation:

    "CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO
    PROTECTIVE ORDER, TO BE OPENED ONLY BY OR AS
    DIRECTED OR PERMITTED BY THE COURT"

and, when so filed, shall be opened only by personnel authorized by this Court and outside counsel of record who have previously signed onto this Stipulated Order. The provision of this paragraph shall not prevent a party from providing courtesy copies of motions or briefs to the Court in chambers.

13.    A party shall not be obligated to challenge the propriety of a designation of a document or information as confidential at the time made, and failure to do so shall not preclude subsequent challenge to the designation or constitute any admission of confidentiality, unless otherwise provided for in this Order.

14.    Nothing in this Order shall preclude counsel from providing their clients with legal advice and/or summaries of the information produced that are necessary to allow the parties to

11

make investigations and/or reasoned decisions concerning the litigation, provided that the advice and summaries do not reveal the detailed elements of any information designated HIGHLY CONFIDENTIAL.

15.    In the event that a document is designated CONFIDENTIAL or HIGHLY CONFIDENTIAL as set forth herein, and one or more copies of the document are also produced but not so designated, each copy shall also be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL, respectively, if the receiving party is actually aware of such fact. In any event, after written notice has been received by the receiving party that either an original or copies thereof previously not so designated are then so designated CONFIDENTIAL or HIGHLY CONFIDENTIAL, the receiving party shall be charged with maintaining the confidence.

16.    Within thirty (30) days of settlement or final termination of this action, including all appeals, unless otherwise agreed to in writing by an attorney of record for the designating party, the attorneys for each party, upon request of the disclosing party, shall assemble and destroy or return to the disclosing party all Confidential Material produced by that party, and shall destroy all copies thereof made subsequent to production which are in their possession, custody or control, except that outside counsel of record shall be entitled to retain one (1) copy of all litigation documents, including exhibits, transcripts of testimony, court filings, and their own correspondence and memoranda containing Confidential Material or information, but such documents shall be used only for the purpose of preserving a file on the action, and shall not, without the written permission of the disclosing party, or an order of this Court or another court of competent jurisdiction, be disclosed to anyone other than those to whom such information was actually disclosed, in accordance with the terms and conditions of this Order, during the course of this action.

17.    This Order shall remain in full force and effect unless modified or terminated by the

Court and shall survive and remain in full force and effect after the termination of this action. Termination of this action shall not relieve any person from the obligations of this Order, unless the Court orders otherwise.

16.    This Order shall not preclude another court or tribunal from finding that Confidential Material in this case may be subject to disclosure in that case, notwithstanding the existence of this Order or its provisions. Any person or party subject to this Order who is subject to a motion to disclose another party's information designated confidential pursuant to this Order, shall promptly notify the disclosing party of the motion so that it may have a full and adequate opportunity to appear and be heard on whether that information should be disclosed.

19.    The Court retains jurisdiction for purposes of enforcing the terms of this Order at any time.

RESPECTFULLY SUBMITTED UPON AGREEMENT AND STIPULATION

Dated: New York, New York
       February _14_, 2007

By: _____          By: _____
    Robert S. Silver                        John F. Sweeney (JS5431)
    William J. Castillo (WC6786)            Joseph A. DeGirolamo (JD5830)
    Marc B. Bassler                         Seth J. Atlas (SA9513)
    CAESAR, RIVISE, BERNSTEIN,              MORGAN & FINNEGAN, L.L.P.
    COHEN & POKOTILOW, LTD.                 3 World Financial Center
    11th Floor, Seven Penn Center           New York, New York 10281-2101
    1635 Market Street                      Telephone No.: (212) 415-8700
    Philadelphia, Pennsylvania 19103-2212   Facsimile No.: (212) 415-8701
    Telephone No.: (215) 567-2010           jfsweeney@morganfinnegan.com
    Facsimile No.: (215) 751-1142

    *Attorneys For Defendants and*          *Attorneys for Plaintiffs and*
    *Counterclaim-Plaintiffs*               *Counterclaim-Defendants*
    *Apotex, Inc. and Apotex Corp.*         *Unigene Laboratories, Inc. and*
                                            *Upsher-Smith Laboratories, Inc.*

SO ORDERED on this _15th_ day of _February_, 2007.

