# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **BONE CARE INTERNATIONAL LLC and GENZYME CORPORATION,** )<br>)<br>)<br>*Plaintiffs,* )<br>)<br>v. )<br>)<br>**PENTECH PHARMACEUTICALS, INC.,** )<br>)<br>*Defendant.* )<br>) | **Civil Action No.: 08-cv-1083**<br><br><br><br>**Honorable Robert M. Dow Jr.**<br>**Magistrate Judge Martin C. Ashman** |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

The parties to this case have requested that the following Stipulated Protective Order be entered to govern the exchange of discovery material that the parties regard as confidential.

This case concerns a patent dispute relating to a prescription drug containing doxercalciferol, sold by Plaintiffs Bone Care International LLC and Genzyme Corporation ("Plaintiffs") under the brand name HECTOROL®. Defendant Pentech Pharmaceuticals, Inc ("Pentech") has filed an Abbreviated New Drug Application ("ANDA") with the United States Food and Drug Administration ("FDA") to sell a generic version of doxercalciferol. Plaintiffs have sued Pentech for patent infringement, and Pentech has counterclaimed seeking a declaration that Plaintiffs' patents are not infringed and/or are invalid. Given the nature of the claims and defenses asserted by the parties, discovery will necessarily focus on several areas of a sensitive proprietary nature, such as the parties' respective research and development efforts, proprietary

formulations, and financial information. Many documents concerning these subjects contain trade secrets or other confidential research, development or commercial information. Such information includes marketing strategies and the design and specifications of the products at issue in this lawsuit. All of this information is kept confidential in the normal course of business and is of a nature such that its disclosure to competitors or general dissemination to the public could cause competitive harm or injury in the marketplace. Special protection from public disclosure and from use of this information for any purpose other than prosecuting this litigation is warranted. Because disclosure of such material poses a substantial risk of causing harm to the parties' respective competitive positions, the parties developed and reached agreement upon a protocol for controlling disclosure of such information produced in discovery. The agreed-upon protocol is embodied in this Protective Order.

Good cause exists for entry of this Order. *See* Fed. R. Civ. P. 26(c); *Jepson, Inc. v. Makita Elec. Works, Ltd.,* 30 F. 3d 854 (7th Cir. 1994). The nature of the case requires the parties to seek and produce documents and information and elicit deposition testimony, the disclosure of which poses a substantial risk of harm to the producing party's legitimate proprietary interests. This Protective Order provides reasonable restrictions on the disclosure of such sensitive materials. This Protective Order allows the attorneys of record for the producing party to designate certain materials being produced or deposition testimony as confidential. Disclosure of materials designated as "Confidential Information" or "Highly Confidential Information" is limited to specific classes of persons. In addition, this Protective Order provides for filing confidential

documents with the Court under seal, if such documents need to be filed as part of motion practice or other proceedings.

This Order also provides that the party requesting production of the information and/or any interested member of the public may challenge the producing party's confidentiality designation before the Court, thereby minimizing the likelihood that non-sensitive documents will be unnecessarily designated as confidential. The Order allocates to the producing party the burden of justifying the confidentiality designation.

Accordingly, the Court hereby enters the following Protective Order, which shall control the disclosure, dissemination, and use of information in this case:

1.   Any document, information, or things (which shall include all written, recorded or graphic matter whatsoever) or portion thereof produced by a party or a non-party to this suit (hereinafter "producing party") may be designated by the attorneys of record for the producing party as "Confidential" or "Highly Confidential," or an equivalent designation.

a.      Attorneys of record for a party shall designate as "Confidential" that information which they in good faith believe constitutes confidential information that is used by a party in, or pertaining to its business, which information is not publicly known including trade secret or other confidential research, development, or commercial information (*e.g.*, Plaintiff's NDA No. 021-027 and Defendant's ANDA No. 90-040).

b.      Attorneys of record for a party shall designate as "Highly Confidential" that information which they in good faith believe constitutes highly sensitive financial information, including future business plans, or marketing plans, forecasts, and projections. It is understood that the "Highly Confidential" designation is

an exceptional designation and is to be used in good faith only to protect information which meets the above defined criteria.

