# EXHIBIT 3

**Prugo, Filko**

| | |
|---|---|
| **From:** | Silver, Robert S. [rssilver@crbcp.com] |
| **Sent:** | Thursday, May 22, 2008 10:03 AM |
| **To:** | Prugo, Filko; DePriest, Jennifer Y.; Chasan, Bruce J.; Darkin, Fiona |
| **Cc:** | Johnson, Beverly; Castillo, William J.; Wolff, Sarah R.; Breisblatt, Robert B.; Chasan, Bruce J. |
| **Subject:** | RE: Bone Care/ Genzyme v. Pentech - Draft protective order |

Filko, we have discussed the draft with Pentech and have the following comments/proposals.

1. The draft you sent still states 3 in house counsel are entitled to confidential information, not the 2 Plaintiffs are agreeable to. Pentech is agreeable to the 2, with the reservation that those individuals could not see the CMC (Chemistry and Manufacturing Section) of the ANDA in this case and any documents related thereto. We are also agreeable to the limitations set forth of those individuals you have described and request that they be placed in the agreement.

Regarding the point #5 I raised, under the prior draft, there was no requirement that an inadvertent disclosure be disclosed to the opposing party in case any remedial actions needed to be taken or to assess whether there was any damage to a party based on the inadvertent disclosure. I therefore suggested that should an inadvertent disclosure occur, the person sign the acknowledgment and opposing counsel be told of the inadvertent disclosure.

I am available until 2 today to discuss this matter any further, otherwise you may contact Bruce Chasan of my office. Regards. Bob

---

**From:** Prugo, Filko [mailto:FPrugo@fchs.com]
**Sent:** Tuesday, May 20, 2008 3:32 PM
**To:** Silver, Robert S.; DePriest, Jennifer Y.; Chasan, Bruce J.; Darkin, Fiona
**Cc:** Johnson, Beverly; Castillo, William J.; Wolff, Sarah R.; Breisblatt, Robert B.
**Subject:** RE: Bone Care/ Genzyme v. Pentech - Draft protective order

Bob,

Attached is a draft Protective Order that has been amended to correct some typographical errors we noticed while considering your email below. The document is redlined for ease of reference.

With respect to your email below, Plaintiffs are willing to agree to add points #4 (to the extent that the expert is free to disclose such information) and #5 (even though we do not understand the need for a conflict check in relation to a person who inadvertently receives confidential information).

Plaintiffs do not agree to the designation of Pentech's ANDA as Highly Confidential and do not understand what you mean by "business responsibilities."

In any event, in order to assuage any concerns Pentech has, Plaintiffs are willing to limit access to confidential information to only two in-house counsel who: (1) have direct responsibility for this litigation, (2) do not have direct patent prosecution responsibility relating to the subject matter(s) of this litigation and who will refrain from any such activities for a period of three years after termination of the litigation, and (3) are not competitive decision makers (i.e., not responsible for decisions relating to competitive business practices, such as pricing,

6/2/2008

product design or development, sales, or marketing). Moreover, Plaintiffs are willing (and the protective order provides - see paragraph 10.a.iii.) to have in-house counsel agree to be personally subject to the jurisdiction of the court to enforce the confidentiality agreement.

To the extent Pentech agrees to designate its ANDA as confidential Plaintiffs are willing to revisit point #3.

We look forward to hearing from you.

Kind regards,

Filko

---

**From:** Silver, Robert S. [mailto:rssilver@crbcp.com]
**Sent:** Monday, May 12, 2008 10:58 AM
**To:** DePriest, Jennifer Y.; Chasan, Bruce J.; Darkin, Fiona
**Cc:** Johnson, Beverly; Castillo, William J.; Wolff, Sarah R.; Breisblatt, Robert B.; Prugo, Filko
**Subject:** RE: Bone Care/ Genzyme v. Pentech - Draft protective order

Dear Fiona/Filko:

Pentech has the following comments on the proposed protective order for your consideration. 1. In section 1.a., page 3, Plaintiffs appear to want to include the ANDA in the lower level of confidentiality accessible to in house counsel. Pentech submits that its ANDA and related documents constitute a trade secret and should not be accessible to in house counsel. Also, there is an apostrophe missing in 1.a. for Defendants.

2. Plaintiffs want 3 in house counsel to have access to the lower tier of documents. Pentech requests that it be limited to no more than 2 in house counsel having no business or patent prosecution responsibilities and that the individuals be specifically identified and sign the Acknowledgment.

3. In section 9.b., Plaintiffs' in house counsel would not see the testimony, transcripts and exhibits attached to briefs. However, if the brief repeated the testimony or document or incorporated or described it in great detail, they would see information which they otherwise might not be entitled to.

4. In the expert disclosure section, Pentech requests that the parties disclose who the expert has consulted with before, e.g., types of products, to see if there is any conflict since CVs frequently do not include that information.

