# EXHIBIT 6

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BONE CARE INTERNATIONAL LLC and GENZYME CORPORATION,<br><br>*Plaintiffs,*<br><br>v.<br><br>PENTECH PHARMACEUTICALS, INC.,<br><br>*Defendant.* | Civil Action No.: 08-cv-1083<br><br><br><br>Honorable Robert M. Dow Jr.<br>Magistrate Judge Martin C. Ashman |

### AFFIDAVIT OF MADGE SHAFMASTER, Ph. D.

I, Madge Shafmaster, Ph.D., affirm as follows:

1. I am Senior Vice President and Chief Patent Counsel for Genzyme Corporation, plaintiff in the above captioned litigation. I submit this affidavit in support of the motion of Bone Care International LLC and Genzyme Corporation (collectively "Genzyme") for the entry of a Protective Order in the form attached as Exhibit 2 to Genzyme's brief. I have personal knowledge of the facts set forth herein except where stated to be on information and belief, in which case, I believe those facts to be true.

2. I received an undergraduate degree in Biology in 1982.

3. I received a Ph.D. in Molecular Biology and Virology in 1989.

4. In 1994 I received a J.D. degree from New York Law School.

5. I was admitted to the bar of the Commonwealth of Massachusetts in 1994 and am a member in good standing.

6. As an attorney and officer of the court, I take my ethical obligations seriously and am aware that I am subject to the Code of Professional Responsibility.

7. As Senior Vice President and Chief Patent Counsel for Genzyme Corporation, my responsibilities include hiring, supervising and instructing outside litigation counsel. I work with

outside counsel to develop case strategy, including weighing the merits of Genzyme Corporation's case.

8. I consider myself an integral member of the litigation team responsible for the above-captioned litigation and I participate in substantive decisions regarding the strategy and direction the case takes.

9. I understand the Code of Federal Regulations at 21 CFR §314.50(d) specifies what must be contained in the Chemistry, Manufacturing and Controls ("CMC") section of an Abbreviated New Drug Application ("ANDA"). Specifically, the CMC section contains information "describing the composition, manufacture, and specification" of a proposed generic product. This information is submitted by the generic applicant and relied upon by the Federal Food and Drug Administration in assessing the generic product. I understand this same section of the CFR also applies to New Drug Applications.

10. Based on defendant Pentech Pharmaceuticals, Inc.'s ("Defendant") non-infringement assertions in its correspondence to Genzyme, dated January 8, 200[8] (Paragraph IV Notice Letter), if information in Defendant's CMC section and related documents are not accessible to me, I cannot, in conjunction with outside litigation counsel, make informed decisions relating to this litigation, specifically in relation to Defendant's allegation that it does not infringe U.S. Patent No. 6,903,083.

11. In order to effectively perform my job and adequately instruct outside litigation counsel, I will need access to such information.

12. Should the Court enter a Protective Order in this case in the form proposed by Genzyme, which would permit me access to Defendant's CMC section and related documents, I would abide by the terms and conditions of the Protective Order and take all necessary and reasonable steps to protect against inadvertent disclosure of Defendant's "Confidential" information.

I affirm under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: June 3, 2008

*M.K.Shafmaster*

Madge Shafmaster Ph.D.
Senior Vice President, Chief Patent Counsel
Genzyme Corporation
500 Kendall Street
Cambridge, MA 02142