# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **BONE CARE INTERNATIONAL LLC and GENZYME CORPORATION,** | ) ) ) | **Civil Action No.: 08-cv-1083** |
| *Plaintiffs,* | ) ) ) | |
| v. | ) ) | |
| **PENTECH PHARMACEUTICALS, INC.,** | ) ) ) | **Honorable Robert M. Dow Jr.** **Magistrate Judge Martin C. Ashman** |
| *Defendant.* | ) ) ) | |

## AFFIDAVIT OF BART G. NEWLAND

I, Bart G. Newland, affirm as follows:

1.  I am the Vice President-Intellectual Property for Genzyme Corporation, plaintiff in the above captioned litigation.  I submit this affidavit based on personal knowledge in support of the motion of Bone Care International LLC and Genzyme Corporation (collectively "Genzyme") for the entry of a Protective Order in the form filed with the Court as Docket No. 51-3.  I have personal knowledge of the facts set forth herein except where stated to be on information and belief, in which case, I believe those facts to be true.

2.  I received an undergraduate degree in Microbiology in 1981.

3.  In 1984 I received a J.D. degree from the Marshall-Wythe School of Law at the College of William and Mary.

4.  I have been admitted to, and am a member in good standing, of the bar of the Commonwealth of Virginia since 1984 and the District of Columbia since 1985.

5.  As an attorney and officer of the court, I take my ethical obligations seriously and am aware that I am subject to the Code of Professional Responsibility.

6.  As Vice President-Intellectual Property for Genzyme Corporation my responsibilities include working with outside counsel to develop litigation strategy, including weighing the merits of Genzyme Corporation's positions in those litigations that I manage.

7. I, along with Madge Shafmaster, Ph. D., have direct responsibility for the management of this litigation.

8. I consider myself an integral member of the litigation team responsible for the above-captioned litigation and I participate in substantive decisions regarding the strategy and direction the case takes.

9. In my role as Vice President-Intellectual Property, I am not a competitive decision-maker for Genzyme Corporation as I am not responsible for decisions relating to competitive business practices such as pricing, product design, sales, or marketing.

10. I also do not have direct patent prosecution responsibility relating to the subject matter(s) of this litigation and will refrain from any such activities for a period of three (3) years after the termination of this litigation. Accordingly, I will not advise Genzyme business development (*i.e.*, pricing, product design, sales), research and development or marketing decision-makers regarding the procurement of patent rights relating to Hectorol® or related products for the duration of this action and for three years after its termination.

11. I also am not directly responsible for providing trademark advice concerning Hectorol® or related products to Genzyme decision-makers.

12. Based on defendant Pentech Pharmaceuticals, Inc.'s ("Defendant") non-infringement assertions in its correspondence to Genzyme, dated January 8, 200[8] (Paragraph IV Notice Letter), if information in Defendant's Abbreviated New Drug Application 90-040 ("Defendant's ANDA") and Chemistry, Manufacturing and Controls section ("CMC section") and related documents in particular, are not accessible to me, I cannot, in conjunction with outside litigation counsel, make informed decisions relating to this litigation. Specifically I cannot make informed decisions in relation to Defendant's allegation that it does not infringe U.S. Patent No. 6,903,083.

13. I believe that certain of Defendant's technical materials concerning its generic doxercalciferol product, including limited sections of its ANDA and CMC section, will be highly relevant to the analysis of infringement and my assistance to outside litigation counsel. As a result, I believe it is important that I have some access to this information, as contemplated by the Protective Order, to effectively participate in Genzyme's litigation efforts.

14. Should the Court enter a Protective Order in this case in the form proposed by Genzyme, which would permit me limited access to parts of Defendant's ANDA and CMC section and related documents, I would abide by the terms and conditions of the Protective Order

2

and take all necessary and reasonable steps to protect against inadvertent disclosure of Defendant's "Confidential" information.

I affirm under penalty of that the foregoing is true and correct to the best of my knowledge and belief.

