# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CONNETICS CORPORATION, and STIEFEL RESEARCH AUSTRALIA PTY, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> PENTECH PHARMACEUTICALS, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 07 C 6297 <br><br> Judge Joan B. Gottschall |

## ORDER

Plaintiffs Connetics Corporation and Stiefel Research PTY, Ltd. (collectively "Connetics") have filed suit against defendant Pentech Pharmaceuticals, Inc. ("Pentech"), alleging that Pentech's attempts to manufacture and sell a generic version of Connetics' LUXIQ® (a corticosteroid foam) infringes their U.S. Patent Nos. 6,126,920 (the "'920 patent") and 7,078,058 (the "'058 patent"). Presently before the court is Pentech's motion for holding the patent claims construction hearing (the "*Markman* hearing") concurrently with fact discovery. For the reasons set forth below, Pentech's motion is denied.

### I. ANALYSIS

Pentech's motion seeks an order scheduling the exchange of the parties' claim construction charts on August 15, 2008, with the *Markman* hearing to be held shortly prior to the close of fact discovery on December 15, 2008. According to Pentech, the intrinsic record evidence, which is currently available to both parties, as well as the

1

Abbreviated New Drug Application (the "ANDA") submitted by Pentech to the Food and Drug Administration (also available to both parties) contains sufficient information for both parties to narrow the issues concerning claim construction. Connetics opposes the motion, arguing that the parties have just begun fact discovery, and that Pentech has not yet provided any discovery concerning matters that Connetics contends are highly relevant to claim construction, including its "invalidity contentions." Connetics also argues that the *Markman* hearing should properly not be held until after fact and expert discovery are complete, at which time the court can most effectively entertain dispositive motions.

District courts have considerable latitude in determining when to resolve issues of claim construction. *CytoLogix Corp. v. Ventana Medical Systems, Inc.*, 424 F.3d 1168, 1172 (Fed. Cir. 2005). With respect to the motion at bar, the court finds that it is premature. Neither party has yet precisely or sufficiently defined for the court the issues of claim construction that they seek to develop for, and define at, the *Markman* hearing. The court will therefore entertain a motion for scheduling the *Markman* hearing after the close of fact discovery, but prior to the opening of expert discovery. At that time, the court expects the parties to provide the court with the nature of each claim in dispute, as well as the nature of each dispute, so that, in the interests of judicial economy, the court can efficiently allocate time and resources for the scheduling of the hearing.

## II. CONCLUSION

For the reasons set forth above, Pentech's motion to hold the "*Markman* hearing" in this case concurrently with fact discovery is denied.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: July 14, 2008