IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BONE CARE INTERNATIONAL LLC and GENZYME CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>PENTECH PHARMACEUTICALS, INC. and COBREK PHARMACEUTICALS, INC.,<br><br>Defendants. | )<br>)<br>) Civil Action No. 08 C 1083<br>)<br>) JUDGE DOW<br>) MAGISTRATE JUDGE ASHMAN<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT AUTHORITY IN SUPPORT OF BRIEFING REGARDING TIMING OF CLAIM CONSTRUCTION

Defendants Pentech Pharmaceuticals, Inc. and Cobrek Pharmaceuticals, Inc. (collectively "Pentech") request that in view of the Court granting Plaintiffs' Motion for Leave to Supplement Authority in Support of Briefing Regarding Timing of Claim Construction ("Motion"), the Court also consider the Declaration of Pentech's lead counsel Robert S. Silver, attached hereto as Ex. 1.

By granting Plaintiffs' Motion, the Court has supplemented the record on the claim construction timing issue by including Judge Gottschall's July 14, 2008 Order (Motion at Ex. A) on this issue in ANDA litigation involving Pentech—*Connetics et al. v. Pentech*, Civil Action No. 07-cv-6297 (hereinafter "*Connetics/Pentech I*"). (Ex. 1, Silver Decl. at ¶¶ 3, 8). Both Pentech and Connetics *et al.* are also involved in a second ANDA litigation matter pending in this Court before Judge Moran—*Connetics et al. v. Pentech*, Civil No 08-cv-2230 (hereinafter "*Connetics/Pentech II*"). (*Id.* at ¶ 3). In fairness, the Court should be apprised of how the claim

construction timing issue was decided in the *Connetics/Pentech II* litigation, which is described in the attached Silver Declaration.

Specifically, on July 22, 2008, Judge Moran held the Initial Status Conference in the *Connetics/Pentech II* litigation, where claim construction timing was discussed. (*Id.* at ¶¶ 4, 5). Pentech's position was the same as here that the claim construction process commence early and proceed *concurrently* with fact discovery. (*Id.* at ¶ 5). Connetics' position was similar to Plaintiffs' position here that claim construction take place *after* the close of fact discovery. (*Id.* at ¶ 6). Thus, faced with the identical issue as here, Judge Moran agreed with Pentech and decided that claim construction would take place early in the case, prior to the close of fact discovery. (*Id.* at ¶ 7). Judge Moran made this decision despite the fact that it was contrary to Judge Gottshall's July 14, 2008 Order.[1] (*Id.* at ¶ 8).

In their Motion, Plaintiffs noted that in rendering her decision, Judge Gottschall stated:

> Neither party has yet precisely or sufficiently defined for the court the issues of claim construction that they seek to develop for, and define at, the *Markman* hearing.

(Motion at 2). That is not the case here because Pentech expects that Plaintiffs will provide their proposed claim construction on August 1, 2008 in response to Pentech's contention interrogatories. That is, Pentech's Interrogatory No. 5[2] asks Plaintiffs for a claim chart showing

---

[1] This Court issued an Order (Docket Entry No. 66) that also was contrary to Judge Gottschall's Order regarding the scope of disclosure of documents under the Stipulated Protective Order in the *Connetics/Pentech I* litigation.

[2] Pentech's Interrogatory No. 5 reads as follows:

> **Interrogatory No. 5**
> Provide a claim chart for each claim of the patents-in-suit that Plaintiffs assert is or would be infringed by the products in Defendant's ANDA and/or the manufacture, use, sale, offer for sale, or importation of products in Defendant's ANDA, including a

how Pentech's proposed ANDA formulation would allegedly infringe the patents-in-suit. The first step in any infringement inquiry is to determine claim construction. *Rockwell Int'l Corp. v. U.S.*, 147 F.3d 1358, 1362 (Fed. Circ. 1998) ("The first step in any invalidity or infringement analysis is claim construction."). Thus, once Plaintiffs' provide their proposed claim construction on August 1, 2008, Pentech can likely determine which claim constructions it agrees with and which claim terms the Court will be requested to construe. Thus, in this litigation, the parties are likely to be in a better position to identify the disputed claim terms early in the litigation. This further supports an early claim construction concurrently with fact discovery.

Accordingly, Pentech respectfully requests that the Court include the attached Silver Declaration (Ex. 1) as part of the record in deciding the timing of claim construction.

Respectfully submitted,

Dated: July 29, 2008            By____/s/ Mona Gupta_____
                                Robert S. Silver
                                Bruce J. Chasan
                                Mona Gupta
                                William J. Castillo
                                William C. Youngblood
                                CAESAR, RIVISE, BERNSTEIN,
                                COHEN & POKOTILOW, LTD.

---

detailed explanation as to why each element of each claim is present in Defendant's ANDA and/or the products in Defendant's ANDA, a statement as to whether such alleged infringement is literal or under the doctrine of equivalents, a statement as to whether Plaintiffs believe that claim would be infringed under 35 U.S.C. § 271(a), 35 U.S.C. § 271(b), and/or 35 U.S.C. § 271(c), and the identity of the three (3) persons (not employed or affiliated with Defendant) with the most knowledge concerning Plaintiffs' infringement claims.

1635 Market Street, 11th Floor
Philadelphia, PA 19103
Telephone: (215) 567-2010
Facsimile: (215) 741-1142
*rssilver@crbcp.com*

and

Robert B. Breisblatt
Brian Sodikoff
Stephen P. Benson
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street
Chicago, IL 60661
Telephone: (312) 902-5480
Facsimile: (312) 577-8792
*Robert.Breisblatt@kattenlaw.com*

*Attorneys for Defendants Pentech Pharmaceuticals, Inc. and Cobrek Pharmaceuticals, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of July 2008, a true and correct copy of the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT AUTHORITY IN SUPPORT OF BRIEFING REGARDING TIMING OF CLAIM CONSTRUCTION** was served on Plaintiffs' counsel via ECF filing with the Clerk of the Court and emailed, as well as mailed, via United States Postal Services, first class mail, postage prepaid in envelopes addressed to:

>Sarah R. Wolff
>Jennifer Yule DePriest
>REED SMITH LLP
>10 South Wacker Drive, 40th Floor
>Chicago, IL  60606-7507
>*swolff@reedsmith.com*
>*jdepriest@reedsmith.com*
>
>and
>
>Robert L. Baechtold
>Scott K. Reed
>Filko Prugo
>FITZPATRICK, CELLA, HARPER & SCINTO
>30 Rockefeller Plaza
>New York, NY  10112-3800
>*rbaechtold@fchs.com*
>*sreed@fchs.com*
>*fprugo@fchs.com*

>_____/s/ Mona Gupta_____
>Mona Gupta

202085_1