IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

BONE CARE INTERNATIONAL LLC )
and GENZYME CORPORATION, )
) Civil Action No. 08 C 1083
    Plaintiffs, )
)  JUDGE DOW
v. )  MAGISTRATE JUDGE ASHMAN
)
PENTECH PHARMACEUTICALS, )  JURY TRIAL DEMANDED
INC., COBREK )
PHARMACEUTICALS, INC. )
)
    Defendants. )
)

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS TO PLAINTIFFS' FIRST AMENDED COMPLAINT
FOR PATENT INFRINGEMENT**

Defendants, Pentech Pharmaceuticals, Inc. and Cobrek Pharmaceuticals, Inc. (collectively "Defendants"), pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, hereby provides its Amended Answer, Affirmative Defenses and Counterclaims to respond to the First Amended Complaint of Plaintiffs, Bone Care International LLC and Genzyme Corporation (collectively "Plaintiffs"), as follows:

### Nature of the Action

1.    This is an action for patent infringement.

RESPONSE

Admitted.

### Parties

2.    Defendant Bone Care International, LLC ("Bone Care") is a limited liability company organized and existing under the laws of the state of Delaware, having a principal place of business at 500 Kendall Street, Cambridge, Massachusetts 02142.

187178_1

RESPONSE

Defendants are without sufficient information as to the truth of the allegations of Paragraph 2 and, therefore, denies those allegations.

3. Plaintiff Genzyme Corporation ("Genzyme") is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, having a principal place of business at 500 Kendall Street, Cambridge, Massachusetts 02142.

RESPONSE

Defendants are without sufficient information as to the truth of the allegations of Paragraph 3 and, therefore, denies those allegations.

4. On information and belief, Pentech Pharmaceuticals, Inc. ("Pentech") is a corporation organized and existing under the laws of the state of Illinois, having a principal place of business at 3315 Algonquin Road, Rolling Meadows, Illinois 60008.

RESPONSE

Admitted.

5. On information and belief, Cobrek Pharmaceuticals, Inc. ("Cobrek") is a corporation organized and existing under the laws of the state of Delaware, having a principal place of business at 3315 Algonquin Road, Rolling Meadows, Illinois 60008.

RESPONSE

Admitted.

6. On information and belief, Cobrek is a newly formed entity of Pentech.

RESPONSE

Admitted.

## Jurisdiction and Venue

7. This action arises under the patent laws of the United States of America. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

RESPONSE

Admitted that there is jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), but denies that Defendants committed any infringing acts.

8. On information and believe, Pentech is an Illinois corporation and has a principal place of business in the Northern District of Illinois. Pentech does business throughout the United States, including within this judicial district. This Court has personal jurisdiction over Pentech by virtue of, *inter alia*, the above-mentioned facts.

RESPONSE

Admitted that Pentech is an Illinois corporation and has a principal place of business in the Northern District of Illinois. Denied that Pentech does business throughout the United States, including within this judicial district. Admitted that there is jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), but denies that Defendant committed any infringing acts.

9. On information and belief, Cobrek is registered in Illinois as a foreign corporation, and has a principal place of business in the Northern District of Illinois. Cobrek, through its counsel, Robert Silver, Esq. of Caesar, Rivise, Bernstein, Cohen & Pokotilow, Ltd., 1635 Market Street 11th Floor, Philadelphia, PA 19103-2212 has consented to jurisdiction and venue in the Northern District of Illinois. This Court has personal jurisdiction over Cobrek by virtue of, *inter alia*, the above-mentioned facts.

RESPONSE

Admitted.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 28 U.S.C. § 1400(b).

RESPONSE

Admitted.

### Claim for Relief – Patent Infringement

11. Genzyme holds approved New Drug Application ("NDA") No. 021-027 for Hectorol® injectable (2μg/mL), which product contains the active ingredient doxercalciferol.

RESPONSE

Defendants are without sufficient information and belief as to the allegations of Paragraph 9 and, therefore, denies those allegations.

