UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BONE CARE INTERNATIONAL LLC and GENZYME CORPORATION,<br><br>*Plaintiffs*,<br><br>v.<br><br>PENTECH PHARMACEUTICALS, INC. and COBREK PHARMACEUTICALS, INC.,<br><br>*Defendants*. | Civil Action No.: 08-cv-1083<br><br><br>Honorable Robert M. Dow, Jr.<br>Magistrate Judge Martin C. Ashman |

### PLAINTIFFS' REPLY TO DEFENDANTS' COUNTERCLAIMS

Bone Care International LLC ("Bone Care") and Genzyme Corporation ("Genzyme") (collectively, "Plaintiffs") for their reply to the Counterclaims of Defendants Cobrek Pharmaceuticals, Inc. ("Cobrek") and Pentech Pharmaceuticals, Inc. ("Pentech") (collectively, "Defendants") hereby state as follows:

### COUNTERCLAIMS

1.  Plaintiffs admit that Defendants purport to incorporate by reference their Answer, Affirmative Defenses and Counterclaims to the First Amended Complaint, but deny the allegations of those Answers, Affirmative Defenses and Counterclaims to the First Amended Complaint, consistent with Plaintiffs' reply to Defendants' Counterclaims below.

### THE PARTIES

2.  Plaintiffs admit the allegations of paragraph 2.
3.  Plaintiffs admit the allegations of paragraph 3.
4.  Plaintiffs admit the allegations of paragraph 4.
5.  Plaintiffs admit the allegations of paragraph 5.

6. Plaintiffs admit the allegations of paragraph 6.

7. Plaintiffs admit the allegations of paragraph 7.

8. Plaintiffs admit the allegations of paragraph 8.

9. Plaintiffs admit that doxercalciferol is known chemically as $1\alpha$-OH-vitamin $D_2$, 1-alpha-hydroxyvitamin $D_2$, $1\alpha$-OH-$D_2$ and $1\alpha$-hydroxyergocalciferol.

10. Plaintiffs admit that Hectorol® injectable was approved by the U.S. Food and Drug Administration ("FDA") on April 6, 2000, and is currently indicated for the treatment of secondary hyperparathyroidism in patients with chronic kidney disease on dialysis.

11. On information and belief, admitted.

12. Plaintiffs admit the allegations of paragraph 12, and state further that United States Patent No. 5,602,116 (the "'116 patent") was duly and legally issued.

13. Plaintiffs admit that Bone Care is the owner of the '116 patent, and further admit that Genzyme is the sole member of Bone Care.

14. On information and belief, admitted.

15. Plaintiffs admit that in their First Amended Complaint they allege that by filing the ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, and/or sale of Defendants' Proposed Generic Product before the expiration of the '116 patent, Pentech has committed an act of infringement under 35 U.S.C. § 271(e)(2), and further admit that in their First Amended Complaint they allege that the commercial manufacture, use, offer for sale, sale and/or importation of Defendants' Proposed Generic Product will infringe one or more claims of the '116 patent.

16. On information and belief, admitted.

17. On information and belief, admitted.

18. Plaintiffs admit that in their First Amended Complaint against Defendants, they allege that they are entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of any approval of Defendants' ANDA No. 90-040 relating to Defendants' Proposed Generic Product be a date which is not earlier than February 11, 2014, the expiration date of the '116 patent, and any other exclusivity to which Genzyme and/or Bone Care are or become entitled, and an award of damages for any commercial sale or use of Defendants' Proposed Generic Product and any act committed by Pentech with respect to the subject matter claimed in the '116 patent, which act is not within the limited exclusions of 35 U.S.C. § 271(e)(1).

19. Plaintiffs admit the allegations of paragraph 19, and state further that United States Patent No. 6,903,083 (the "'083 patent") was duly and legally issued.

20. Plaintiffs admit that Bone Care is the owner of the '083 patent, and further admit that Genzyme is the sole member of Bone Care.

21. On information and belief, admitted.

22. Plaintiffs admit that in their First Amended Complaint against Defendants, they allege that by filing the ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, and/or sale of Defendants' Proposed Generic Product before the expiration of the '083 patent, Pentech has committed an act of infringement under 35 U.S.C. § 271(e)(2), and further admit that in their First Amended Complaint they allege that the commercial manufacture, use offer for sale, sale and/or importation of Defendants' Proposed Generic Product will infringe one or more claims of the '083 patent.

23. On information and belief, admitted.

24. Plaintiffs admit that in their First Amended Complaint, they alleged that Pentech had notice of the '083 patent prior to undertaking its acts of infringement.

