**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **BONE CARE INTERNATIONAL, LLC,** | ) | |
| and **GENZYME CORPORATION**, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 08 C 1083 |
| | ) | |
| v. | ) | Judge Robert M. Dow |
| | ) | |
| **PENTECH PHARMACEUTICALS, INC.,** | ) | Magistrate Judge |
| and **COBREK PHARMACEUTICALS,** | ) | Martin C. Ashman |
| **INC.,** | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, Bone Care International, LLC, and Genzyme Corporation ("Plaintiffs"), have

sued Pentech Pharmaceuticals, Inc., and Cobrek Pharmaceuticals, Inc. ("Defendants"). Currently

before this Court is Plaintiffs' Motion to Strike the Supplemental Expert Declaration of Donald J.

Sherrard, M.D. ("Plaintiffs' Motion" or "Motion") (Dckt. 386). This Court rules on this Motion

under Judge Robert M. Dow's referral of this case for discovery supervision pursuant to Local

Rule 72.1. For the reasons stated below, the Court grants Plaintiffs' Motion.

**I.    Discussion**

On February 4, 2010, this Court granted Defendants' Motion for Protective Order to

Preclude Plaintiffs' Proposed Supplemental Expert Reports as Beyond the Terms of th Parties'

Join Rule 26(f) Report (Dckt. 306). In granting that motion, the Court noted that, as far as

discovery was concerned, "Enough [was] enough." Not long after, Defendants filed a Motion to

Strike Dr. Wei's Second Expert Report (Dckt. 351). On June 8, 2010, the Court granted Defendants' Motion on the basis of its February 4, 2010, order: expert discovery was closed and would not be reopened.

On June 11, 2010, Defendants filed a *Daubert* motion, which included as support a declaration of Donald Sherrard, M.D. ("Dr. Sherrard"). In this declaration, Dr. Sherrard performed computations regarding the incidence of hypercalcemia—using the Sprague low dose study—and compared his results to the findings of Dr. Lee-Jen Wei ("Dr. Wei"), one of Plaintiffs' experts. (Pls.' Mot., Ex. J.) Plaintiffs brought this motion seeking to strike the declaration.

The Court has carefully considered the parties' oral and written arguments, the trial schedule, and other issues such as outstanding *Daubert* and claim construction motions. As result of this consideration, the Court grants Plaintiffs' Motion for three reasons. First, the Court's February 4, 2010, order applies today with the same force as on February 4, 2010: enough is enough; discovery is over, and the parties cannot introduce new expert opinion. Dr. Sherrard's declaration seeks to do just that; therefore, it is barred. Second, Plaintiffs would suffer prejudice if the Court allowed Dr. Sherrard's declaration. Discovery is closed and the trial is looming. If Dr. Sherrard's declaration were allowed, Plaintiffs would not have time to consult with their attorneys and experts, to file an additional report or rebuttal, or to sufficiently address Dr. Sherrard's declaration in some other way before trial. Third, Defendants had in their possession the information contained in Dr. Sherrard's declaration (and calculations) since at least December 21, 2009. It was on this day that Dr. Sherrard filed an expert report in which he cited and relied on the study he discusses in the declaration at issue. Thus, Defendants could

have presented these calculations in their previous expert reports, at least as early as December 21, 2009.

## **II.    Conclusion**

For the aforementioned reasons, this Court grants Plaintiffs' Motion.

**ENTER ORDER:**

_____
**MARTIN C. ASHMAN**
United States Magistrate Judge

Dated: July 16, 2010.