# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1083 | **DATE** | September 30, 2010 |
| **CASE TITLE** | Bone Care v. Pentech | | |

**DOCKET ENTRY TEXT**

In a pre-trial joint status report [355], and again at the final pre-trial conference, the parties set forth their conflicting views on the order of proof at trial. Given the parties' dispute on that matter, the Court issues the following guidance pursuant to its authority under Federal Rule of Evidence 611(a) to "exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence."

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Among the objectives to be accomplished through the trial court's determinations in regard to the order of proof are "mak[ing] the interrogation and presentation effective for the ascertainment of the truth" and "avoid[ing] needless consumption of time." Fed. R. Evid. 611(a). As Defendants have noted, "'[f]ew aspects of the trial of a case are more clearly within the discretion of the judge than the order of proof.'" *Begley v. Ford Motor Co.*, 476 F.2d 1276, 1279 n.5 (2d Cir. 1973) (quoted in J. Status Rep. [355] at 6). Nevertheless, case law and learned commentary is available to help guide the exercise of that discretion. But before turning to the pertinent authorities, the Court first will attempt to summarize the parties' positions.

Plaintiffs propose the following order of proof: (1) Defendants will proceed first and present the entirety of their case-in-chief, covering the issues on which they bear the burden of proof; (2) Plaintiffs will respond to Defendants' case-in-chief and present any evidence of secondary considerations of non-obviousness, which is an issue as to which Plaintiffs contend they bear the burden of proof; (3) Defendants conclude with responses to Plaintiffs' secondary considerations case. Under Plaintiffs' proposal, neither side would be entitled to put on a rebuttal case.

Under Defendants' alternative proposal, the proof at trial would proceed as follows: (1) Defendants will put on their case-in-chief as to issues on which they bear the burden of proof; (2) Plaintiffs will respond to Defendants case-in-chief and present the case on issues as to which Plaintiffs bear the burden of proof; (3) Defendants will put on their rebuttal case, which "may not be limited to responding to Plaintiffs' evidence on secondary considerations, as rebuttal may be appropriate to other issues, too." J. Status Rep. [366] at 5. Notably, under Defendants' proposal, only they would be entitled to put on a rebuttal case.

Plaintiffs complain that Defendants' proposal "creates a situation in which Plaintiffs are no longer the master of their own case" by "exploiting the parties' earlier stipulation of infringement to gain a procedural

advantage." J. Status Rep. [355] at 2. But even Plaintiffs' proposal sensibly adopts Chief Judge Markey's long held view that a pre-trial stipulation as to infringement – which, as confirmed at the final pre-trial conference, remains in place in this case – should alter the traditional order of proof (that Plaintiff goes first), though not the underlying premise of that arrangement (that the party with the principal burden of proof goes first). See Howard T. Markey, *On Simplifying Patent Trials*, 116 F.R.D. 369, 373-75 (1987). With infringement thus cast to the side, invalidity logically is the first issue for trial. See Fed. Jud. Ctr., PATENT CASE MGMT. JUD. GUIDE § 8.1.2.2.2.1, at 8-15 (2009) ("Where infringement is not disputed, the defendant should usually proceed first on its invalidity defenses"). As Chief Judge Markey explained, "a defendant asserting invalidity has a right to go first at trial when that issue is reached, and patentees have no right to pre-empt or 'steal a march' on defendant in the orderly conduct of the trial." 116 F.R.D. at 375. To be sure, "the patentee's countering evidence has a place in an orderly trial," but "that place is after a defendant's invalidity evidence in chief." *Id.* at 374. The parties' proposals agree at least that far, and properly so.

The core of the dispute over the order of proof concerns the scope of the parties' respective rebuttal cases, if any. Plaintiffs raise the concern that Defendants "do not intend to limit their last word to proper rebuttal." Joint Status Report [355], at 2. But the real dispute concerns not whether Defendants will be limited to "proper rebuttal," but what comprises "proper rebuttal" in the first place. Both courts and commentators have noted that rebuttal evidence may be introduced "to explain, repel, counteract, or disprove the evidence of the adverse party." 28 Charles Alan Wright & Victor James Gold, FEDERAL PRAC. & PROC. EVID. § 6164 (1st ed. 2010) (Westlaw version, unpaginated).

In considering the parties' respective positions on rebuttal testimony in this case, the Court is guided by the principles that (1) the rules that apply generally in civil litigation ought to apply generally in patent litigation (see Markey, *supra*, 116 F.R.D. at 370), and (2) in most civil trials, proper rebuttal testimony is permissible within the bounds set by the trial court. For example, in one of the few cases cited in the Joint Status Report, Judge Enslen followed the "traditional" method of presenting proofs in four steps:

- Plaintiff first presents its proofs on the issue of infringement;

- Defendant then may respond to plaintiff's proofs on that issue, and present its own proofs on the issues of [in]validity and unenforceability;

- The Court then may allow plaintiff to respond to defendant's proofs on the issues of [in]validity and unenforceability, and to rebut defendant's response on the issue of infringement; and

- The trial concludes with defendant's rebuttal evidence on the issues of validity and unenforceability.

*Haworth, Inc. v. Steelcase, Inc.*, 4 U.S.P.Q.2d 1654, 1655 (W.D. Mich. 1987). Although that "normal trial format" will be adjusted in this case to take into account the stipulation of infringement, the Court will adhere to the principle reflected in *Haworth* that each side is entitled to respond to the other side's case-in-chief and rebut the other side's response. Such an approach also is consistent with Chief Judge Markey's observation that "[t]rials are simplified when each party attempts to carry its own, and only its own, burden, and when each party's evidence is presented in proper order at trial." Markey, *supra*, 116 F.R.D. at 375.

