# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 4.1.1
### Eastern Division

Bone Care International LLC, et al.

                                Plaintiff,

v.                                                Case No.: 1:08–cv–01083

                                                       Honorable Robert M. Dow Jr.

Pentech Pharmaceuticals, Inc., et al.

                                Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, October 4, 2010:

      MINUTE entry before Honorable Robert M. Dow, Jr: At the September 24, 2010, pre−trial conference, counsel and the Court discussed Plaintiffs objections concerning the supplemental designation by Defendants of certain experts as fact witnesses. As discussed on the record in open court at the October 4 status hearing, the Court rules that the disclosure of Dr. Sherrard at the time of the initial drafting of the pre−trial order in June was not untimely under Rule 26(a)(3)(A)−(B), but that the disclosure of Dr. Deftos as an additional fact witness on September 9 was too late under the Rule. Fed. R. Civ. P. 26(a)(3)(A)−(B). Rule 26(a)(3)(B) requires disclosures at least 30 days before trial. Given that trial is scheduled to begin on October 5, 2010, the late disclosure of Dr. Deftos as a fact witness was untimely andprejudicial. Dr. Deftos and indeed, all of the experts will be permitted to discuss the factual bases for the opinions that they offer at trial. Fed. R. Civ. P. 26(a)(3)(B). He will not, however, be permitted to testify as a fact witness.Although the disclosure of Dr. Sherrard as a potential fact witness did not run afoul of Rule 26(a)(3)(B), the discussion at the October 4 status hearing revealed that the information provided by Defendants about the scope and subject matter of Dr. Sherrards proposed factual testimony at trial as opposed to his Rule 702 opinion testimony has been less than fulsome. Perhaps, as Defendants maintain, Plaintiffs already have all of the materials that form the basis for Dr. Sherrards fact testimony. Whether or not that is the case, the Court hasdirected Defendants to provide by 10/8/2010 a complete list of the documents on which Dr. Sherrard will rely pursuant to Fed. R. Civ. P. 26(a)(3)(A)(iii) so that Plaintiffs may prepare to depose Dr. Sherrard in advance of his anticipated testimony during the week of October 19−22. Defendants also must make Dr. Sherrard available for a deposition, as discussed on the record at todays status hearing. This resolution accommodates the parties respective interests Defendants in offering testimony from a witness who was identified as a fact witness months before trial, and Plaintiffs in having an adequate basis for cross−examining that witness and thus avoids prejudice to either sides case. Mailed notice(tbk, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.