**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BONE CARE INTERNATIONAL LLC | ) | |
| and GENZYME CORPORATION | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | CASE NO. 08-CV-1083 |
| PENTECH PHARMACEUTICALS, INC. | ) | |
| and COBREK | ) | |
| PHARMACEUTICALS, INC. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Pentech Pharmaceuticals, Inc. and Cobrek Pharmaceuticals, Inc.'s ("Defendants") motion to alter and amend [505] and supplemental motion to alter or amend [513] the Court's September 17, 2010, Order [496] granting Bone Care International and Genzyme Corporation's ("Plaintiffs") motion for summary judgment [332] of Defendants' counterclaim and affirmative defense "D."  For the reasons stated below, the initial motion to alter or amend [505] is granted in part and denied in part; the supplemental motion to alter or amend [513] is denied.

**I.      Background**

Defendants have asserted various counterclaims and affirmative defenses of patent invalidity in this patent infringement case.  [227]  Counterclaim and affirmative defense "D" alleges that Plaintiffs engaged in inequitable conduct in prosecuting the '488 application – a continuation-in-part application that later issued as the '116 patent – by intentionally failing to submit to the PTO material prior art references that had been disclosed previously in the '488 application's ancestor applications.   Plaintiffs moved for summary judgment [332] on

counterclaim and affirmative defense "D," arguing that there are no genuine issues of material fact as to whether Plaintiffs satisfied their duty to disclose the prior art references to the PTO, as Plaintiffs disclosed the references in the ancestor applications and bore no additional duty to re-submit the references in the '488 application. Plaintiffs further argued that Defendants had not sufficiently rebutted the presumption that the PTO examiner had reviewed the ancestor applications during prosecution of the '488 application in compliance with governing PTO guidance. The Court agreed, and issued an opinion, Order [496], granting Plaintiffs' summary judgment motion on counterclaim and affirmative defense "D."

Defendants filed a motion to alter or amend [505] the Court's Order [496], requesting that four allegedly incorrect factual statements be withdrawn or corrected. That motion [505] did not request that the Court reconsider and vacate the ultimate ruling of the prior Order [496] – *i.e.*, the grant of summary judgment. However, during the September 24, 2010, final pre-trial conference, Defendants on the record and in open court requested that the Court reconsider its grant of summary judgment in Order [496]. Defendants subsequently filed a supplemental motion [513] requesting that the grant of summary judgment be reconsidered and vacated. Plaintiffs have responded to the motion, both orally at the pre-trial conference and in writing [see 514].

## II.    Analysis

It is well established that "[m]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Conditioned Ocular Enhancement, Inc. v. Bonaventura*, 458 F. Supp. 2d 704, 707 (N.D. Ill. 2006) (internal quotation marks and citation omitted). In regard to the "manifest error" prong, the Seventh Circuit has elaborated that a motion to reconsider is proper only when "the Court has patently

misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). With respect to the second prong, the court of appeals has explained that a motion to reconsider may be appropriate if there has been "a controlling or significant change in the law or facts since the submission of the issue to the Court." *Id.* Because the standards for reconsideration are exacting, the Seventh Circuit has stressed that issues appropriate for reconsideration "rarely arise and the motion to reconsider should be equally rare." *Id.* Defendants do not invoke a change of law or the availability of new facts. Accordingly, the Court's consideration is limited to whether its prior Order [496] constitutes "manifest error."

Defendants' motion [505] requested that the Court make the following four amendments to its Order [496] granting summary judgment against Defendants on their counterclaim and affirmative defense "D":

* On page 13 of [496]: "That it should be presumed the examiner reviewed the ancestor applications ~~and the references contained therein~~."

* On p. 12 of [496]: "~~Defendants attempt to infer . . . that Examiner Criares did not recall the [eight] references [or the fact that five of them had been relied upon to reject similar claims in the ancestor applications] is not persuasive.~~"

* On page 3 of [496]: "[Plaintiffs] also subsequently submitted an Information Disclosure Statement ("IDS")~~identifying the '488 application as a continuation-in-part application~~."

* On page 11 of [496]: "Defendants acknowledge that the IDS for the '488 application ~~identified '488 as a continuation-in-part application~~. . . . ."

The Court addresses each purported error in turn.

