**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BONE CARE INTERNATIONAL LLC and GENZYME CORPORATION,** | ) | |
| | ) | **Civil Action No. 08 C 1083** |
| **Plaintiffs,** | ) | |
| | ) | **JUDGE DOW** |
| **v.** | ) | **MAGISTRATE JUDGE ASHMAN** |
| | ) | |
| **PENTECH PHARMACEUTICALS, INC., and COBREK PHARMACEUTICALS, INC.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' REPLY IN SUPPORT OF THEIR POSITION ON DEFENDANTS' USE OF EVIDENCE CONCERNING DISMISSED INEQUITABLE CHARGES UNDER FED.R.EVID. 404(b)**

Robert S. Silver
Robert W. Stevenson *Ill. Reg. No. 6195238*
Bruce J. Chasan
Mona Gupta
CAESAR, RIVISE, BERNSTEIN,
COHEN & POKOTILOW, LTD.
1635 Market Street, 11th Floor
Philadelphia, PA 19103
Telephone: (215) 567-2010
Facsimile: (215) 741-1142
*rssilver@crbcp.com*
*rstevenson@crbcp.com*
*bjchasan@crbcp.com*
*mgupta@crbcp.com*

October 15, 2010

554065_1

## I. INTRODUCTION

On October 4, 2010, Plaintiffs filed their position paper [526] regarding Defendants' proposed offer of evidence under Fed. R. Evid. 404(b) to support the intent element of their inequitable conduct defenses and counterclaims. At the conclusion of the first day of trial on October 5, the Court granted Defendants until Friday, October 8, to file their Response. Counsel for Plaintiffs, Mr. Loh, in response to the Court's questioning, confirmed that Plaintiffs had "fired all [their] bullets on 404(b)." (Oct. 5 Tr. at 159:22-25). Defendants filed their Response [532] on October 8, 2010, and thereafter, Plaintiffs located more "bullets" and filed a Reply on October 11, 2010 [533]. Defendants therefore file this further Response.

Plaintiffs mischaracterize footnote 10[1] of the Court's October 1, 2010 Order [Dkt. 521 at p. 26] as precluding Defendants from presenting Rule 404(b) ancestral prosecution evidence [Dkt. 533, Reply at ¶¶ 1-2] since Plaintiffs *never* moved to exclude such evidence in the first place. Plaintiffs err in arguing that Defendants are attempting to "flout" the Court's October 1, 2010 Order. [Dkt. 533, Reply at ¶ 1]. To the contrary, Defendants respect and comply with the October 1, 2010 Order, as well as all Orders of the Court. Footnote 10 makes no reference to Rule 404(b) evidence and precludes evidence *only to prove the dismissed inequitable conduct defenses/counterclaims*, *e.g.*, "infectious" inequitable conduct.[2]

---

1 Footnote 10 states: "At the risk of stating the obvious, neither Mr. Sofocleous nor any other witness may present testimony on issues that no longer are in the case — for example, any claims of inequitable conduct as to which a motion to dismiss or summary judgment has been granted." [Dkt. 521 at p. 26].

2 At the October 4, 2010 pre-trial conference, counsel for Defendants, Mr. Chasan, pointed out that footnote 10 possibly conflicted with evidence that Defendants' expert witness, Dr. Keana, is being permitted to present, and that the Court may have overlooked that Defendants plan to offer Rule 404(b) evidence. The Court, in apparent agreement with Defendants, invited the parties to submit their positions regarding Rule 404(b) evidence, so that this evidentiary issue can be ruled upon. Since the Court is open to deciding the issue, it cannot be said that Defendants are "flouting" the October 1, 2010 Order, as stated by Plaintiffs.

Defendants' proposed evidence concerning inventor Bishop's material misrepresentations/omissions during the prosecution of the ancestral applications of the '116 patent are relevant and admissible under Rule 404(b) to show Bishop's intent to deceive the USPTO, one of the elements of Defendants' remaining inequitable conduct defenses/counterclaims "F" and "G." In compliance with footnote 10, Defendants will *not* be relying on such evidence to prove the dismissed "infectious" inequitable conduct claims as an independent basis for unenforceability of the '116 patent. Because Defendants are not attempting to recapture their dismissed "infectious" inequitable conduct claims, footnote 10 is irrelevant to Plaintiffs' concerns. Nevertheless, Defendants request that the Court amend footnote 10 to clarify that it does not preclude Defendants' evidence under Rule 404(b).