_____
Honorable Robert P. Patterson
United States District Court Judge

14

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNIGENE LABORATORIES, INC. and UPSHER-SMITH LABORATORIES, INC. | )  Civil Action No. 06-CV-5571-RPP-THK |
| Plaintiffs, | )  ECF CASE |
| v. | ) |
| APOTEX, INC. and APOTEX CORP. | ) |
| Defendants. | ) |

UNDERTAKING OF:_____

    1.   My home address is:

_____

    2.   My present employer is and the address of my present employer is:

_____

    3.   My present occupation or job description is:

_____

    4.   I have received a copy of the Stipulated Protective Order in this action.

    5.   I have carefully read and understand the provisions of the Stipulated Protective Order in this action.

    6.   I will comply with all of the provisions of the Stipulated Protective Order.

1

7.    I will hold in confidence, will not disclose to anyone not qualified under the Stipulated Protective Order, and will use only for purposes of this action, in strict compliance with the terms and conditions of the Stipulated Protective Order, any CONFIDENTIAL INFORMATION which is disclosed to me. I acknowledge that termination of the litigation does not release me from the obligations set out in this paragraph.

8.    I will return all Confidential Material which comes into my possession, and all documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained in strict accordance with the provisions of the Stipulated Protective Order.

9.    I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulated Protective Order in this action.

Name: _____
                           (print)

Signature: _____

Date: _____

Order Form (01/2005)    Case 1:07-cv-06297    Document 48    Filed 05/29/2008    Page 1 of 1

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6297 | **DATE** | 5/29/2008 |
| **CASE TITLE** | Connetics Corporation et al. v. Pentech Pharmaceuticals, Inc. | | |

DOCKET ENTRY TEXT

For the reasons set forth in the accompanying order, plaintiffs Connetics Corporation and Stiefel Research PTY, Ltd.'s motion for entry of a two-tier protective order [38] is denied, and the court grants entry of defendant PentechPharmaceuticals Inc.'s alternative proposed protective order.

■ [ For further detail see separate order(s).]                    Docketing to mail notices.

| | Courtroom Deputy Initials: | TCP/JGN |
|---|---|---|

**EXHIBIT**

tabbies

3

07C6297 Connetics Corporation et al. v. Pentech Pharmaceuticals, Inc.                    Page 1 of 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CONNETICS CORPORATION, and　　　　　)
STIEFEL RESEARCH AUSTRALIA PTY,　　)
LTD.,　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　Plaintiffs,　　)　　Case No. 07 C 6297
　　　　　　　　　　　　　　　　　　)
　v.　　　　　　　　　　　　　　　　)　　Judge Joan B. Gottschall
　　　　　　　　　　　　　　　　　　)
PENTECH PHARMACEUTICALS, INC.,　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　Defendant.　　)

## ORDER

　　Plaintiffs Connetics Corporation and Stiefel Research PTY, Ltd. (collectively "Connetics") have filed suit against defendant Pentech Pharmaceuticals, Inc. ("Pentech"), alleging that Pentech's attempts to manufacture and sell a generic version of Connetics' LUXIQ® (a corticosteroid foam) infringes their U.S. Patent Nos. 6,126,920 (the "'920 patent") and 7,078,058 (the "'058 patent"). Presently before the court is Connetics' motion for entry of a two-tier protective order (the "Order") that would permit Connetics' in-house counsel to have access to technical documents concerning the allegedly infringing product. For the reasons set forth below, Connetics' motion is denied, and the court grants entry of Pentech's alternative proposed Protective Order.