c.    Each such document or portion thereof, or thing, shall be clearly marked or stamped with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such legend shall be placed on every page of a multi-page document. Such legend need not be placed on the original document of the producing party, but may instead be placed upon copies produced or exchanged. As to each document or portion so marked (subject to the exceptions contained in paragraph 19 below), the receiving party shall not disclose such document or portion (or the contents thereof) to others unless by specific order of this Court or written consent of the producing party, and shall not use such document or portion (or the contents thereof) for any purpose other than the prosecution and/or defense of the above-entitled and numbered cause, and in accordance with the terms of this Protective Order. Designated "Confidential" or "Highly Confidential" information cannot, for example, be used by the non-designating party for the purpose of preparing or prosecuting a patent application, in any communication with the U.S. Food and Drug Administration, or in any communication with the United States Pharmacopeia. All "Confidential" or "Highly Confidential" information not reduced to documentary or tangible form or which cannot be conveniently designated in the manner set forth above, such as models or electronic files, shall be designated by the producing party by informing the receiving party in writing, and/or by so labeling the media on which the electronic files are produced.

2.    Interrogatories or the Answers thereto, Requests for Admissions or the Responses thereto, motions, briefs, memoranda, correspondence and other documents

prepared, produced, and served and/or filed in connection with this case (or portions of the foregoing) containing "Confidential" or "Highly Confidential" information, or quoting or referring to the substance of any "Confidential" or "Highly Confidential" information, shall be similarly designated or treated as "Confidential" or "Highly Confidential" in accordance with the provisions and procedures of paragraphs 1 and 15.

3.  Any oral or transcribed testimony and/or evidence may similarly be designated (orally on the record, or in writing within thirty (30) days following receipt of the transcript) by any party as "Confidential" or "Highly Confidential." If so designated, then such testimony and the substance thereof shall be subject to the same restrictions contained in paragraph 1 above. However, the party so designating shall have the obligation, within thirty (30) days following receipt of the transcript of such testimony, to notify the opposing party and the court reporter in writing of the specific pages and lines of the transcript which contain the confidential information. Such written notification shall then be attached by the receiving party and/or reporter to the transcript and each copy thereof in its possession, custody or control. All transcripts of such testimony shall be treated as "Highly Confidential" in their entirety until thirty (30) days following receipt of the transcript or receipt of the confidentiality designations if received earlier. Failure to designate testimony as "Confidential" or "Highly Confidential" either at a deposition or within thirty (30) days after receipt of the transcript shall not be deemed a waiver of the right to so designate such testimony. If no such designation is made within the thirty (30) day period, then the non-producing party must first ask counsel for the producing party whether such designation will be made before using the information in a non-confidential manner.

4.  In the event the producing party elects to produce "Confidential" or "Highly Confidential" information for inspection (as opposed to, for example, delivering documents or things directly to the parties), no marking need be made by the producing party in advance of the inspection, and all information produced for inspection shall be treated as "Highly Confidential" information during inspection. Thereafter, upon selection of specified documents for copying by the inspecting party, the copies of such documents that contain "Confidential" or "Highly Confidential" information shall be marked with the appropriate confidentiality marking. "Confidential" or "Highly Confidential" information inspected, but not selected for copying, by the inspecting party shall thereafter be treated as "Highly Confidential" information.

5.  Information which becomes available to any party via inspection, measuring, analyzing, or testing of any sample or thing marked as provided in paragraph 1 and received from another party, or which is prepared or derived by utilizing information designated as "Confidential" or "Highly Confidential" information and supplied pursuant to this Protective Order, shall also be considered to be "Confidential" or "Highly Confidential" information, as the case may be, pursuant to this Protective Order.

6.  Material marked, labeled or otherwise designated "Confidential" as described in this Protective Order shall be deemed and treated as "Confidential" information unless and until the Court rules to the contrary, and access thereto or use or disclosure thereof shall be limited, unless and until the Court rules that there may be further disclosure, only to the following persons:

a.  Attorneys employed by law firms of record for the parties in this action, and persons working solely in secretarial, clerical and paralegal capacities who are assisting those attorneys in this action;

b.  Court reporters and videographers taking testimony involving information designated as "Confidential" and necessary stenographic and clerical personnel thereof;

c.  Litigation support consultants engaged to provide services relating to document indexing or imaging, demonstrative exhibits, graphics, charts, animations and/or jury studies, provided they acknowledge that they will abide by this Order by signing the attached Acknowledgement;

d.  Consultants or experts who are not current employees or contractors of a party (and who at the time of retention is not anticipated to become an employee of a party) and their staffs to the extent cleared by the parties pursuant to paragraph 8 of this Protective Order, provided they acknowledge that they will abide by this Order by signing the attached Acknowledgement;

e.  Mock jurors engaged by any consultant in preparation for trial, provided they acknowledge that the information they are shown be kept confidential;

f.  The court and the court's staff;

g.  No more than two in-house counsel who are employees of a party and who are designated in accordance with paragraph 10 by each party, and who:

i.  have direct responsibility for this litigation;