5. Under section 15, if someone inadvertently discloses confidential information, Pentech requests that the recipient must sign the acknowledgement of being bound by the protective order. There is no requirement that the signed Acknowledgement be served on opposing counsel so they can determine if a conflict exists and Pentech believes it should be served within the 5 day time period.

Regards. Bob

---

**From:** DePriest, Jennifer Y. [mailto:JDePriest@ReedSmith.com]
**Sent:** Friday, May 09, 2008 3:31 PM
**To:** Chasan, Bruce J.; Darkin, Fiona; Silver, Robert S.

**Cc:** Johnson, Beverly; Castillo, William J.; Wolff, Sarah R.; Breisblatt, Robert B.
**Subject:** RE: Bone Care/ Genzyme v. Pentech - Draft protective order

Bruce,

Please see the attached and let me know if we have your authorization to e-sign on your behalf. I plan to notice it for this Thursday, May 15 (though as it is agreed, Judge Dow likely will grant it without requiring the parties to appear).

Jennifer

---

**From:** Chasan, Bruce J. [mailto:bjchasan@crbcp.com]
**Sent:** Friday, May 09, 2008 1:02 PM
**To:** Darkin, Fiona; Silver, Robert S.
**Cc:** Johnson, Beverly; Castillo, William J.; Wolff, Sarah R.; DePriest, Jennifer Y.; Breisblatt, Robert B.
**Subject:** RE: Bone Care/ Genzyme v. Pentech - Draft protective order

Okay. I'm here all afternoon. BJC

---

**From:** Darkin, Fiona [mailto:Fdarkin@fchs.com]
**Sent:** Friday, May 09, 2008 2:01 PM
**To:** Chasan, Bruce J.; Silver, Robert S.
**Cc:** Johnson, Beverly; Castillo, William J.; Wolff, Sarah R.; DePriest, Jennifer Y.; Breisblatt, Robert B.
**Subject:** RE: Bone Care/ Genzyme v. Pentech - Draft protective order

Hi Bruce,
Our local counsel will prepare the motion and send it for your review. They will need your authorization to e-sign.
Regards,
Fiona

---

**From:** Chasan, Bruce J. [mailto:bjchasan@crbcp.com]
**Sent:** Friday, May 09, 2008 12:58 PM
**To:** Darkin, Fiona; Silver, Robert S.
**Cc:** Johnson, Beverly; Castillo, William J.; Wolff, Sarah R.; DePriest, Jennifer Y.; Breisblatt, Robert B.
**Subject:** RE: Bone Care/ Genzyme v. Pentech - Draft protective order

Fiona,

  Yes. We agree to a joint motion. Will you handle?

    Bruce Chasan

---

**From:** Darkin, Fiona [mailto:Fdarkin@fchs.com]
**Sent:** Friday, May 09, 2008 11:55 AM
**To:** Silver, Robert S.
**Cc:** Johnson, Beverly; Castillo, William J.; Chasan, Bruce J.; Wolff, Sarah R.; DePriest, Jennifer Y.; Breisblatt, Robert B.
**Subject:** RE: Bone Care/ Genzyme v. Pentech - Draft protective order

Bob,
I understand you are out of the office until Monday. Judge Dow's Order of April 23rd requires that we file a joint motion for a stipulated protective order by today. We haven't received your comments on our proposed protective

6/2/2008

order, so I assume we won't be ready to file today. Would you agree to a joint motion for a 2-week extension to file the stipulated protective order?
Kind regards,
Fiona

---

**From:** Silver, Robert S. [mailto:rssilver@crbcp.com]
**Sent:** Tuesday, May 06, 2008 7:31 AM
**To:** Darkin, Fiona
**Cc:** Johnson, Beverly
**Subject:** RE: Bone Care/ Genzyme v. Pentech - Draft protective order

Fiona, many thanks. Bob

---

**From:** Darkin, Fiona [mailto:Fdarkin@fchs.com]
**Sent:** Monday, May 05, 2008 5:37 PM
**To:** Silver, Robert S.
**Cc:** Castillo, William J.; Chasan, Bruce J.; Johnson, Beverly
**Subject:** Bone Care/ Genzyme v. Pentech - Draft protective order

Bob,

Attached for your review and comment is a draft Protective Order.

Kind regards,

Fiona

---

------------------------------------------------------------------ This email message and any attachments are intended for the use of the addressee(s) indicated above. Information that is privileged or otherwise confidential may be contained therein. If you are not the intended recipient(s), you are hereby notified that any dissemination, review or use of this message, documents or information contained therein is strictly prohibited. If you have received this message in error, please immediately delete it and notify us by telephone at (212) 218-2100. Thank you.

\* \* \*

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

\* \* \*

To ensure compliance with Treasury Department regulations, we inform you that, unless otherwise indicated in writing, any U.S. Federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or applicable state and local provisions or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

Disclaimer Version RS.US.1.01.03
pdc1

6/2/2008