Dated:  June 10, 2008

Bart G. Newland
Vice President-Intellectual Property
Genzyme Corporation
153 Second Avenue
Waltham, MA  02451

FCHS_WS 2177502_2.DOC

# EXHIBIT 2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BONE CARE INTERNATIONAL LLC and GENZYME CORPORATION,<br><br>*Plaintiffs,*<br><br>v.<br><br>PENTECH PHARMACEUTICALS, INC.,<br><br>*Defendant.* | ) )<br>) )<br>) )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.: 08-cv-1083

Honorable Robert M. Dow Jr.
Magistrate Judge Martin C. Ashman

## AFFIDAVIT OF MADGE SHAFMASTER, Ph. D.

I, Madge Shafmaster, Ph.D., affirm as follows:

1. I am Senior Vice President and Chief Patent Counsel for Genzyme Corporation, plaintiff in the above captioned litigation. I submit this affidavit in support of the motion of Bone Care International LLC and Genzyme Corporation (collectively "Genzyme") for the entry of a Protective Order in the form filed with the Court as Docket No. 51-3. I have personal knowledge of the facts set forth herein except where stated to be on information and belief, in which case, I believe those facts to be true.

2. I received an undergraduate degree in Biology in 1982.

3. I received a Ph.D. in Molecular Biology and Virology in 1989.

4. In 1994, I received a J.D. degree from New York Law School.

5. I was admitted to the bar of the Commonwealth of Massachusetts in 1994 and am a member in good standing.

6. As an attorney and officer of the court, I take my ethical obligations seriously and am aware that I am subject to the Code of Professional Responsibility.

7. As Senior Vice President and Chief Patent Counsel for Genzyme Corporation, my responsibilities include hiring, supervising and instructing outside litigation counsel. I work with

outside counsel to develop case strategy, including weighing the merits of Genzyme Corporation's case.

8. I, along with Bart G. Newland, have direct responsibility for this litigation.

9. I consider myself an integral member of the litigation team responsible for the above-captioned litigation and I participate in substantive decisions regarding the strategy and direction the case takes.

10. In my role as Senior Vice President and Chief Patent Counsel for Genzyme Corporation, I am not a competitive decision-maker for Hectorol® or related products as I am not responsible for decisions relating to competitive business practices such as pricing, product design, sales, or marketing for Hectorol® or related products. Furthermore, I do not advise Genzyme's decision-makers on matters concerning business development (*i.e.*, pricing, product design or sales) or marketing for Hectorol® or related products.

11. I also do not have direct patent prosecution responsibility relating to the subject matter(s) of this litigation and will refrain from any such activities for a period of three (3) years after the termination of this litigation. Accordingly, I will not advise Genzyme business development (*i.e.*, pricing, product design, sales), research and development or marketing decision-makers regarding the procurement of patent rights relating to Hectorol® or related products for the duration of this action and for three years after its termination.

12. I also am not directly responsible for providing trademark advice concerning Hectorol® or related products to Genzyme decision-makers.

13. Based on defendant Pentech Pharmaceuticals, Inc.'s ("Defendant") non-infringement assertions in its correspondence to Genzyme, dated January 8, 200[8] (Paragraph IV Notice Letter), if information in Defendant's Abbreviated New Drug Application 90-040 ("Defendant's ANDA") and Chemistry, Manufacturing and Controls section ("CMC section") and related documents in particular, are not accessible to me, I cannot, in conjunction with outside litigation counsel, make informed decisions relating to this litigation. Specifically I cannot make informed decisions in relation to Defendant's allegation that it does not infringe U.S. Patent No. 6,903,083.

14. I believe that certain of Defendant's technical materials concerning its generic doxercalciferol product, including limited sections of its ANDA and CMC section, will be highly relevant to the analysis of infringement and my assistance to outside litigation counsel. As a

2

result, I believe it is important that I have some access to this information, as contemplated by the Protective Order, to effectively participate in Genzyme's litigation efforts.

15. Should the Court enter a Protective Order in this case in the form proposed by Genzyme, which would permit me limited access to parts of Defendant's ANDA and CMC section and related documents, I would abide by the terms and conditions of the Protective Order and take all necessary and reasonable steps to protect against inadvertent disclosure of Defendant's "Confidential" information.

I affirm under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: June 10, 2008

M K Shafmaster
Madge Shafmaster Ph.D.
Senior Vice President, Chief Patent Counsel
Genzyme Corporation
500 Kendall Street
Cambridge, MA 02142

FCHS_WS 2194861_2.DOC

3