12. Doxercalciferol is known chemically as 1α-OH-vitamin $D_2$ 1-alpha-hydroxyvitamin $D_2$, 1α-OH-$D_2$ and 1α-hydroxyergocalciferol.

RESPONSE

Admitted.

13. Hectorol® injectable was approved by the U.S. Food and Drug Administration ("FDA") on April 6, 2000, and is currently indicated for the treatment of secondary hyperparathyroidism in patients with chronic kidney disease on dialysis.

RESPONSE

Defendants are without sufficient information and belief as to the allegations of Paragraph 10 and, therefore, denies those allegations.

14. On information and belief, Pentech submitted to the FDA Abbreviated New Drug Application ("ANDA") No. 90-040 under 21 U.S.C. § 355(j) seeking approval to engage in the commercial manufacture, use and/or sale of a generic product containing 2μg/mL doxercalciferol ("Defendants' Proposed Generic Product").

RESPONSE

Admitted.

15. On information and belief, Pentech will contribute or has contributed all of its interests in current and future ANDA filings, including ANDA No. 90-040, to Cobrek.

RESPONSE

Admitted.

### Count I – Infringement of the '116 Patent

16. Plaintiffs repeat and reallege the allegations of paragraphs 1-15 as though fully set forth herein.

RESPONSE

Defendants repeat their responses to the allegations of Paragraphs 1-15 as though fully set forth herein.

17. On February 11, 1997, United States Patent No. 5,602,116 ("the '116 patent"), entitled "Method for Treating and Preventing Secondary Hyperparathyroidism" was duly and legally issued. The '116 patent claims a method for lowering or maintaining lowered serum parathyroid hormone in human patients suffering from hyperparathyroidism secondary to end stage renal disease by administering doxercalciferol. A copy of the '116 patent is attached hereto as Exhibit A.

RESPONSE

Admitted that the '116 patent issued on February 11, 1997 as entitled, and that a copy of the '116 patent was attached as Exhibit B to the Complaint. Denied that the '116 patent was duly and legally issued.

18. Bone Care is the owner of the '116 patent. Genzyme is the sole member of Bone Care.

RESPONSE

Defendants are without sufficient information and belief as to the allegations of Paragraph 18 and, therefore, deny those allegations.

19. On information and belief, Pentech submitted its ANDA to the FDA for the purpose of obtaining approval to engage in the commercial manufacture, use, and/or sale of Defendants' Proposed Generic Product before the expiration of the '116 patent.

RESPONSE

Admitted.

20. By filing the ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, and/or sale of Defendants' Proposed Generic Product before the expiration of the '116 patent, Pentech has committed an act of infringement under 35 U.S.C. § 271(e)(2). Further, the commercial manufacture, use, offer for sale, sale and/or importation of Defendants' Proposed Generic Product will infringe one or more claims of the '116 patent.

RESPONSE

Admitted that by filing the ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, and/or sale of Defendants' Proposed Generic

Product before the expiration of the '116 patent, Pentech has committed a "highly artificial act" of infringement under 35 U.S.C. § 271(e)(2), otherwise denied, since one cannot infringe an invalid patent.

21. On information and belief, Pentech made, and included in its ANDA, a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), which states that, in Pentech's opinion, the claims of the '116 patent are invalid, unenforceable, and/or will not be infringed by the manufacture, use or sale of Defendants' Proposed Generic Product.

RESPONSE

Admitted.

22. On information and belief, Pentech will contribute or has contributed all of its interests in current and future ANDA filings, including ANDA No. 90-040, to Cobrek.

RESPONSE

Admitted.

23. The offer for sale and sale of Defendants' Proposed Generic Product, if approved by the FDA, will induce infringement of, and be contributory infringement of, the '116 patent.

RESPONSE

Subject to any claim construction ruling having a bearing on this issue, denied, since one cannot infringe an invalid patent.

24. On information and belief, Pentech had notice of the '116 patent prior to undertaking its acts of infringement.

RESPONSE

Defendant Pentech admits that it was aware of the '116 patent at the time of filing its ANDA.