25. Plaintiffs admit that in their First Amended Complaint against Defendants they allege Bone Care is the owner of the '116 patent and the '083 patent and, as such, that Plaintiffs have the right to sue and collect damages for patent infringement. Plaintiffs admit that Bone Care is also the owner of United States Patent No. 5,707,980 (the "'980 patent").

26. Plaintiffs admit that Pentech sent its notice letter with a Paragraph IV Certification for non-infringement and/or invalidity of United States Patent Nos. 5,602,116; 5,707,980; and 6,903,083 dated January 8, 2007 on or about January 8, 2008, but otherwise deny the allegations of Paragraph 26.

27. Plaintiffs admit the allegations of paragraph 27.

**JURISDICTION AND VENUE**

28. Plaintiffs admit that Defendants have alleged their counterclaims constitute an action for a declaratory judgment under 28 U.S.C. §§ 2201 and 2202, and arise under the Patent Laws of the United States, Title 35, United States Code, but deny that there is any factual or legal basis for such counterclaims or that Defendants are entitled to any relief.

29. Plaintiffs admit that this Court has subject matter jurisdiction over Defendants' counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a) and the Patent Laws of the United States, Title 35, United States Code, but deny that there is any factual or legal basis for such counterclaims or that Defendants are entitled to any relief.

30. Plaintiffs admit that Bone Care is the owner of the '116 and '083 patents, and further admit that they filed their First Amended Complaint in the United States District Court for the Northern District of Illinois on June 13, 2008, alleging Defendants infringed the '116 and '083 patents.

31. Plaintiffs admit that by filing an ANDA (No. 90-040) with the FDA seeking approval for their Proposed Generic Product, and including in that ANDA a paragraph IV

certification to the '116 and '083 patents, Defendants have created an actual and justiciable controversy between themselves and Plaintiffs. Plaintiffs otherwise deny any remaining allegation of paragraph 31.

## COUNT I

32. Plaintiffs deny the allegations of paragraph 32.

## COUNT II

33. Plaintiffs deny the allegations of paragraph 33.

## COUNT III

33. Plaintiffs deny the allegations of Defendants' second paragraph numbered paragraph 33.

## COUNT IV

34. Plaintiffs deny the allegations of paragraph 34.

## COUNT V

35. Plaintiffs deny the allegations of paragraph 35.

## COUNT VI

36. Plaintiffs deny the allegations of paragraph 36.

## COUNT VII

37. Plaintiffs deny the allegations of paragraph 37.

## COUNT VIII

38. Plaintiffs deny the allegations of paragraph 38.

## PRAYER FOR RELIEF

Plaintiffs deny that Defendants are entitled to any relief from the Plaintiffs or the Court, either as prayed for in their Counterclaims or otherwise.

Plaintiffs further deny each allegation contained in Defendants' Counterclaims that was not specifically admitted, denied or otherwise responded to in this Reply to Defendant's Counterclaims.

Dated: September 5, 2008

          */s/ Raven Moore*
Sarah R. Wolff (Bar No. 3123733)
Jennifer Yule DePriest (Bar No. 6272137)
Raven Moore (Bar No. 6280665)
Reed Smith LLP
10 South Wacker Drive, 40th floor
Chicago, Illinois 60606-7507
Telephone: (312) 207-1000
Facsimile: (312) 207-6400
rmoore@reedsmith.com

Robert L. Baechtold (admitted pro hac vice)
Scott K. Reed (admitted pro hac vice)
Filko Prugo (admitted pro hac vice)
Fiona E. Darkin (admitted pro hac vice)
Daniel J. Minion (admitted pro hac vice)
Fitzpatrick, Cella, Harper & Scinto
30 Rockefeller Plaza
New York, New York 10112-3800
Telephone: (212) 218-2100
Facsimile: (212) 218-2200

**ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

I electronically filed the **PLAINTIFFS' REPLY TO DEFENDANTS' COUNTERCLAIMS** with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

Robert B. Breisblatt
KATTEN MUCHEN ROSENMAN LLP
525 West Monroe Street
Chicago, IL 60661

Robert S. Silver
Bruce J. Chasan
Mona Gupta
William J. Castillo
William C. Youngblood
CAESAR, RIVISE, BERNSTEIN, COHEN & POKOTILOW, LTD.
1635 Market Street, 11th Floor
Philadelphia, PA 19103

　　　　　　　　　　　　　　*/s/ Raven Moore*
Sarah R. Wolff (Bar No. 3123733)
Jennifer Yule DePriest (Bar No. 6272137)
Reed Smith LLP
10 South Wacker Drive, 40th Floor
Chicago, Illinois 60606-7507
Telephone: (312) 207-1000
Facsimile: (312) 207-6400
rmoore@reedsmith.com

2202118v.4