Although there appears to be some dispute between the parties – and perhaps even some lack of clarity in the

pertinent case law – as to which side bears the burden of proof as to certain issues in the case, the Court agrees with the general principle articulated by Defendants that "it is contrary to usual jurisprudence to deprive the party with the burden of proof * * * from putting on rebuttal evidence." J. Status Rep. at 11. The Court would add the caveat that the proffered rebuttal evidence must be proper rebuttal evidence, *i.e.*, evidence that is used to "explain, repel, counteract, or disprove the evidence of the adverse party." Wright & Gold, *supra*, § 6164. To the extent that Plaintiffs bear the burden of proof as to certain issues at trial – for example, secondary considerations of non-obviousness – they too should be entitled to put on proper rebuttal evidence.

Plaintiffs' position in the Joint Status Report appears not to acknowledge the distinction between on the one hand Defendants' need not only to respond to Plaintiffs' contentions as to, *e.g.*, secondary considerations, but also as to rebut other issues (invalidity, inequitable conduct, etc.) as to which Defendants bear the burden of proof, and on the other hand the risk that Defendants may try to introduce entirely new arguments at the end of trial. The former may be appropriate rebuttal, within reason; the latter is not. The Court stresses the caveat "within reason" in view of the well established case law holding that "great deference is accorded to the discretion and judgment of the trial court when granting and/or denying a party's motion for rebuttal or surrebuttal testimony." *United States v. Gaertner*, 705 F.2d 210, 217 (7th Cir. 1983).

Although the Court rejects Plaintiffs' effort to cabin prior to trial the potential scope of Defendants' rebuttal case within the four corners of Plaintiffs' secondary considerations evidence, the Court wishes to make clear that the precise contours of appropriate rebuttal in this case must await development at trial. As a leading treatise explains, "Rule 611(a) * * * gives courts discretion to limit or even exclude rebuttal in order to insure that the evidence unfolds coherently, without unfair surprise and needless consumption of time." Wright & Gold, *supra*, § 6164. Among other things, "the rule gives courts the power to enforce the traditional principle that evidence offered to rebut must accomplish the function of rebuttal[:] 'to explain, repel, counteract, or disprove the evidence of the adverse party.'" *Id.* (quoting *U.S. v. Luschen*, 614 F.2d 1164, 1170 (8th Cir.), *cert. denied*, 446 U.S. 939 (1980)). In addition, Rule 611(a) "gives courts discretion to exclude" evidence offered in rebuttal that "would achieve a proper function of rebuttal but also could have been offered during [a party's] case-in-chief." *Id.*; see also *United States v. Mitan*, 966 F.2d 1165, 1176 (7th Cir. 1992) (upholding trial court's refusal to allow surrebuttal testimony where "there was no surprise" from the testimony in the adversary's case and the surrebuttal witness "was available to testify during [the party's] case-in-chief"). Alternatively, the Court may in its discretion allow a surrebuttal to avoid prejudice. As the treatise points out, the treatment of proposed rebuttal in such circumstances presents a "difficult issue," but the Court's "discretion is appropriately exercised to prevent [a party] from 'sandbagging' by withholding evidence until the [adversary] rests and might be unable to mount an effective response." Wright & Gold, *supra*, § 6164; see also Thomas A. Mauet & Warren D. Wolfson, TRIAL EVIDENCE 439 (3d ed. 2005) (stressing that in dealing with "whether a witness or an exhibit is proper rebuttal evidence or whether that witness or exhibit should have been presented in [a party's] case-in-chief," "fairness is the controlling concern" and parties "should not be allowed to 'sandbag' by intentionally withholding evidence" in their case-in-chief).

Sandbagging is precisely the concern that Plaintiffs have raised, both in the Joint Status Report and during the pre-trial conference. The concern is a legitimate one – and one that both parties should bear in mind as they structure their respective cases-in-chief. Given the vast quantity of attorney and witness hours expended and the enormous piles of paper generated in this case to date, it is difficult to imagine that both sides are not well apprised of the positions that the other side will take at trial. Expert reports and rebuttal reports, depositions, motion practice, and trial briefs have laid bare, at a minimum, the central theories of the parties' cases. And the motions *in limine* and trial briefs address at great length arguments that each side anticipates

| STATEMENT |
|---|

the other side will make and the responses thereto. Accordingly, concerns about needing to speculate about the other side's case appear to be considerably overblown at this stage. Nor is there any need for the parties to present their case at trial according to whether an expert's contentions surfaced in an initial or a rebuttal report. In view of all of the foregoing, the parties would be well advised to err on the side of presenting too much, rather than too little, in their cases-in-chief.

With these observations, the Court endeavors to streamline at least to some degree the presentation of proof at trial, and in so doing to advance two of the goals set forth in Rule 611(a) – namely, "mak[ing] the interrogation and presentation effective for the ascertainment of the truth" and "avoid[ing] needless consumption of time." Fed. R. Evid. 611(a); *cf. United States v. Greene*, 497 F.2d 1068, 1083 (7th Cir. 1974) ("When the point of completion of a trial has been reached, which was the situation here, the trial judge should be vested with substantial discretionary powers to bring the evidentiary phase to a close, or to put it another way, to curb the natural tendency of vigorous counsel to get in the final word"). To these goals, the Court adds a third: preserving the parties' ability to present legitimate rebuttal testimony and argument that accounts for both (1) the likelihood that as a result of the discovery process, the parties know much of what their adversary will say at trial and (2) the inevitable twists and turns that cases take as lawyers sharpen their strategies as the trial approaches and unfolds.