With respect to the first requested amendment, Defendants argue that the facts support an inference that while reviewing the '488 application, Examiner Criares – the PTO examiner who

reviewed the '488 application and all but the first of its ancestor applications – forgot that he previously had considered the prior art references of the ancestor applications and failed to review them anew.  The Court disagrees.  In 1995, at the time that Plaintiffs filed the '488 application, the Manual of Patent Examining Procedure § 609 stated that:  "the examiner will consider information cited or submitted to the Office in a parent application when examining a continuing application * * *."  M.P.E.P. § 609, 6th ed. (1995).  The Court's statement with which Defendants take issue simply reflects the presumption that Examiner Criares fulfilled his duties as an examiner, including the duty set forth under M.P.E.P. § 609, and thus presumably considered or reviewed the prior art submitted in the parent application.  See 35 U.S.C. § 282; *Am. Hoist & Derrick Co. v. Sowa & Sons, Inc.*, 725 F.2d 1350, 1359, *cert. denied*, 469 U.S. 821 (1984).

Defendants have failed to come forward with facts that rebut this presumption.  They first assert that it was merely serendipitous that Examiner Criares was assigned to review the '488 application after previously having been assigned to review the '488 application's ancestor applications, and that a different examiner just as easily could have been assigned.  Although this may be so, any examiner – including Examiner Criares – is presumed to have followed the rules of patent examination.  See *Am. Hoist & Derrick Co.*, 725 F.2d at 1359.  The Court therefore does not find that this point alters or rebuts the presumption that Examiner Criares complied with M.P.E.P. § 609 and reviewed the prior art references in the ancestor applications.  *Id.*  Nor does the possibility that a different examiner might have been assigned change the legal analysis pursuant to which Plaintiffs, as applicants, bore a duty to disclose prior art in the ancestor applications, but did not bear an additional duty to re-submit previously disclosed prior art in the

'488 continuation-in-part application.  See *ATD Corporation v. Lydall, Inc.*, 159 F.3d 534, 537 (Fed. Cir. 1998).

Defendants assert that the fact that Examiner Criares did not make a note that he reviewed all prior art is evidence that rebuts the presumption of compliance with M.P.E.P. § 609. Defendants cite M.P.E.P. § 2001.06(b) in support of this allegation.  On its face, § 2001.06(b) requires a PTO examiner to note when he reviews all prior art contained in *copending* patent applications, not continuation applications.  M.P.E.P. § 2001.06(b).  Reading that provision as pertaining only to copending applications – and not to continuation applications – is buttressed by the fact that the provision cites *Dayco Prod., Inc. v. Total Containment, Inc.*, 329 F.3d 1358, 1365-69 (Fed. Cir. 2003), a decision limited to copending applications, as discussed in further detail below.  Defendants have not pointed to any other regulation or PTO guidance supporting their argument that Examiner Criares should have, but did not, note affirmatively that he had considered the prior art submitted in the ancestor applications in compliance with M.P.E.P. § 609.  They have thus failed to rebut the presumption that Examiner Criares reviewed the previously disclosed references.  The Court makes no change to its statement to that effect in its prior Order [496].

With respect to the second statement to which Defendants request amendment on the ground that it is "factually incorrect," the Court notes that the statement is not an assertion of fact but a conclusion of law.  The Court stated that it was unpersuaded by Defendants' argument that Examiner Criares did not recall at the time that he reviewed the '488 application the substance or relevance of the prior art references disclosed in the ancestor applications because he had reviewed the ancestor applications several years earlier.  The Court remains unpersuaded by this

argument, and thus finds no grounds to amend or alter its statement to that effect in the prior Order [496].[1]

By contrast, the Court is persuaded that the third and fourth statements from the Court's prior Order [496] identified by Defendants in their motion to alter or amend [505] contained factual inconsistencies, and amends them as follows:

    \*   [496] at 3: "[Plaintiffs] also subsequently submitted an Information Disclosure Statement ("IDS") *clearly referencing the application serial number for the '488 application.*"

    \*   [496] at 11: "Indeed, Defendants acknowledge that the *application is a continuation-in-part application and that the eight references in question were cited in the ancestor applications.*"

Amendment of those two statements does not, however, alter the Court's ultimate conclusion in [496] that its issuance of summary judgment on counterclaim and affirmative defense "D" was warranted. Defendants argue in their supplemental motion [513] that, should the Court make any factual corrections, it should also revisit its decision in [496] not to extend the holding in *Dayco* to cover continuation applications as well as copending applications. *Dayco*, 329 F.3d at 1365-69. The Court arrived at that decision after finding that: (1) *Dayco* concerned copending applications, whereas the instant case concerns a continuation-in-part application; and (2) different examiners were assigned to review the copending applications in *Dayco*, whereas Examiner Criares reviewed the '488 continuation-in-part application as well as all but one of its ancestor applications. *Id.* The Court considered and rejected Defendants'