In addition, Plaintiffs mischaracterize *Semiconductor Energy Lab. Co., Ltd. v. Samsung Elec. Co.*, 4 F. Supp. 2d 477 (E.D. Va. 1998) (*"Semiconductor I")*, *aff'd*, 204 F.3d 1368 (Fed. Cir. 2000) (*"Semiconductor III"*), as involving "infectious" inequitable conduct [533, Reply at ¶ 4] when the court *explicitly* stated that it was not relying on ancestral prosecution misconduct for purposes of "infectious" inequitable conduct. *See id.* at 486-87. Rather, the court in *Semiconductor I* found that "given the close relationship between the [asserted] '636 and the [ancestral] '132 patents, any inequitable conduct by SEL [plaintiff] during its prosecution of the '132 is still relevant to show plan, motive, intent, and pattern and practice under Rules 402, 403 & 404(b). Fed. R. Evid." *Id.* at 487.

Accordingly, Defendants respectfully request: (1) that they be permitted to present ancestral prosecution evidence under Rule 404(b), and (2) that footnote 10 of the October 1, 2010 Order be amended or clarified to state that it does not preclude Defendants' proposed Rule 404(b) evidence.

## II. ARGUMENT

### A. Footnote 10 cannot be construed as precluding Defendants' Rule 404(b) ancestral prosecution evidence because Plaintiffs *never* moved for such relief.

Plaintiffs take the untenable position that Defendants are just *now* going to rely on Rule 404(b) ancestral prosecution evidence [Dkt. 533, Reply at ¶ 1], when Defendants disclosed the same intentions months in advance. On April 23, 2010, the Court dismissed Defendants' inequitable conduct allegations A, B, C and E [Dkt. 327 at pp. 6, 14]. Allegations A, B and C concerned Defendants' "infectious" inequitable conduct claims. [*Id.* at pp. 4-6]. On April 28, 2010, during a pretrial hearing, Defendants' counsel, Mr. Chasan, addressed Defendants' potential Rule 404(b) evidence and expected briefing on the issue:

MR. CHASAN: Your Honor, I want to raise the issue about the inequitable conduct decision. That doesn't have to be decided now, but just to alert you, your Honor's opinion took a more restrictive view of infectious unenforceability than we had argued and I understand the ruling, so allegations A, B, and C are not in the case officially. However, there is an issue as to whether the conduct of the individuals in those matters, A, B, and C, goes to the issue of intent under Rule 404(b) of the Federal Rules of Evidence, so I expect you will probably get some briefing on that from both parties.

THE COURT: And that's perfectly fine. I appreciate your raising that. I don't think that would have surprised me, but I'm glad to know - - and you know, I always appreciate getting heads up on things and you guys have always been good about letting me know when you need me and I'm trying to be here whenever that is, but you know, I appreciate knowing that it's coming down the pike, and 404(b) we have seen a lot of lately around this courtroom, so that's fine.

(4/28/10 Pretrial Hearing Tr. at 50-51).

On June 23, 2010, Plaintiffs filed six motions *in limine*, but none of them sought to exclude Defendants' proposed Rule 404(b) evidence. Plaintiffs' Motion *in Limine* No. 7 [Dkt. 406] sought to exclude, under Fed. R. Evid. 401 (relevance) and 702 (expert testimony),

Defendants' patent practice/procedure expert Mr. Sofocleous' testimony concerning Defendants' "infectious" inequitable conduct claims because they had been dismissed. [Dkt. 406 at p. 9]. Plaintiffs *never* moved to exclude Defendants' "infectious" inequitable conduct evidence under Rule 404(b), notwithstanding that Plaintiffs already had knowledge of Defendants' intention to offer such evidence.

In opposing Motion *in Limine* No. 7, Defendants explicitly stated that it was appropriate for Mr. Sofocleous to testify about inventor Bishop's misrepresentations/omissions in the prosecution of the ancestral applications under Rule 404(b) to assist the Court in determining the "intent to deceive" element of inequitable conduct [Dkt. 456 at p. 14]. Plaintiffs *never* moved to file a reply in support of their Motion *in Limine* No. 7 to address or preclude Defendants' Rule 404(b) ancestral prosecution evidence.

In ruling on Plaintiffs' Motion *in Limine* No. 7 by identifying the scope of testimony permissible from Mr. Sofocleous, the Court included footnote 10 [Dkt. 521 at p. 26], the interpretation of which is disputed by the parties. Since Plaintiffs *never* moved to preclude Defendants' proposed Rule 404(b) evidence, it would be improper to interpret footnote 10 to preclude such evidence. Such relief would be well beyond the scope of relief Plaintiffs requested in their Motion *in Limine*. However, footnote 10 should be amended or clarified to state that it does not preclude Defendants' ancestral prosecution evidence under Rule 404(b).