## I. BACKGROUND

　　The sole bone of contention between the parties in their efforts to construct an Order in this case is whether Ms. Rupa Sen ("Sen"), who is Connetics' in-house counsel, should have access to certain of Pentech's technical documents and other information

1

EXHIBIT

tables'　　4

concerning its allegedly infringing product. Specifically, Connetics seeks to have the

Order permit Sen to have access to information relating to products for which

Abbreviated New Drug Applications ("ANDAs") and New Drug Applications ("NDAs")

have been filed. According to Connetics, denial of this technical information to Sen is

unnecessary because the product at issue is merely a generic copy that allegedly infringes

Connetics' identical product. Furthermore, contends Connetics, barring Sen from access

to the ANDAs and NDAs will "severely prejudice" its case by preventing Sen from fully

participating in the case and will likewise hinder Connetics' outside counsel from fully

advising Connetics concerning substantive issues relating to the parties' claims and

defenses. Connetics seeks to have such information classified as "Confidential" under

the Order, meaning that Sen would have full access to it.

   Pentech disputes Connetics' contention that it will be severely prejudiced by any

legal firewall placed between Sen and its technical documents and argues that any

inadvertent disclosure by Sen of Pentech's trade secrets poses potentially damaging

consequences for Pentech. Both companies are competitors in the dermatological

products market, argues Pentech, and any inadvertent disclosure by Sen of Pentech's

trade secrets concerning the methods by which it develops its skin-care products could

yield Pentech's competitors (including Connetics, with which Sen's interests are aligned)

a competitive advantage in the marketplace. Accordingly, Pentech seeks to have the

ANDAs and NDAs classified under the Order as "Attorney's Eyes Only," meaning that

only Connetics' outside counsel, engaged for the purpose of this litigation, would be

privy to such information.

2

## II. ANALYSIS

It has become generally accepted that protective orders designed to protect trade secrets by insulating a competitor's in-house counsel from those secrets may be appropriate under certain circumstances. *See U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 (Fed. Cir. 1984); *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1471 (9th Cir. 1992); *Autotech Tech. Ltd. P'ship v. Automationdirect.com, Inc.*, 237 F.R.D. 405, 414 (N.D. Ill. 2006). However, the court in *U.S. Steel* cautioned against arbitrary or bright-line distinctions between in-house and outside counsel: the court pointed out that in practice the risk of inadvertent disclosure of trade secrets obtains equally for both categories. 730 F.2d at 1468; *see also Brown Bag Software*, 960 F.2d at 1470. Rather than relying upon a categorical rule, then, courts have emphasized the requirement for a case-by-case and counsel-by-counsel analysis in determining whether in-house counsel ought to be precluded from having access to potentially sensitive information otherwise available only to outside counsel. *See Brown Bag Software*, 960 F.2d at 1470; *Autotech*, 237 F.R.D. at 407; *Amgen, Inc., v. Elanex Pharm., Inc.*, 160 F.R.D. 134, 138 (W.D. Wash. 1994).

When evaluating whether an attorney should have access to confidential materials, courts should balance the risk of inadvertent disclosure of trade secrets to competitors against the risk of impairing the process of litigation by denying access. *Smartsignal Corp. v. Expert Microsystems, Inc.*, No. 02 C 7682, 2006 WL 1343647, at *5 (N.D. Ill. May 12, 2006) (citing *Coupon Mktg. Group, Inc. v. H.O.T.! Coupons, LLC*, No 98 C 7408, 1999 WL 618969, at *2 (N.D. Ill. Aug. 9, 1999). A critical factor in such an analysis is whether the in-house counsel is involved in "competitive decisionmaking."

3

The court in *U.S. Steel* defined the latter term as shorthand for a counsel's "activities, association, and relationship with a client that are such as to involve counsel's advice and participation in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor." 730 F.2d at 1468 n.3. However, as Judge Cole of this District has pointed out, a full and proper analysis requires "a careful and comprehensive inquiry into in-house counsel's actual (not nominal) role in the affairs of the company, his association and relationship with those in the corporate hierarchy who are competitive decision makers, and any other fact that enhances the risk of inadvertent disclosure." *Autotech*, 237 F.R.D. at 408.