7

ii.    do not have direct patent prosecution responsibility relating to the subject matter(s) of this litigation and who will refrain from any such activities for a period of three (3) years after the termination of this litigation; and

iii.    are not competitive decision makers (*i.e.*, are not responsible for decisions relating to competitive business practices, such as pricing, product design or development, sales, or marketing);

h.    Any person to whom the designating party agrees in writing; and

i.    Any person to the extent required by Court Order.

7.    Material marked, labeled or otherwise designated "Highly Confidential" as described in this Protective Order shall be deemed and treated as "Highly Confidential" information, unless and until the Court rules to the contrary, and access thereto or use or disclosure thereof shall be limited, unless and until the Court rules that there may be further disclosure, only to the following persons:

a.    Attorneys employed by law firms of record for the parties in this action, and persons working solely in secretarial, clerical and paralegal capacities who are assisting those attorneys in this action;

b.    Court reporters and videographers taking testimony involving information designated as "Highly Confidential," and necessary stenographic and clerical personnel thereof;

c.    Litigation support consultants engaged to provide services relating to document indexing or imaging, demonstrative exhibits, graphics, charts, animations and/or jury studies, provided they acknowledge that they will abide by this Order by signing the attached Acknowledgement;

d.     Consultants or experts who are not current employees or contractors of a party (and who at the time of retention is not anticipated to become an employee of a party) and their staffs to the extent cleared by the parties pursuant to paragraph 8 of this Protective Order, provided they acknowledge that they will abide by this Order by signing the attached Acknowledgement;

e.     Mock jurors engaged by any consultant in preparation for trial provided they acknowledge that the information they are shown be kept confidential;

f.     The court and the court's staff;

g.     Any person to whom the designating party agrees in writing; and

h.     Any person to the extent required by Court Order.

8. The persons identified in paragraphs 6.c - 6.e, 6.g, 6.h and 7.c - 7.e, and 7.g above shall not be permitted access to matters designated as "Confidential" and "Highly Confidential," respectively, unless and until they agree in writing to be bound by this Protective Order by signing a confidentiality agreement substantially in the form of Attachment A. Outside counsel of record shall retain copies of all executed confidentiality agreements. Except as provided in paragraph 10, copies need not be provided until the final termination of this action and at the written request of the producing party.

9. Access to produced documents designated "Confidential" or "Highly Confidential" by in-house counsel designated pursuant to paragraph 6.g shall be as follows:

a.    In-house counsel designated pursuant to paragraph 6.g may receive produced documents designated "Confidential" if such documents are contained in or attached to documents filed or to be filed with the court (including drafts thereof), or any document, pleading or brief in connection with any motion or other written submission filed or to be filed with the court (including drafts thereof), if such documents are used or marked at a deposition taken in connection with this case, or if legal advice cannot be provided by counsel for a party without disclosure of the information contained in such a document.

b.    In-house counsel designated pursuant to paragraph 6.g may receive briefs and other pleadings disclosing the substance or content of produced documents designated "Highly Confidential" but not exhibits thereto that have been designated "Highly Confidential."

c.    Except as provided in paragraph 9.a and 9.b above, outside counsel of record shall not send to, or otherwise provide a copy to, in-house counsel produced documents containing "Confidential" or "Highly Confidential" information.

10.    The procedure for disclosure of any "Confidential" or "Highly Confidential" information to the persons described in paragraphs 6.d, 6.g, and 7.d shall be as follows:

a.    The party seeking to disclose such information shall, before such disclosure, provide by facsimile or e-mail to outside counsel for each producing party:

i.        The name of the person to whom the party seeks to disclose the information;

ii.        The present employer, responsibilities and title of the person;

iii.       A signed, written confidentiality agreement (substantially in the form of Attachment A) by the person that he/she has read this Protective Order, agrees to be bound by its terms, and consents to the jurisdiction of this Court; and

iv.       For experts and consultants: (1) a current resume; and (2) a list of who they consulted for and the type(s) of product(s) that was the subject matter of the consulting, provided the expert or consultant is free to disclose such information.