25. Plaintiffs are entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of any approval of the aforementioned ANDA relating to Defendants' Proposed Generic Product be a date which is not earlier than February 11, 2014, the expiration date of the '116 patent, and any other exclusivity to which Genzyme and/or Bone Care are or become entitled, and an award of damages for any commercial sale or use of Defendants' Proposed Generic Product and any act committed by Defendants with respect to the subject matter claimed in the '116 patent, which act is not within the limited exclusions of 35 U.S.C. § 271(e)(1).

RESPONSE

Defendants deny that Plaintiffs are entitled to such relief.

### Count II – Infringement of the '083 Patent

26. Plaintiffs repeat and reallege the allegations of paragraphs 1-15 as though fully set forth herein.

RESPONSE

Defendants repeat their responses to the allegations of Paragraphs 1-15 as though fully set forth herein.

27. On June 7, 2005, United States Patent No. 6,903,083 ("the '083 patent"), entitled "Stabilized Hydroxyvitamin D" was duly and legally issued. The '083 patent claims a stabilized form of doxercalciferol and pharmaceutical compositions containing that stabilized form. A copy of the '083 patent is attached hereto as Exhibit B.

RESPONSE

Admitted that the '083 patent issued on June 7, 2005 as entitled and that a copy of the '083 patent was attached Exhibit B to the Complaint. Denied that the '083 patent was duly and legally issued.

28.     Bone Care is the owner of the '083 patent. Genzyme is the sole member of Bone Care.

RESPONSE

Defendants are without sufficient information and belief as to the allegations of Paragraph 23 and, therefore, deny those allegations.

29.     On information and belief, Pentech submitted its ANDA to the FDA for the purpose of obtaining approval to engage in the commercial manufacture, use, and/or sale of Defendants' Proposed Generic Product before the expiration of the '083 patent.

RESPONSE

Admitted.

30.     By filing the ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, and/or sale of Defendants' Proposed Generic Product before the expiration of the '083 patent, Pentech has committed an act of infringement under 35 U.S.C. § 271(e)(2). Further, the commercial manufacture, use, offer for sale, sale and/or importation of Defendants' Proposed Generic Product will infringe one or more claims of the '083 patent.

RESPONSE

Admitted that the filing of a Paragraph IV certification is deemed a "highly artificial act" of infringement to provide the court with jurisdiction. Denied that

Defendants' Proposed Generic Product will infringe one or more claims of the '083 patent.

31. On information and belief, Pentech made, and included in its ANDA, a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), which states that, in Pentech's opinion, the claims of the '083 patent are invalid, unenforceable, and/or will not be infringed by the manufacture, use or sale of Defendants' Proposed Generic Product.

RESPONSE

Admitted.

32. On information and belief, Pentech will contribute or has contributed all of its interests in current and future ANDA filings, including ANDA No. 90-040, to Cobrek.

RESPONSE

Admitted.

33. On information and belief, Defendants' ANDA seeks approval to manufacture and sell Defendants' Proposed Generic Product, which product infringes the '083 patent.

RESPONSE

Denied.

34. On information and belief, Pentech had notice of the '083 patent prior to undertaking its acts of infringement.

RESPONSE

Admitted.

35. Plaintiffs are entitled to the relief provided by 35 U.S.C. §271(e)(4), including an order of this Court that the effective date of any approval of the

aforementioned ANDA relating to Defendants' Proposed Generic Product be a date which is not earlier than July 18, 2021, the expiration date of the '083 patent, and any other exclusivity to which Genzyme and/or Bone Care are or become entitled, and an award of damages for any commercial sale or use of Defendants' Proposed Generic Product and any act committed by Defendants with respecty to the subject matter claimed in the '083 patent, which act is not within the limited exclusions of 35 U.S.C. §271(e)(1).

RESPONSE

Defendants deny that Plaintiffs are entitled to such relief.

### Affirmative Defenses

1. The '083 patent would not be infringed by Defendants' commercial manufacture, use, offer for sale, sale and/or importation of their product covered by ANDA No. 90-040.