---

[1] Defendants' contention that the Court has made a "180-degree turn" since claim construction [see 505 at 5 & n.2] is not accurate. The Court's earlier observation that "patent examiners cannot be expected to recall *the details* of previously examined patent applications" [327, at 9 (emphasis added)] does not require acceptance of Defendants' assertion that the examiner in this case (or any other case) "had *no memory*" of having reviewed a prior application. In fact, as Defendants have acknowledged, where an examiner has some recollection of a previously examined application, but lacks recall of the details of that application, "the examiner would have access to ancestor application(s) of a continuing application." [513, at 6.]

argument in their opposition to Plaintiffs' summary judgment motion [377] that, although Examiner Criares ultimately was assigned to the '488 application, a different examiner could have been given that assignment, thus bringing this case within the purview of *Dayco*. Defendants raise the same argument in their motion to reconsider [513]. Defendants do not allege any new facts nor do they point to a change of law that warrants the Court's reconsideration of this already-decided issue. The Court has revisited its analysis in view of Defendants' arguments on reconsideration, but adheres to the view that an extension of the holding of *Dayco* is not warranted.

Finally, Defendants argue in their supplemental motion to alter or amend [513] that there is a basis for reversing the summary judgment Order [496] on the duty of candor issue because Plaintiffs did not identify the '488 application as a continuation-in-part application in the IDS that they submitted for the '488 application. Defendants cite *Encyclopaedia Britannica, Inc. v. Alpine Elec. of Am.*, 609 F.3d 1345 (Fed. Cir. 2010) in support of this proposition. In *Encyclopaedia Britannica*, the Federal Circuit considered as an issue of first impression whether 35 U.S.C. § 120 requires an intermediate application in a "priority chain" of continuation applications to "contain a specific reference to the earlier filed application." 609 F.3d at 1349. Defendants state that "[j]ust like the fact it was not good enough that one could look at other documents to determine a claim of priority to comply with § 120 [in *Encyclopaedia Britannica*], it is not enough that one can look at other documents to determine if the IDS pertains to a continuation application." ([513], at 9.)

The Court is not persuaded to revisit its summary judgment ruling on the duty of candor on the basis of an analogy to § 120 via the *Encyclopaedia Brittanica* case. To reiterate, the duty of candor is satisfied "if all information known to be material to patentability of any claim issued

7

in a patent was cited by the Office *or* submitted to the Office in the manner prescribed by §§ 1.97(b) * * * and 1.98." 37 C.F.R. § 1.56 (emphasis added). Section 1.98 requires an earlier application to be properly identified in the IDS if it is relied upon for a claim of priority. 37 C.F.R. § 1.98(d)(1). But Subsection (b) of § 1.56 defines information "material" to patentability as that which "is *not cumulative to information already of record* or being made of record in the application." 37 C.F.R. § 1.56(b) (emphasis added). At a minimum, reading these two sections together, the IDS along with the '488 application itself and all of the materials "already of record" at the time indicate that Plaintiffs satisfied their duty of candor so far as counterclaim and affirmative defense "D" is concerned. Thus, even if Examiner Criares did forget his prior work entirely (as Defendants urge the Court to presume), the notice of the '488 application provided in the IDS, coupled with the facts that the '488 application itself was identified as a continuation-in-part application and Examiner Criares had a duty to review the '488 application's ancestor applications pursuant to M.P.E.P. § 609, are sufficient to uphold (1) the presumption that Examiner Criares satisfied his duty to consider the ancestor applications and the references contained therein, and (2) the Court's conclusion that Defendants provided all of the information that they were required to provide to satisfy the duty of candor under *ATD*.

In sum, Defendants have failed to come forward with evidence warranting a denial of summary judgment on counterclaim and affirmative defense "D." Nor have Defendants pointed to any manifest errors of law or fact or presented newly discovered evidence that justify vacatur of the Court's grant of summary judgment on "D." *Conditioned Ocular Enhancement,* 458 F. Supp. 2d at 707. Thus, although the Court grants in part (and denies in part) Defendants' initial motion [505] to alter or amend the September 17, 2010, opinion in order to correct some factual

errors, the Court denies Defendants' supplemental motion [513] to alter or amend the actual grant of summary judgment in favor of Plaintiffs on "D."

**III.    Conclusion**

For the foregoing reasons, Defendants' motion to alter and amend [505] is granted in part with respect to the fact statements identified as "3" and "4" in Defendants' motion and otherwise denied.   In addition, Defendants' supplemental motion to alter and amend requesting reconsideration of the Court's decision to grant summary judgment for Plaintiffs on Defendants' counterclaim and affirmative defense "D" [513] is respectfully denied..

Dated:  October 6, 2010                    _____
                                           Robert M. Dow, Jr.
                                           United States District Judge