Plaintiffs have not cited any authority for their argument that an "infectious" inequitable conduct claim is required before such "infectious" evidence can be used under Rule 404(b) [Dkt. 533, Reply at ¶¶ 3-4], because there is no such requirement. The Court's dismissal of Defendants' "infectious" inequitable conduct claims did not rule upon Defendants' proposed Rule 404(b) ancestral prosecution evidence [Dkt. 533, Reply at ¶ 3] because the issue was not

presented by Plaintiffs in their motion to dismiss, and because the requirements for both are different. As explained in Defendants' Response to Plaintiffs' Rule 404(b) Statement [Dkt. 532], Defendants' ancestral prosecution evidence meets the requirements of admissibility under Rule 404(b) to show inventor Bishop's "**motive**, opportunity, **intent**, preparation, **plan**, knowledge, identity, or **absence of mistake or accident**" in connection with the prosecution of the application which issued as the '116 patent.[3]

**B. *Semiconductor v. Samsung* is relevant and on point because it allows Rule 404(b) ancestral prosecution evidence to show the "intent" element of inequitable conduct regarding a later patent in the ancestral chain.**

Plaintiffs also mischaracterize *Semiconductor I* by stating that it involved "infectious" inequitable conduct. [Dkt. 533, Reply at ¶ 4]. The *Semiconductor I* court *explicitly* stated that ancestral prosecution evidence is relevant under Rule 404(b) and that it was *not* relying on such evidence by itself, *i.e.,* "infectious" inequitable conduct, to find the '636 patent-in-suit unenforceable:

> Thus, Samsung invites the Court to hold that inequitable conduct during SEL's [Semiconductor's] prosecution of the [ancestral] '132 patent application necessarily renders unenforceable all the claims of the '636 patent.
>
> * * * *
>
> In the final analysis, however, this issue need not be reached, as SEL's inequitable conduct during its prosecution of the '636 patent application is sufficient to render the claims of the '636 patent unenforceable. Nevertheless, given the close relationship between the '636 and the '132 patents, **any inequitable conduct by SEL during its prosecution of the '132 is still relevant to show plan,**

3 *Sanofi Synthelabo v. Apotex Inc.*, 470 F.3d 1368, 1381 (Fed. Cir. 2007) and *In re Oxycontin Antitrust Litigation,* 530 F. Supp. 2d 554, 563 (S.D.N.Y. 2008), cited by Plaintiffs, do not support dismissing Defendants' proposed Rule 404(b) evidence [Dkt. 533, Reply at p. 2, n. 2], because neither of those cases involved ancestral prosecution evidence to show "intent," and neither had the developed factual record which Defendants have discussed [Dkt. 532] and will prove.

> **motive, intent and pattern and practice under Rules 402, 403, & 404(b), Fed.R.Evid**. (Emphasis added, footnotes omitted).

*Semiconductor I*, 4 F. Supp. 2d at 486-487. *Semiconductor I* further reiterated the difference between "infectious" inequitable conduct and ancestral prosecution evidence under Rule 404(b) concerning the "intent" element:

> **It is worth emphasizing the distinction drawn here** between **[1]** relying on inequitable conduct relating to the '132 patent as an independent basis for holding the '636 patent unenforceable, which is not the course followed here, and **[2]** relying on inequitable conduct relating to the '132 patent as evidence that may aid in the determination of SEL's intent with respect to conduct relating to the prosecution of the '636 patent application. **The latter course is followed here.**

*Id.* at 487, n. 16 (brackets and bolding added). Although *Semiconductor I* found the conduct in prosecuting the '636 patent "sufficiently culpable to warrant a finding of intent to deceive" (*id.* at 494), the court emphasized and reiterated the '132 ancestral patent prosecution history (*id.* at 496) to conclude that the record, as a whole, demonstrated Semiconductor's intent to deceive:

> The record, as a whole, simply contains too many instances of information withheld, and references mischaracterized, to reach any conclusion other than that the withholding and mischaracterizations were part of an intentional, not accidental or inadvertent, plan to mislead the PTO.
>
> * * * *
>
> Consideration of SEL's conduct in connection with the prosecution of the '132 patent only bolster this conclusion [of intent to deceive the PTO in prosecuting the '636 patent].

*Id., see also* Defendants' Response to Plaintiffs' Rule 404(b) Statement at p. 7 [Dkt. 532].

Semiconductor unsuccessfully moved for reconsideration. *Semiconductor Energy Lab., Co., Ltd. v. Samsung Elec. Co. Ltd.*, 24 F. Supp. 2d 537, 545 (E.D. Va. 1998) ("*Semiconductor II*"). In *Semiconductor II*, the court clarified that in *Semiconductor I,* the ancestral prosecution

evidence was used under Rule 404(b), but on reconsideration, the court also held such evidence forms an additional basis to find the '636 patent unenforceable due to "infectious" inequitable conduct:

> **The inequitable conduct associated with the prosecution of the '132 patent was previously treated only as Rule 404(b) evidence. *See SEL,* 4 F.Supp.2d at 487, n. 16 and accompanying text.** Under the principles elucidated here, inequitable conduct in the course of the prosecution of the '132 patent constitutes an additional basis on which the '636 patent is unenforceable.