Sen is Assistant General Counsel and Intellectual Property Counsel for Stiefel Laboratories, Inc. ("Stiefel") and has over ten years' experience as a patent attorney. Decl. of Sen ¶¶ 1, 4. Both plaintiffs comprising Connetics in this case are wholly-owned subsidiaries of Stiefel. *Id.* at ¶ 2. Sen attests that her responsibilities at Stiefel include managing, advising, hiring and supervising outside counsel who are conducting Stiefel's patent litigations and prosecutions. *Id.* at ¶ 6. Sen works with outside counsel to develop case strategy, weigh the merits of Stiefel's positions, and manage the day-to-day case activities, including the way Stiefel deploys its resources during the course of litigation. *Id.* In her capacity as Stiefel's Assistant General Counsel, she also works with individuals involved in business development, research and development, and marketing regarding the procurement of patent and trademark rights. *Id.* at ¶ 7. Sen declares that although she advises her business counterparts at Stiefel, she does not make business decisions herself: she is therefore not personally responsible for decisions relating to pricing, product design or development, sales, or marketing strategy with respect to

4

Stiefel's products. *Id.* Sen also attests that she does not conduct any scientific research, nor does she directly prosecute patents, but supervises and manages outside counsel who prosecute patent applications. *Id.* at ¶¶ 7, 8. Stiefel further attests that in order to perform in her capacity with respect to advising and managing outside counsel in this case, and as an integral member of Stiefel's litigation team, she requires access to certain technical information about Pentech's allegedly infringing product. *Id.* at ¶¶ 9, 10.

The court begins by fully crediting Sen's sincere assurances that she would abide by the terms of the Order and take all necessary and reasonable steps to protect against inadvertent disclosure of Pentech confidential information. Decl. of Sen ¶¶ 5, 13. However, such an assurance marks the beginning, not the end, of the analysis because the issue is not one of good faith, but rather one of inadvertent disclosure. *Autotech*, 237 F.R.D. at 408; *see also Andrx Pharm., LLC v. GlaxoSmithKline, PLC*, 236 F.R.D. 583, 585-86 (S.D. Fla. 2006). Moreover, Sen's responsibility for working with outside counsel to manage the course of Stiefel's litigation and patent prosecutions does not appear to pose a significant risk of inadvertent disclosure of Pentech's trade secrets.

More troubling to the court, however, are Sen's duties involving working with, and advising, "individuals involved in business development, research and development, and marketing regarding the procurement of patent and trademark rights." Sen's duty of loyalty to Stiefel, as well as her own interest in seeing her employer prosper commercially, might very well put her in an ethically untenable position were she to have knowledge of Pentech's trade secrets that would be potentially commercially advantageous to her own employer. Connetics and Pentech are indisputably competitors in the dermatological products market. Although Sen does not make business decisions

directly, she is in a position, and indeed, has a duty, to advise Stiefel's decision makers

concerning business development and marketing. Her duties in this regard thus appear to

fall within the ambit of "competitive decisionmaking," as set forth in *U.S. Steel*, in that

they "involve counsel's advice and participation in any or all of the client's decisions ...

made in light of similar or corresponding information about a competitor." 730 F.2d at

1468 n.3. The court therefore finds that the potential for inadvertent disclosure of

knowledge of Pentech's trade secrets, gained via this litigation, is significant enough to

weigh heavily in favor of barring Sen from access to the ANDAs and NDAs that may be

relevant to the issue at trial.

Connetics argues that there is no significant potential for harm in permitting Sen

to have access to the ANDAs and NDAs because the accused product in this case is a

generic copy of Connetics' LUXIQ® product. However, the methods and practices used

to produce the generic copy, as well as related materials disclosed in the ANDAs and

NDAs, could nevertheless potentially be trade secrets that, if inadvertently disclosed to

Connetics, might yield it a competitive advantage. Connetics has engaged outside

counsel of experience and ability to litigate this case. Nor is Sen barred from access to

*all* material related to the trial, but only from those classified in the order as "Attorney's

Eyes Only" (principally the ANDAs and NDAs). Therefore, balancing the risk of

inadvertent disclosure of Pentech's trade secrets to Connetics against the risk of

impairing Connetics' litigation by denying Sen access to Pentech's ANDAs and NDAs,

the court finds that the greater risk of inadvertent disclosure tips the balance against

Connetics' motion for entry of its two-tier protective order.