b.        Within five (5) business days after receipt of the information described in subparagraph 10.a, a party may object to the disclosure of information designated as "Confidential" or "Highly Confidential" to the proposed recipient. Such objection may be made by serving a written objection by facsimile or e-mail on the party seeking to make disclosure. The parties shall meet and confer to try to resolve the objection. If the parties are unable to do so, the objecting party shall, unless otherwise directed by the Court, file a motion seeking an order that disclosure of information designated as "Confidential" or "Highly Confidential" not be permitted. Such motions must be filed and served by facsimile or e-mail within ten (10) business days of service of the

party's written objection; otherwise, the objection is deemed waived.  The objecting party shall have the burden of proof.

      c.     During (a) the five (5) business day period for objections, (b) if objection is made, the subsequent ten (10) business day period for filing a motion, (c) if a motion is brought, the pendency of the motion, and (d) until the motion has been resolved by agreement of counsel or by order of the Court allowing disclosure of information designated as "Confidential" or "Highly Confidential," no disclosure of such designated information shall be made to the proposed recipient.

      11.     In addition to either party, an interested member of the public can challenge any "Confidential" or "Highly Confidential" designation by following the same procedures as set forth for the parties.

      12.     Additionally, notwithstanding any provision of this Order, a party may disclose: (a) its own "Confidential" or "Highly Confidential" material to non-parties as it sees fit; (b) another party's "Confidential" or "Highly Confidential" matter to any officer, director, employee, attorney or agent of that other party, or to any former officer, director, employee, attorney or agent of that other party provided that the document or thing includes indicia that the former officer, director, employee, attorney or agent had received it or if the producing party or outside counsel to the producing party permits such disclosure; or (c) a nonparty's "Confidential" or "Highly Confidential" material as produced by that non-party to any employee of that non-party provided that the document or thing includes indicia that the nonparty employee had received it or if the non-party or outside counsel to the non-party party permits such disclosure.  Pentech also may disclose

any of Plaintiffs' infringement contentions with respect to Pentech's product(s) to any of Pentech's own employees and witnesses; and Plaintiffs may disclose any of Pentech's invalidity contentions with respect to Plaintiffs' patent(s) to any of Plaintiffs' own employees and witnesses. Counsel for either party shall have the right to exclude from oral depositions, other than the deponent, the reporter and any videographer, any person who is not authorized by or under this Protective Order to receive confidential information, but such right or exclusion shall be applicable only during periods of examination or testimony directed to or comprising "Confidential" or "Highly Confidential" information.

13.        If any party files any documents coming within the scope of this Protective Order, the filing party shall follow the procedures set forth in Local Civil Rule 26.2.

14.        The attorneys of record for the parties shall limit their designations of "Confidential" or "Highly Confidential" solely to information which they in good faith believe to fall within this Protective Order. No receiving party shall be under any obligation to object to the designation of any document or information as "Confidential" or "Highly Confidential" at the time such designation is made, or at any time thereafter, and no party shall, by failure to object, be found to have acquiesced or agreed to such designation or be barred from objecting to such designation at any time.

15.        Should any document or information designated as "Confidential" or "Highly Confidential" hereunder be disclosed through inadvertence to any person or party not entitled to receive the same hereunder, then the parties intend to have such person be automatically bound by the Protective Order and such person: (1) shall be

informed promptly of all of the provisions of this Protective Order by the receiving party;
(2) shall sign a confidentiality agreement in accordance with paragraph 8 above; and (3)
the parties shall serve the signed confidentiality agreement on opposing counsel within
five (5) days of receipt of the signed agreement.  The disclosing party shall exercise all
reasonable efforts to retrieve any such information disclosed to persons not authorized to
receive the information under this Protective Order.

16.      If the receiving party at any time objects to the designation of any
information as "Confidential" or "Highly Confidential," such party shall state the
objection by facsimile or e-mail to counsel for the producing party.  Counsel shall
endeavor in good faith to resolve the objection on an informal basis before presenting the
matter to the Court for resolution.  If the parties are unable to resolve the objection, then
the receiving party may file a motion with the Court for an order changing or removing
the designation.  The moving party shall have the burden of showing good cause for
change.  Until an objection to the designation of a document has been resolved by
agreement of counsel or by order of the Court, the document shall be treated as
designated and subject to the terms of this Protective Order.  A party shall not be obliged
to challenge the propriety of "Confidential" or "Highly Confidential" designations at the
time made, and a failure to do so shall not preclude a subsequent challenge thereto.