2. The '116 patent would not be infringed by Defendants' commercial manufacture, use, offer for sale, sale and/or importation of their product covered by ANDA No. 90-040 since an invalid patent cannot be infringed.

3. Plaintiffs have failed to state a claim upon which relief may be granted.

4. The '083 patent would not be infringed by a product made in accordance with ANDA No. 90-040.

5. The '116 and '083 patents are invalid under 35 U.S.C. §100, *et seq.*

6. The '116 and '083 patents are invalid under 35 U.S.C. §102.

7. The '116 and '083 patents are obvious over the prior art under 35 U.S.C. §103 and, thus, are invalid.

**WHEREFORE**, Defendants request that this Honorable Court:

(a) Deny Plaintiffs all requested relief and dismiss the First Amended Complaint with prejudice;

(b) Order that the effective date of the approval of ANDA No. 90-040 is immediate under §505(j) of the Federal Food and Cosmetic Act, 21 U.S.C. §355(j), upon a statement by the FDA that it is otherwise ready to approve the ANDA;

(c) Declare that the '083 and '116 patents are not infringed; and

(d) Declare that the '116 and '083 patents are invalid.

(e) Defendants further request that this Court award their attorneys' fees, costs and all other relief this Court deems just.

## COUNTERCLAIMS

1. Defendants, Counterclaim-Plaintiffs, incorporate by reference herein their Answer, Affirmative Defenses and Counterclaims to the First Amended Complaint.

## THE PARTIES

2. Counterclaim-Plaintiff Pentech is a corporation organized under the laws of the State of Illinois, having its principal place of business at 315 West Algonquin Road, Suite 310, Rolling Meadows, Illinois 60008.

3. Counterclaim-Plaintiff Cobrek is a corporation organized and existing under the laws of the state of Delaware, having a principal place of business at 3315 Algonquin Road, Rolling Meadows, Illinois 60008.

4. On information and belief, Counterclaim-Defendant Bone Care International LLC ("Bone Care") is a Delaware corporation having a principal place of business at 500 Kendall Street, Cambridge, Massachusetts 02142.

5.     On information and belief, Counterclaim-Defendant Genzyme Corporation is a Massachusetts corporation having a principal place of business at 500 Kendall Street, Cambridge, Massachusetts 02142.

6.     This action arises under the patent laws of the United States of America. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331 and 1338(a).

7.     Venus is proper in this judicial district pursuant to 28 U.S.C. §§1391(b) and (c), and 28 U.S.C. §1400(b).

8.     On information and belief, Genzyme holds approved New Drug Application ("NDA") No. 021-027 for Hectorol® injectable (2μg/mL), which product contains the active ingredient doxercalciferol.

9.     On information and belief, doxercalciferol is known chemically as 1α-OH-vitamin $D_2$, 1-alpha-hydroxyvitamin $D_2$, 1α-OH-D2 and 1α-hydroxyergocalciferol.

10.    On information and belief, Hectorol® injectable was approved by the U.S. Food and Drug Administration ("FDA") on April 6 2000, and is currently indicated for the treatment of secondary hyperparathyroidism in patents with chronic kidney disease on dialysis.

11.    Pentech submitted to the FDA Abbreviated New Drug Application ("ANDA") No. 90-040 under 21 U.S.C. §355(j) seeking approval to engage in the commercial manufacture, use and/or sale of a generic product containing 2 μg/mL doxercalciferol ("Defendants' Proposed Generic Product").

12.    On February 11, 1997, United States Patent No. 5,602,116 ("the '116 patent"), entitled "Method For Treating And Preventing Secondary

187178_1                                    13

Hyperparathyroidism" was issued. On information and belief, the '116 patent claims a method for lowering or maintaining lowered serum parathyroid hormone in human patients suffering from hyperparathyroidism secondary to end stage renal disease by administering doxercalciferol.

13. On information and belief, Bone Care is the owner of the '116 patent. On information and belief, Genzyme is the sole member of Bone Care.

14. Pentech submitted its ANDA to the FDA for the purpose of obtaining approval to engage in the commercial manufacture, use, and/or sale of Defendants' Proposed Generic Product before the expiration of the '116 patent.