*Id.* at 544, n. 23 (bold type added); *see also id.* at 545.[4]

On appeal, there was no need for the Federal Circuit to address "infectious" inequitable conduct because it affirmed the unenforceability of the patent-in-suit based on Semiconductor's misrepresentations of a reference to the PTO. *Semiconductor III,* 204 F.3d at 1378. However, the Federal Circuit noted that the district court cited, *inter alia,* the prosecution misconduct concerning the ancestral '132 patent as demonstrating Semiconductor's deceitful intent and found "the record as a whole reflects a clear pattern and practice of initial disclosure, followed by incremental disclosure only when compelled by the circumstances to do so, followed, at times, by mischaracterization," and "no clear error in the district court's finding with respect to materiality and intent." *Id.* at 1376, 1378. Thus, the Federal Circuit pointedly affirmed the district court's evidentiary reliance upon Rule 404(b) evidence, and *Semiconductor I* therefore remains good authority and on point, and, importantly, it is persuasive, binding authority.

Defendants submit that their proposed Rule 404(b) ancestral prosecution evidence in support of their remaining inequitable conduct claims "F" and "G" will not "vitiate" footnote 10

---

4 In *Semiconductor II,* the court found the patent-in-suit unenforceable on additional grounds of "infectious" inequitable conduct relating to the '132 patent, as well as two intervening patent applications in the ancestral chain. 24 F. Supp. 2d at 545.

or any other Order of the Court and, therefore, Defendants should be permitted to present such testimony as it is relevant to a disputed factual issue, and its probative value is not outweighed by any alleged prejudice.[5]

## III. CONCLUSION

Accordingly, Defendants respectfully submit that their proposed Rule 404(b) ancestral prosecution evidence in support of their remaining inequitable conduct claims "F" and "G" is admissible and will not "vitiate" footnote 10 or any other Order of the Court. Defendants further request that footnote 10 of the Court's October 1, 2010 Order [Dkt. 521] be amended to clarify that it does not preclude Defendants' proposed Rule 404(b) evidence.

Dated: October 15, 2010

Respectfully submitted,

By /s/ Mona Gupta

Robert S. Silver
Robert W. Stevenson *Ill. Reg. No. 6195238*
Bruce J. Chasan
Mona Gupta
CAESAR, RIVISE, BERNSTEIN,
COHEN & POKOTILOW, LTD.
1635 Market Street, 11th Floor
Philadelphia, PA 19103
Telephone: (215) 567-2010
Facsimile: (215) 741-1142
*rssilver@crbcp.com*
*rstevenson@crbcp.com*
*bjchasan@crbcp.com*
*mgupta@crbcp.com*

5 Plaintiffs assert that that the proposed Rule 404(b) evidence is solely prohibited "propensity" evidence. [Dkt. 533, Reply at ¶ 3]. Their Reply, however, nowhere attempts to rebut the Defendants' factual recitals in their Response [Dkt. 532 at pp. 2-4, 7-8] as to why it is admissible to show motive, intent, plan and/or absence of mistake or accident, which are all garden-variety reasons for admitting Rule 404(b) evidence.

Robert B. Breisblatt
Katten Muchin Rosenman LLP
525 W. Monroe Street | Chicago, IL 60661
Telephone: (312) 902-5480
Facsimile: (312) 577-8792
Robert.Breisblatt@kattenlaw.com

*Attorneys for Defendants Pentech Pharmaceuticals, Inc. and Cobrek Pharmaceuticals, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of October 2010, a true and correct copy of the foregoing **DEFENDANTS' REPSONSE TO PLAINTIFFS' REPLY IN SUPPORT OF THEIR POSITION ON DEFENDANTS' USE OF EVIDENCE CONCERNING DISMISSED INEQUITABLE CHARGES UNDER FED.R.EVID. 404(b)** was ECF filed with the Court and sent via electronic mail to:

Oscar Alcantara, Esq.
Goldberg Kohn Et Al.
55 East Monroe, Suite 3300
Chicago, IL 60603
*oscar.altantara@goldbergkohn.com*

and

Scott K. Reed, Esq.
Filko Prugo, Esq.
Donald J. Curry
Christopher E. Loh
Fitzpatrick, Cella, Harper & Scinto
1290 Avenue of the Americas
New York, NY 10104-3800
*sreed@fchs.com*
*fprugo@fchs.com*
*dcurry@fchs.com*
*cloh@fchs.com*

/s/ Mona Gupta