6

### III. CONCLUSION

For the reasons set forth above, Connetics' motion for entry of its two-tiered

protective order is denied, and the court grants entry of Pentech's alternative proposed

Protective Order.

ENTER:

JOAN B. GOTTSCHALL
United States District Judge

DATED:  May 29, 2008

7

JAN-31-2007  18:35     CHAMBERS JUDGE PATTERSON     212 805 7917     P.02

# Morgan & Finnegan, L.L.P.

A Registered Limited Liability Partnership

HARRY C. MARCUS*
JOHN F. SWEENEY*
ARNOLD I. RADY*
CHRISTOPHER A. HUGHES*
WILLIAM S. FEILER*
JAMES W. GOULD*
RICHARD C. KOMSON
CHRISTOPHER R. HU
BARTHOLOMEW VERDIRAME
MARIA C. H. LIN
JOSEPH A. DeGIROLAMO
MICHAEL P. DOUGHERTY
SETH J. ATLAS
MARK J. ABATE*
JOHN T. GALLAGHER*
STEVEN F. MEYER*
DAVID H. T. KANE
SIEGRUN D. KANE
TONY V. PEZZANO
ANDREA L. WAYDA
MICHAEL S. MARCUS*
JOHN G. NOEL*†
JOHN W. OSBORNE
ROBERT K. GOETHALS
PETER M. FILL
RICHARD STRAUSSMAN*
KATHLEEN E. McCARTHY
GERARD A. HADDAD

DOROTHY R. AUTH
MICHAEL O. CUMMINGS
KENT STEVENS*†
WILLIAM G. HU*
MATTHEW K. BLACKBURN*
KEITH J. McWHA*
JOHN T. MOEHRINGER

COUNSEL
JOHN C. VASSIL
DAVID H. PFEFFER
EUGENE MOROZ
J. ROBERT DAILEY
JANET DORE
ROGER B. SMITH
JOSEPH C. REDMOND, JR.
HERBERT BLECKER
GEORGE TACTICOS*
EVELYN D. NEILBRUNN*

SENIOR COUNSEL
JEROME G. LEE
THOMAS J. DOWLING
JOHN A. DIAZ
ALFRED P. EWERT*
STEPHEN R. SMITH

SCOTT D. GREENBERG
JAMES INWA†
TOD M. MELGAR
MAREN C. PERRY *
COLIN POLEY
ERIC G. WRIGHT*†
PING OU
SERGEY KOLMYKOV
MELISSA G. WENT*
JENNIFER BARROSA
AARON P. BUNGARNER
DANIELLE VINCENTI TULLY
JOSHUA H. HARRIS
JESSICA L. RANDO
TODD L. FETTIG
BRAD M. SCHELLER
JEFFREY Z.Y. LIAO
SEAN C. JACKSON*
ANKUR PAREKH
STEVEN PURDY
PANKAJ SONI
MICHAEL A. SAUER*
STEVEN R. FAIRCHILD

SONJA KEENAN*
VINNY LEE*
ERIN M. HICKEY*
SETH SILVERMAN*

SCIENTIFIC ADVISORS
SUNGHO HONG, PH D
EVELYN N. KWON, PH.D.
RAJDEEP DAS, PH.D.
ANDREW D. COHEN, PH.D.
BRANDON T. SCHURTER, PH.D
ANGUS GILL
BRIAN W. BROWN
NIKINING XU
ELLIOT C. FRANK

* ADMITTED IN CALIFORNIA
† ADMITTED IN CONNECTICUT
* ADMITTED IN WASHINGTON, D.C.
* NOT ADMITTED IN NEW YORK

3 WORLD FINANCIAL CENTER
NEW YORK, NY 10281-2101
TEL: 212-415-8700
FAX: 212-415-8701
www.morganfinnegan.com

WRITER'S DIRECT DIAL NUMBER:

212-415-8526
jdegirolamo@morganfinnegan.com

January 29, 2007





**Via Facsimile – 212-805-7932**
**Confirmation by Mail**

Honorable Theodore H. Katz
United States Magistrate Judge
U.S. District Court for the Southern District
of New York
500 Pearl Street, Room 1660
New York, New York 10007-1312

Re:   **Unigene Laboratories, Inc. and Upsher-Smith Laboratories, Inc.**
      **v. Apotex, Inc. and Apotex Corp.**
      **Case No.: 06-cv-5571-RPP-THK**

Dear Magistrate Judge Katz:

        We represent Plaintiffs Unigene Laboratories, Inc. and Upsher-Smith Laboratories, Inc. (collectively "Plaintiffs") in the above captioned matter, which is an action for patent infringement related to the filing of an Abbreviated New Drug Application ("ANDA") with the Food and Drug Administration by Defendant Apotex, Inc. for a proposed calcitonin-salmon nasal spray. We write to request an informal discovery conference with the Court, in accordance with Local Civil Rule 37.2 and your Honor's Individual Practices, on two issues relating to the proposed Stipulated Protective Order that is under consideration by the parties that would govern the dissemination of confidential documents exchanged in discovery.

        The parties have conferred several times concerning these issues, most recently on January 16, 2007, but have been unable to come to a resolution satisfactory to all parties. The terms of a Protective Order have been otherwise agreed upon, but the following two issues remain: (1) whether in-house counsel should be permitted access under very restrictive conditions to an opposing party's confidential information which is designated under the highest tier of confidentiality, i.e., "Highly Confidential" information, and (2) whether Unigene's outside

SAN FRANCISCO OFFICE:  44 MONTGOMERY STREET, SUITE 2550, SAN FRANCISCO, CA 94104-4712  TEL: 415-318-8800  FAX: 415-676-5816
SHANGHAI OFFICE:  AETNA TOWERS, SUITE 408, 107 ZUNYI ROAD, GUBEI, SHANGHAI 200051  TEL: 86-21-6237-5322  FAX: 86-21-6237-5323
STAMFORD OFFICE:  100 FIRST STAMFORD PLACE, STAMFORD, CT 06902  TEL: 203-391-2100  FAX: 203-391-2101
WASHINGTON OFFICE: 1775 EYE STREET, NW, SUITE 400, WASHINGTON, DC 20006-2410  TEL: 202-857-7687  FAX: 202-857-7929

**EXHIBIT**

5

## Morgan & Finnegan, L.L.P.

Honorable Theodore H. Katz
January 29, 2007
Page 2

general counsel, who for purposes of this action has been designated by Unigene as its in-house counsel, should be permitted access, under additional restrictive conditions, to any of Defendants Apotex, Inc. and Apotex Corp.'s (collectively "Defendants") confidential information.

## BACKGROUND

On December 5, 2006, Plaintiffs sent a draft proposed Protective Order (a copy of which is attached hereto) to Defendants' counsel which provides two levels of protection for confidential technical, business and financial information and allows a party to designate such information either as "Confidential" or "Highly Confidential" information.

As is common in a Protective Order, certain classes of individuals are identified as being able to have access to the parties' "Confidential" or "Highly Confidential" information. Plaintiffs proposed that two in-house counsel of each party to the action be given access to all confidential information, including "Highly Confidential" information, provided that in-house counsel sign an undertaking to abide by the terms of the Protective Order for access to "Highly Confidential" information. Specifically, Plaintiff Unigene designated its long time outside general counsel, Mr. Jim Marino of the Dechert law firm, as its in-house counsel, and Plaintiff Upsher-Smith designated the same two in-house counsel that Defendants made privy to certain formulation information relating to their ANDA submission before the filing of this lawsuit. Defendants have not yet designated any in-house counsel. All in-house counsel would get access to both "Confidential" and "Highly Confidential" information of a party, provided the undertaking is signed.