17.      No party shall be responsible to another for any use made of
information produced or disclosed hereunder and not identified or designated as
"Confidential" or "Highly Confidential."  However, the inadvertent or unintentional
disclosure by the producing party of confidential information without designating the
same shall not be deemed a waiver in whole or in part of such party's claim of

confidentiality, and such designation may be made promptly after the discovery of the inadvertent production or disclosure. Thereafter, such confidential information shall be considered as having been designated as "Confidential" or "Highly Confidential," as appropriate, and shall be deemed to be subject to the terms of this Protective Order.

18.    The inadvertent production or disclosure of any document or thing otherwise protected by the attorney-client privilege or work-product immunity shall not operate as a waiver of any such privilege or immunity if, promptly after learning that the inadvertent production or disclosure was made, the party who made the inadvertent production or disclosure sends to each receiving party a written request for return of the inadvertently produced or disclosed document or thing. Within five (5) days of receiving such a request, the receiving party shall return to the producing party the original and, to the extent practicable, all copies of such documents and things identified by the producing party as being privileged or work-product and as having been inadvertently produced.

a.    If the receiving party disputes that any such document or thing was inadvertently produced or is protected by the attorney-client privilege or by work-product immunity, the receiving party shall so notify the producing party in writing when the document or thing is returned to the producing party.

b.    Within ten (10) days after receiving such notification, the producing party shall provide to the receiving party a list identifying all such returned documents and things and stating the basis for the claim of privilege or immunity.

c.     The receiving party may file a motion to compel production of such documents and things the protection of which is still disputed, provided the deadline for filing such discovery motions has not passed.  If such a motion is filed, the producing party shall have the burden of proving that the documents in dispute are protected by the attorney-client privilege or by work-product immunity.  The receiving party may not use, or otherwise refer to, the substance of the document in the motion.

d.     The disposition of documents containing information derived from such inadvertently produced documents, and of copies of such inadvertently produced documents that cannot practicably be returned, shall be addressed on a case-by-case basis by agreement of counsel or by order of the Court.

19.     Notwithstanding any other provision of this Protective Order to the contrary, the confidentiality obligations of this Protective Order shall not apply or shall cease to apply to the following information:

a.     at the time of disclosure hereunder, was already in the public domain by publication or otherwise;

b.     since the time of disclosure hereunder, has become, through no act or failure on the part of the receiving party, part of the public domain by publication;

c.     at the time of disclosure hereunder, was already lawfully in the possession of the receiving party and was not acquired directly or indirectly from

the producing party or from any third party under obligation of confidence to the producing party;

        d.      after disclosure hereunder, was acquired by the receiving party from a third party lawfully possessing the same and having no obligation to the producing party hereunder;

        e.      the producing party agrees may be disclosed to a third party under no obligation of confidentiality; or

        f.      after disclosure hereunder, was developed by the receiving party independently of any "Confidential" or "Highly Confidential" information from the producing party.

        20.      Nothing contained in this Protective Order shall be construed to require production of "Confidential" or "Highly Confidential" information deemed by counsel possessing such information to be privileged or otherwise protected from discovery. The entry of this Protective Order shall not constitute a waiver by the parties of any objections to disclosure and/or production of any information during discovery.

        21.      Nothing shall prevent disclosure beyond the terms of this Protective Order if the party designating the information as "Confidential" or "Highly Confidential" expressly consents to such disclosure, or if the Court, after notice and reasonable time to object to all affected parties, orders such disclosure.

        22.      If the discovery process calls for the production of information the disclosure of which would breach an express or implied agreement by that party with a non-party to maintain such information in confidence, the party requested to produce the

information shall first give written notice to the non-party with a copy of this Protective

Order. When such written notice is given to the non-party, the party requested to produce

the information will advise the other parties to this action that such notice has been given.

If the non-party objects to the production of such information, the party requested to

produce shall not produce the information without an order from the Court directing it to

do so. If the non-party consents to the production, the requested information shall be

produced in accordance with this Protective Order.

23.      In the event that a party seeks discovery from a non-party to this

action, either the non-party or the parties may invoke the terms of this Protective Order

with respect to any confidential information provided to the parties by the non-party by

so advising all parties to this suit in writing. Any such non-party shall have standing to

appear in this action in order to file motions and oppose motions, as necessary, to protect

such non-party's rights in its confidential information.