15. In its First Amended Complaint, Counterclaim-Defendants alleged that by filing the ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, and/or sale of Defendants' Proposed Generic Product before the expiration of the '116 patent, Pentech has committed an act of infringement under 35 U.S.C. §271(e)(2). Counterclaim-Defendants further alleged the commercial manufacture, use, offer for sale, sale and/or importation of Defendants' Proposed Generic Product will infringe one or more claims of the '116 patent.

16. Pentech made, and included in its ANDA, a certification pursuant to 21 U.S.C. §355(j)(2)(A)(vii)(IV), which states that, in Pentech's opinion, the claims of the '116 patent are invalid, unenforceable, and/or will not be infringed by the manufacture, use or sale of Defendants' Proposed Generic Product.

17. Pentech had notice of the '116 patent prior to filing its ANDA.

18. In their First Amended Complaint against Counterclaim-Plaintiffs, Counterclaim-Defendants alleged they are entitled to the relief provided by 35 U.S.C.

§271(e)(4), including an order of this Court that the effective date of any approval of the aforementioned ANDA relating to Defendants' Proposed Generic Product be a date which is not earlier than February 11, 2014, the expiration date of the '116 patent, and any other exclusivity to which Genzyme and/or Bone Care are or become entitled, and an award of damages for any commercial sale or use of Defendants' Proposed Generic Product and any act committed by Pentech with respect to the subject matter claimed in the '116 patent, which act is not within the limited exclusions of 35 U.S.C. §271(e)(1).

19.     On June 7, 2005, United States Patent No. 6,903,083 ("the '083 patent) entitled "Stabilized Hydroxyvitamin D" issued. On information and belief, the '083 patent claims a stabilized form of doxercalciferol and pharmaceutical compositions containing that stabilized form.

20.     On information and belief, Bone Care is the owner of the '083 patent. On information and belief, Genzyme is the sole member of Bone Care.

21.     Pentech submitted its ANDA to the FDA for the purpose of obtaining approval to engage in the commercial manufacture, use, and/or sale of Defendants' Proposed Generic Product before the expiration of the '083 patent.

22.     In their First Amended Complaint against Counterclaim-Plaintiffs, Counterclaim-Defendants alleged that by filing the ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, and/or sale of Defendants' Proposed Generic Product before the expiration of the '083 patent, Pentech committed an act of infringement under 35 U.S.C. §271(e)(2). Counterclaim-Defendants further alleged that the commercial manufacture, use, offer for sale, sale and/or importation of

Defendants' Proposed Generic Product will infringe one or more claims of the '083 patent.

23. Pentech made, and included in its ANDA, a certification pursuant to 21 U.S.C. §355(j)(2)(A)(vii)(IV), which states that, in Pentech's opinion, the claims of the '083 patent are invalid, unenforceable, and/or will not be infringed by the manufacture, use or sale of Defendants' Proposed Generic Product.

24. Counterclaim-Defendants alleged in their First Amended Complaint that Pentech had notice of the '083 patent prior to undertaking its acts of infringement.

25. On information and belief, Counterclaim-Defendants allege that they are the owners of 5,602,116 ('116 patent), 5,707,980 ('980 patent), 6,903,083 ('083 patent), including the right to sue and collect damages.

26. On January 8, 2007, Counterclaim-Plaintiff sent its notice letter with a Paragraph IV Certification for non-infringement and/or invalidity of United States Patent Nos. 5,602,116; 5,707,980; and 6,903,083.

27. On February 21, 2008, Counterclaim-Defendants sued Counterclaim-Plaintiff but did not sue Counterclaim-Plaintiff on U.S. Patent No. 5,707,980 ("the '980 patent").

## JURISDICTION AND VENUE

28. These counterclaims constitute an action for a declaratory judgment under 28 U.S.C. §§2201 and 2202, and arise under the Patent Laws of the United States, Title 35, United States Code.