Defendants are not adverse to giving Upsher-Smith's in-house counsel access to the lower tier "Confidential" information, limiting the disclosure of information designated at the higher level of confidentiality to outside counsel, their employees and agents, outside vendors providing services for a party or their outside counsel, independent outside experts (and their staff) retained in the litigation, the Court and its personnel, court reporters and outside translators. As for Unigene's counsel, Defendants have objected to Unigene's designation of Mr. Marino and refuse to grant him access to any of Defendants' confidential information. The basis for Defendants' objection to Mr. Marino is discussed below.

After Plaintiffs provided the proposed Protective Order to Defendants, Plaintiffs were advised by Defendants that one of Defendants' former outside trial counsel, Ms. Lynn Terrebonne, left the law firm representing Defendants and had joined the Dechert law firm, the same firm that Unigene's outside general counsel, Mr. Marino, is associated with. Because of Ms. Terrebonne's current employment with the Dechert law firm, Defendants refuse to allow Mr. Marino to have access to any of Defendants' confidential information, despite the fact that Ms.

JAN-31-2007  18:36        CHAMBERS JUDGE PATTERSON              212 805 7917    P.04

## Morgan & Finnegan, L.L.P.

Honorable Theodore H. Katz
January 29, 2007
Page 3

Terrebonne is located in Dechert's West Coast office in Palo Alto, California and Mr. Marino is located in the Princeton, New Jersey office of the Dechert firm.

To address Defendants' concern, Plaintiffs offered additional safeguards to further protect information under the proposed Protective Order. Specifically, Mr. Marino agreed to refrain from having any litigation interaction with Ms. Terrebonne during the pendency of this action and would implement specific procedures to safeguard the parties' information. Further, Plaintiffs proposed that all in-house counsel's access to information designated "Highly Confidential", and the right to inspect and be privy to such documents, occur only at outside counsel's office, at depositions or at trial. Thus, in-house counsel's access to the most sensitive information would be further restricted by not allowing any in-house counsel to take custody of an opposing parties' "Highly Confidential" information. Defendants have rejected these measures.

Plaintiffs believe that these safeguards provide more than adequate protection against in-house counsel's inadvertent use or disclosure of a party's confidential information as the limited access to "Highly Confidential" information is restricted to situations that would generally involve trial preparation. Moreover, all of Plaintiffs' in-house counsel are located in states other than where Plaintiffs' trial counsel is located, creating another safeguard against in-house counsel freely accessing Defendants' "Highly Confidential" information.

It would be highly prejudicial for Plaintiffs to have their in-house counsel denied access to information that may be necessary to their participation in developing litigation strategy, assisting in trial preparation, and for possible use in settlement deliberations. Accordingly, Plaintiffs seek the Court's guidance and hereby request that their in-house counsel be granted access to all of Defendants' confidential information subject to implementation of the safeguards discussed above.

Counsel for Plaintiffs are available for a conference at the Court's convenience.

Respectfully submitted,

Joseph A. DeGirolamo
Joseph A. DeGirolamo

JAD/ky
Enclosure

cc:    William J. Castillo, Esq. -
        (by facsimile (215) 751-1142 w/enclosure – confirmation by mail)

*application granted*
*conference at 10 30 A M on*
*2/2/07*
*See ordered*
*Robert P. Patterson*
*USDJ*
*1/31/07*

                                                        TOTAL P.04

### UNITED STATES DISTRICT COURT
United States Courthouse
500 Pearl Street
New York, NY 10007



RECEIVED
FEB 0 1 2007

CAESAR, RIVISE, BERNSTEIN,
COHEN & POKOTILOW, LTD.

Chambers of
Robert P. Patterson, Jr.
District Judge

## FACSIMILE COVER SHEET
## CANON L700

TEL. NUMBER: 212-805-0238
FAX NUMBER: 212-805-7917

DATE: January 31, 2007

**INDEX NO.    06 Civ. 5571 (RPP)**

**TO:    Joseph A. DeGirolama          Fax. No. 212-415-8701**
**William J. Castillo                         215-751-1142**

FROM:    JUDGE PATTERSON'S CHAMBERS, Kathleen Howley, Secy.

There are _4_ pages being transmitted, including this cover page. If there are any questions, please call 212-805-0238.

Confirmation of Conference. See P. 004



COPY