24.      At the conclusion of this action, including any appeals, the

originals of all produced documents or things designated as containing "Confidential" or

"Highly Confidential" information and remaining subject to this Protective Order, and all

photocopies thereof (including those provided to outside experts and other third parties),

but excluding those provided to the Court, shall, within thirty (30) days of a written

request, be returned to the producing party (or destroyed, at the election of the producing

party), except that neither party nor the Court shall be obliged to return or destroy any

production documents or production things (or any photocopies thereof) that were: (a)

admitted into evidence at trial or any hearing; (b) incorporated (as an exhibit, appendix,

or otherwise) as part of a document filed with or submitted to the Court; (c) incorporated

(as an exhibit, appendix, or otherwise) as part of an expert report; or (d) incorporated (as an exhibit, appendix, or otherwise) into any attorney work product.

26.  The terms of this Protective Order shall survive the final termination of this action to the extent that any "Confidential" or "Highly Confidential" information is not or does not become known to the public.

26.  This Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, officers, directors, employees, agents, and independent contractors, and other persons or organizations over which they have control.

27.  Nothing in this Protective Order shall bar or otherwise restrict any attorney herein from rendering advice to the attorney's party-client with respect to this action, and in the course thereof, relying upon an examination of "Confidential" or "Highly Confidential" information; provided, however, that in rendering such advice and in otherwise communicating with the party client, the attorney shall not disclose any "Confidential" or "Highly Confidential" information nor the source of any "Confidential" or "Highly Confidential" information to anyone not authorized to receive such documents, things, materials or information pursuant to the terms of this Protective Order.

28.  This Protective Order is not intended to govern the use of "Confidential" or "Highly Confidential" information at the trial of this action. Procedures governing the use of "Confidential" or "Highly Confidential" information at

trial will, if necessary, be established by separate order, pursuant to application to the Court by one or more of the parties.

29.      This Protective Order may be changed by further order of the Court, and is without prejudice to the rights of any party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

30.      Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it had been "So Ordered."

SO ORDERED this _____ day of _____, 2008.


_____
Robert M. Dow Jr.
United States District Judge

20

We hereby stipulate to the entry of the foregoing Protective Order.

_____

Sarah R. Wolff
Jennifer Yule DePriest
Reed Smith LLP
10 South Wacker Drive, 40th Floor
Chicago, Illinois 60606-7507
Phone: (312) 207-1000
Facsimile: (312) 207-6400

Robert L. Baechtold
Scott K. Reed
Filko Prugo
FITZPATRICK, CELLA, HARPER & SCINTO
30 Rockefeller Plaza
New York, NY 10112-3801
Phone: (212) 218-2100
Fax: (212) 218-2200

*Attorneys for Plaintiffs Bone Care International LLC
and Genzyme Corporation*

_____

Robert Breisblatt
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, Illinois 60661-3693
Telephone: (312) 902-5480
Facsimile: (312) 577-8792

Robert S. Silver
Bruce J. Chasan
Mona Gupta
William J. Castillo
William C. Youngblood
Caesar, Rivise, Bernstein, Cohen
& Pokotilow, Ltd.
1635 Market Street 11th Floor
Philadelphia, PA 19103-2212
Telephone: (215) 567-2010
Facsimile: (215) 751-1142

*Attorneys for Pentech Pharmaceuticals, Inc.*

### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DISTRICT

|  |  |
|---|---|
| BONE CARE INTERNATIONAL LLC and GENZYME CORPORATION, ) ) ) | Civil Action No.: 08-cv-1083 |
| Plaintiffs, ) ) | |
| v. ) ) | ATTACHMENT A CONFIDENTIALITY AGREEMENT |
| PENTECH PHARMACEUTICALS, INC., ) ) ) | |
| Defendant. ) ) | Honorable Robert M. Dow Jr. Magistrate Judge Martin C. Ashman |

I, _____, being duly sworn, state that:

    (a)   My present residential address is _____ _____.

    (b)   My present employer is _____ _____ and the address of my present employer is _____.

    (c)   My present occupation or job description is _____ _____.

    I have read a copy of the Protective Order entered in this case on _____,2008; I recognize that during my participation in this case I may have occasion to read or hear matters which are designated "Confidential" or "Highly Confidential." I agree not to disclose any such confidential matter to any person not entitled to received disclosure of the same under the provisions of such Protective Order. I further agree to use any such confidential matter solely for the purpose appropriate to my participation in this case, and that I agree to abide by said Protective Order in every respect.

_____

SUBSCRIBED and SWORN to before me
this _____ day of _____, 200___.

_____
Notary Public
My Commission Expires _____