29. This Court has jurisdiction of these counterclaims under 28 U.S.C. §§1331 and 1338(a) and the Patent Laws of the United States, Title 35, United States Code.

30. In the First Amended Complaint, Counterclaim-Defendants allege that they are the owner of the '116 and '083 patents and allege that Counterclaim-Plaintiff have infringed the '116 and '083 patents.

31. As evidenced by the First Amended Complaint and this pleading in response thereto, an actual controversy exists between the parties with respect to the alleged infringement of the '116 and '083 patents.

### COUNT I

32. The '083 patent is not infringed.

### COUNT II

33. The '083 patent would not be infringed by a product made in accordance with ANDA No. 90-040.

### COUNT III

33. The '116 patent is invalid under one or more provisions of 35 U.S.C. §101, *et seq.* and thus cannot be infringed.

### COUNT IV

34. The '116 patent is invalid under 35 U.S.C. §102.

### COUNT V

35. The '116 patent is obvious over the prior art under 35 U.S.C. §103 and, thus, is invalid.

### COUNT VI

36. The '083 patent is invalid under one or more provisions of 35 U.S.C. §101, *et seq.*

### COUNT VII

37.    The '083 patent is invalid under 35 U.S.C. §102.

## COUNT VIII

38.    The '083 patent is obvious over the prior art under 35 U.S.C. §103 and, thus, is invalid.

## PRAYER FOR RELIEF

**WHEREFORE**, Counterclaim-Plaintiffs request that this Honorable Court:

(a)    Deny Counterclaim-Defendants all requested relief and dismiss the First Amended Complaint with prejudice;

(b)    Adjudge and decree that the '083 and '116 patents are not infringed.

(c)    Adjudge and decree that the '116 and '083 patents are invalid.

(d)    Order that the effective date of the approval of Defendants' Abbreviated New Drug Application (ANDA) No. 90-040 is immediate under §505(j) of the Federal, Food, Drug and Cosmetic Act, 21 U.S.C. §355(j), upon a statement by the FDA that it is otherwise ready to approve the ANDA;

(e)    Award Counterclaim-Plaintiffs with their attorneys' fees, interest and costs; and

(f)    Grant such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Counterclaim-Plaintiffs request a jury trial on all issues so triable.

Dated: August ___, 2008

Respectfully submitted,

By _____
Robert S. Silver
William J. Castillo
CAESAR, RIVISE, BERNSTEIN,
COHEN & POKOTILOW, LTD.
1635 Market Street, 11th Floor
Philadelphia, PA 19103
Telephone: (215) 567-2010
Facsimile: (215) 741-1142
*rssilver@crbcp.com*

Robert B. Breisblatt
Katten Muchin Rosenman LLP
525 W. Monroe Street | Chicago, IL 60661
Telephone: (312) 902-5480
Facsimile: (312) 577-8792
Robert.Breisblatt@kattenlaw.com

*Attorneys for Defendant, Pentech Pharmaceuticals, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on this \_\_\_12th\_\_\_ day of August, 2008, a true and correct copy of the **DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFFS' FIRST AMENDED COMPLAINT** is being sent via electronic mail and mailed, via United States Postal Services, first class mail, postage prepaid in an envelope addressed to:

Sarah R. Wolff
Jennifer Yule DePriest
Cheryl A. Prentice
Reed Smith LLP
10 South Wacker Drive, 40th Floor
Chicago, Illinois 60606-7507
Telephone (312)207-1000
Facsimile (312)207-6400
swolff@reedsmith.com
jdepriest@reedsmith.com
cprentice@reedsmith.com

Robert L. Baechtold
Scott K. Reed
Filko Prugo
Fiona E. Darkin
Rick Rozos
Kevin Schlottman
Fitzpatrick, Cella, Harper & Scinto
30 Rockefeller Plaza
New York, New York 10112-3800
Telephone (212)218-2100
Facsimile (212)218-2200
rbaechtold@fchs.com
sreed@fchs.com
fprugo@fchs.com
fdarkin@fchs.com
rrozos@fchs.com
kschlottmann@fchs.com

_____
William J. Castillo